UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-24734-GAYLES

BRIGHTLINE TRAINS FLORIDA, INC.,

    Plaintiff,
v.

NATIONAL MEDIATION BOARD,

    Defendant.
_____/

**DEFENDANT'S ANSWER**

Defendant, National Mediation Board (Defendant or NMB), by and through the undersigned Assistant United States Attorney, hereby responds to the numbered paragraphs of Plaintiff's Complaint for Review of National Mediation Board's Determination and for Declaratory Relief [D.E. 1] (Complaint) as follows:[1]

The paragraph before the first numbered paragraph in the Complaint constitutes Plaintiff's statement of the case to which no response is required. To the extent a response is required, NMB admits that a true and correct copy of its Findings Upon Investigation – Authorization of Election (Findings) dated November 12, 2024, is attached to the Complaint as Exhibit A. Any remaining factual allegations contained in this unnumbered paragraph are denied.

---

[1] NMB follows Plaintiff's numbering and headings from the Complaint. The numbering and headings do not constitute allegations to which a response is required. To the extent a response is required, NMB denies any allegations contained in the numbering and headings.

1

## INTRODUCTION

1. Defendant admits that Plaintiff, Brightline Trains Florida, Inc. (Plaintiff),[2] is privately owned and operated and provides intercity passenger rail service between Miami and Orlando, Florida. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 1 and therefore denies any remaining allegations.

2. Defendant admits that the Surface Transportation Board (STB) issued a decision in 2012 determining that Brightline is not subject to STB jurisdiction and that a true and correct copy of the decision dated December 21, 2012, is attached to the Complaint as Exhibit B. Defendant denies the remaining allegations contained in paragraph 2.

3. Defendant admits that through this lawsuit Plaintiff seeks to challenge the NMB's determination that Plaintiff is subject to the Railway Labor Act (RLA) and is therefore subject to the NMB's jurisdiction. Defendant denies the remaining allegations contained in paragraph 3.

4. Defendant admits that the RLA was first enacted in 1926, the STB replaced the Interstate Commerce Commission, and 45 U.S.C. § 151 of the RLA provides that the term "carrier":

> includes any railroad subject to the jurisdiction of the Surface Transportation Board , any express company that would have been subject to subtitle IV of Title 49, as of December 31, 1995,[] and any company which is directly or indirectly owned or controlled by or under common control with any carrier by railroad and which operates any equipment or facilities or performs any service (other than trucking service) in

---

[2] The Complaint refers to Plaintiff as "Brightline Florida." Prior to 2012, Plaintiff operated under the name All Aboard Florida. For ease of reference, as used in this Answer "Plaintiff" encompasses all names Plaintiff operated under.

> connection with the transportation, receipt, delivery, elevation, transfer in transit, refrigeration or icing, storage, and handling of property transported by railroad, and any receiver, trustee, or other individual or body, judicial or otherwise, when in the possession of the business of any such "carrier": Provided, however, That the term "carrier" shall not include any street, interurban, or suburban electric railway, unless such railway is operating as a part of a general steam-railroad system of transportation, but shall not exclude any part of the general steam-railroad system of transportation now or hereafter operated by any other motive power. The Surface Transportation Board is authorized and directed upon request of the Mediation Board or upon complaint of any party interested to determine after hearing whether any line operated by electric power falls within the terms of this proviso. The term "carrier" shall not include any company by reason of its being engaged in the mining of coal, the supplying of coal to a carrier where delivery is not beyond the mine tipple, and the operation of equipment or facilities therefor, or in any of such activities.

45 U.S.C. § 151 (footnote omitted). Defendant clarifies that the RLA identifies the following express purposes for the statute:

> The purposes of the chapter are: (1) To avoid any interruption to commerce or to the operation of any carrier engaged therein; (2) to forbid any limitation upon freedom of association among employees or any denial, as a condition of employment or otherwise, of the right of employees to join a labor organization; (3) to provide for the complete independence of carriers and of employees in the matter of self-organization to carry out the purposes of this chapter; (4) to provide for the prompt and orderly settlement of all disputes concerning rates of pay, rules, or working conditions; (5) to provide for the prompt and orderly settlement of all disputes growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions.

45 U.S.C. § 151a. Defendant denies the remaining allegations contained in paragraph 4.

5. Admit.

6. Defendant admits that Plaintiff alleges what it argued in response to the application filed by the Transport Workers Union of America (TWU). To the extent paragraph 6 contains any allegations beyond what Brightline argued, those allegations are denied.

3

7. Defendant admits that the NMB issued the Findings, and that in the Findings, the NMB determined that Plaintiff is subject to the RLA by operation of 49 U.S.C. § 22905(b). A copy of the Findings is attached to the Complaint as Exhibit A. Defendant denies the remaining allegations contained in paragraph 7.

8. Deny.

9. Paragraph 9 contains Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

## PARTIES

10. Admit.

11. Admit.

## JURISDICTION AND VENUE

12. Paragraph 12 constitutes a legal conclusion as to the jurisdiction of this Court to which no response is required. To the extent a response is required, Defendant admits that it is not contesting jurisdiction at this time but does not waive any argument that may exist or arise as to jurisdiction in this case.

13. Paragraph 13 constitutes a legal conclusion as to the jurisdiction of this Court to which no response is required. To the extent a response is required, Defendant admits that it is not contesting jurisdiction at this time but does not waive any argument that may exist or arise as to jurisdiction in this case.

14. Defendant admits that on January 15, 2025, the NMB issued a Certification in which it "certifie[d] that the Transport Workers Union of America (TWU) has been duly designated and authorized to represent for the purposes of the

RLA, as amended, the craft or class of On Board Service Employees, employees of Brightline Trains Florida, LLC, its successors and assigns," and that this Certification constitutes final agency action.

15. Admit.

16. Admit.

## RELEVANT STATUTORY PROVISIONS

### *The ICC Termination Act*
### *49 U.S.C. § 10101 et seq.*

17. Defendant admits that the ICC Termination Act of 1995 (ICCTA) abolished the Interstate Commerce Commission and established the STB. The remaining allegations contained in paragraph 17 constitute Plaintiff's interpretation of the ICCTA and congressional intent in passing the same to which no response is required. To the extent a response is required, Defendant denies any remaining allegations not supported by the express text of the ICCTA.

18. Defendant admits that paragraph 18 quotes a portion of 49 U.S.C. § 10501(a)(1), but the quotation is not complete.

19. Defendant admits that paragraph 19 accurately quotes 49 U.S.C. § 10102(5).

20. Defendant admits that 49 U.S.C. § 10501(a)(2) includes express restrictions upon the jurisdiction provided to the STB under 49 U.S.C. § 10501(1) and that Plaintiff accurately quotes one of those restrictions. The remaining allegations contained in paragraph 20 constitute Plaintiff's interpretation of the ICCTA to which no response is required. To the extent a response is required, Defendant denies any remaining allegations not supported by the express text of the ICCTA.

*Railway Labor Act*
*45 U.S.C. § 151 et seq.*

21.     Paragraph 21 constitutes Plaintiff's interpretation of the RLA to which no response is required.  To the extent a response is required, Defendant refers to the text of the RLA, including 45 U.S.C. § 151a, which is included in full above in paragraph 4, and denies any allegations not supported by the express text of the RLA.

22.     Defendant admits that 45 U.S.C. § 152 identifies "general duties" under the RLA, and that under the RLA, the NMB has the authority to investigate and resolve disputes and certify elections.  The remaining allegations contained in paragraph 22 constitute Plaintiff's interpretation of the RLA to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations not supported by the express text of the RLA.

23.     Defendant admits that the provisions of the RLA apply to employees and carriers as set forth in 45 U.S.C. § 151.  Defendant clarifies that 49 U.S.C. § 22905(b) extends the coverage of the RLA.

24.     Defendant clarifies there are more than just two alternative statutory criteria for carrier status under the RLA.

25.     Admit.

*Federal Grant Conditions*
*49 U.S.C. § 22905*

26.     Admit.

27.     Admit.

28.     Admit.

29.     Deny.

## FACTUAL BACKGROUND

### *Brightline Florida Seeks STB Authorization*

30. Defendant admits that paragraph 30 constitutes a summary of what Plaintiff petitioned STB for in 2012 and that a copy of the STB Decision dated December 21, 2012 responding to Plaintiff's petition is attached to the Complaint as Exhibit B.

31. Defendant is without sufficient information to admit or deny paragraph 31 and therefore denies the same.

32. In the Decision attached to the Complaint as Exhibit B, STB concluded that "there is nothing in the record to show that [Plaintiff's] proposed construction and intrastate operations would be part of the interstate rail network," and thereafter concluded that, "based on the facts presented here," Plaintiff's proposed construction and operation "would not come within the [STB's] jurisdiction."

33. Defendant admits that the STB granted Plaintiff's motion to dismiss.

34. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 34 and therefore denies the same.

### *CRISI Grant Funding for Boca Raton Passenger Station*

35. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 35 and therefore denies the same.

36. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 36 and therefore denies the same.

37. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 37 and therefore denies the same.

38. Admit.

*National Mediation Board Proceeding*

39. Admit.

40. Defendant admits that paragraph 40 summarizes the arguments made by Plaintiff to the NMB.

41. Defendant admits that paragraph 41 summarizes the arguments made by TWU to the NMB.

42. Admit.

43. Admit.

44. Defendant admits that in the Findings the NMB found that "through the FACT Act, Congress expressly intended to impose obligations on recipients of these grants beyond simply designating them as rail carriers under the ICCTA." Defendant clarifies that the NMB cited the text of § 22905(b), including the title of the subsection, in support of its interpretation.

45. Defendant admits that in the Findings the NMB determined that "no meaningful distinction can be read into" the term "carrier" under the RLA and the term "rail carrier" under the ICCTA. Defendant clarifies that the definition of "carrier" in 45 U.S.C. § 151 applies to rail carriers under the RLA while 45 U.S.C. § 181 extends jurisdiction to carriers by air or air carriers under the RLA.

46. Admit.

47. Admit. Defendant clarifies that the election took place and NMB certified that the TWU has been duly designated and authorized to represent the craft or class of On Board Service Employees of Plaintiff.

## COUNT I – VIOLATION OF THE
## ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. 706(2)(C))

48. Defendant incorporates by reference the responses to the allegations set forth in paragraph 1-47 above in response to paragraph 48, which realleges and incorporates those same allegations.

49. Deny.

50. Defendant admits that STB jurisdiction is defined by reading 49 U.S.C. § 10102 and 49 U.S.C. § 10501 together but refers to the full text of both statutes to define that jurisdiction.

51. Defendant admits that, in 2012, the STB issued a decision that Plaintiff's proposed construction and operation "would not come within the [STB's] jurisdiction." The STB expressly stated that its decision was based on facts then available to it. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 51 and therefore denies the remaining allegations.

52. Deny.

53. Deny.

54. Defendant admits that Plaintiff quotes a portion of 49 U.S.C. § 22905(b). Defendant refers to the entire text of the statute.

55. Deny.

56. Defendant admits that in the Findings the NMB determined that "no meaningful distinction can be read into" the term "carrier" under the RLA and the term "rail carrier" under the ICCTA. Defendant clarifies that the definition of "carrier" in 45 U.S.C. § 151 applies to rail carriers under the RLA while 45 U.S.C. § 181 extends jurisdiction to carriers by air or air carriers under the RLA.

57. Defendant admits that in the Findings the NMB determined that "no meaningful distinction can be read into" the term "carrier" under the RLA and the term "rail carrier" under the ICCTA. Defendant clarifies that the definition of "carrier" in 45 U.S.C. § 151 applies to rail carriers under the RLA while 45 U.S.C. § 181 extends jurisdictions to carriers by air or air carriers under the RLA.

58. Deny and clarify that STB jurisdiction is not a "prerequisite" to the application of the RLA.

59. Admit.

60. Deny.

61. Paragraph 61 contains Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

**COUNT II – DECLARATION THAT BRIGHTLINE FLORIDA
IS NOT SUBJECT TO THE RAILWAY LABOR ACT
PURSUANT TO THE DECLARATORY JUDGMENT ACT (28 U.S.C. § 2201)**

62. Defendant incorporates by reference the responses to the allegations set forth in paragraph 1-47 above in response to paragraph 62, which realleges and incorporates those same allegations.

63. Defendant admits that, in 2012, the STB issued a decision that Plaintiff's proposed construction and operation "would not come within the [STB's] jurisdiction." The STB expressly stated that its decision was based on facts then available to it.

64. Defendant clarifies that the NMB concluded that Plaintiff is subject to the RLA under 49 U.S.C. § 22905(b).

65. Deny.

66. Admit.

67. Paragraph 67 contains Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

The REQUEST FOR RELIEF clause after paragraph 67 contains a prayer for relief and conclusions of law that do not require a response. To the extent a response is required, Defendant denies Plaintiff is entitled to the relief requested.

All allegations in the Complaint that are not specifically admitted or denied are denied.

    Respectfully submitted,

    HAYDEN P. O'BYRNE
    UNITED STATES ATTORNEY

    **Anthony Erickson-Pogorzelski**
    ANTHONY ERICKSON-POGORZELSKI
    ASSISTANT U.S. ATTORNEY
    99 N.E. 4th Street, 3rd Floor
    Miami, Florida 33132
    Tel: (305) 961-9296
    Fla. Bar 619884
    Email: anthony.pogorzelski@usdoj.gov