# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Miami Division

| | |
|---|---|
| BRIGHTLINE TRAINS FLORIDA LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL MEDIATION BOARD,<br><br>　　　　　　　　　　Defendant. | Case No. 1:24-CV-24734-DPG |

## BRIGHTLINE TRAINS FLORIDA LLC'S MEMORANDUM IN PARTIAL OPPOSITION TO TRANSPORT WORKERS UNION OF AMERICA'S MOTION TO INTERVENE

Lawrence D. Silverman (Fla. Bar No. 7160)
Sidley Austin LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
(305) 391-5100
(305) 391-5101 (facsimile)
lawrence.silverman@sidley.com

Terence M. Hynes
Raymond A. Atkins
Ellen Crisham Pellegrini
Sidley Austin LLP
1501 K Street NW
Washington, DC 20005
(202) 736-8000
(202) 736-8711 (facsimile)
thynes@sidley.com
ratkins@sidley.com
epellegrini@sidley.com

*Counsel for Plaintiff Brightline Trains Florida LLC*

## INTRODUCTION

The Court should grant in part and deny in part Transport Workers Union of America, AFL-CIO's ("TWU's") motion to intervene. While TWU can appropriately participate here as an intervenor-defendant, it cannot expand the scope of the underlying proceeding by asserting its counterclaim. And the counterclaim is now duplicative of TWU's claim alleged in a separate suit that has now been consolidated with this case.

In this case, Brightline Trains Florida LLC ("Brightline Florida") seeks judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, of a decision by the National Mediation Board ("NMB"), an independent federal agency. Specifically, Brightline Florida challenges the NMB's determination that Brightline Florida is subject to the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*, and, consequently, subject to the NMB's jurisdiction and its corresponding authority to authorize a union election. *See* ECF No. 1, Compl. Ex. A, *Brightline Trains Fla. LLC*, 52 NMB No. 9, 44 (Nov. 12, 2024) ("November 12 Order"). When considering such a challenge to agency action under the APA, this Court sits in an appellate posture and its role is limited to reviewing the administrative record and determining if the agency action complies with the applicable APA standard of review.

On January 15, 2025, the NMB certified that TWU had been duly designated and authorized to represent the On Board Service Employees of Brightline Florida. Since then, the parties have commenced the collective bargaining process.

TWU seeks to intervene in this case in two capacities: (1) as an intervenor-defendant to represent the interests of its putative new members—Brightline Florida's On Board Service Employees—by defending the NMB's jurisdictional determination and (2) as a counterclaim-plaintiff to assert a new claim against Brightline Florida alleging that it is in violation of its collective-bargaining obligations under the RLA. *See* ECF No. 28.

Brightline Florida does not object to TWU's intervention as a defendant for the purpose of defending the NMB's action that is the subject of this case. However, TWU's counterclaim is improper because it would expand this proceeding from one of limited judicial review on a question of law to an entirely separate litigation between two private parties concerning new questions of law and issues of fact not considered or decided by the agency below. While Brightline Florida's APA challenge focuses on the agency's jurisdictional determination as stated in the NMB's November 12 Order, TWU's proposed counterclaim presents the question whether Brightline Florida may lawfully maintain this suit while it engages in collective bargaining with TWU. The facts underlying TWU's counterclaim post-date the November 12 Order, and TWU's claim is premised entirely on a provision of the RLA (45 U.S.C. § 152, First) that the NMB neither interpreted nor applied in the proceeding below—and which would not apply to Brightline Florida if it prevails on its complaint in this case.

TWU will suffer no prejudice from a denial of its request to file the proposed counterclaim because it is already pursuing the identical claim in a separate proceeding in this judicial district (which has been consolidated with the instant case). Accordingly, the Court should grant TWU's request to intervene as a defendant in this matter but deny TWU's request to file a counterclaim beyond the scope of this judicial review action.

## BACKGROUND

The RLA governs labor relations in the railroad and airline industries. The NMB is assigned certain enumerated functions under the RLA, including investigating and resolving disputes regarding the representation of a carrier's employees for purposes of collective bargaining and, following an election by secret ballot, certifying the designated and authorized representatives of the employees. ECF No. 1, Compl. ¶ 22 (citing 45 U.S.C. § 152, Ninth). The NMB's

2


jurisdiction to resolve such representation disputes is statutorily limited to disputes among "employees" of a "carrier," as those terms are defined in the RLA. *Id.* ¶ 23; 45 U.S.C. § 151, First & Fifth.

TWU, a labor union, filed an application with the NMB in August 2024, alleging a dispute over the collective bargaining representative for Brightline Florida's On Board Service Employees (*e.g.*, train attendants, chefs, food specialists, service attendants). ECF No. 1, Compl. ¶ 39; TWU Mot. at 2. TWU asked the NMB to facilitate an election to resolve this dispute. ECF No. 1, Compl. ¶ 39; ECF No. 28, TWU Mot. at 2. Brightline Florida maintained then, and maintains now, that the NMB lacked jurisdiction to order Brightline Florida to engage in a representation election because Brightline is not a "carrier" subject to the RLA. That dispute constituted the sole issue in the proceeding before the NMB. *See* ECF No. 1, Compl. ¶¶ 30–38, 40–41, 43.

In November 2024, the NMB found that Brightline Florida "is a carrier subject to the RLA," and "authorize[d] an election" to resolve the labor representation dispute concerning Brightline Florida's On Board Service Employees. ECF No. 1-3, Compl. Ex. A, *Brightline Trains Fla. LLC*, 52 NMB No. 9, 44 (Nov. 12, 2024) ("November 12 Order"); *see* ECF No. 28, TWU Mot. at 2–3. Brightline Florida thus brought this limited action seeking judicial review of the NMB's November 12 Order. Brightline Florida requests that the Court "hold unlawful and set aside" the November 12 Order because the NMB acted "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right" when it determined Brightline Florida was subject to the RLA. 5 U.S.C. § 706(2)(C). Brightline Florida also seeks entry of a judgment under the Declaratory Judgment Act, 5 U.S.C. §§ 2201–2202, declaring that Brightline Florida is not subject to the RLA.

TWU now moves to intervene in this case to (1) defend the NMB's November 12 Order and (2) assert a counterclaim against Brightline Florida alleging that its pursuit of judicial review under the APA is a violation of its obligation under the RLA to engage in collective bargaining. At the same time, TWU filed a separate complaint against Brightline Florida, *see Transport Workers Union of Am., AFL-CIO v. Brightline Trains Florida, LLC*, No. 1:25-cv-20863-JEM (S.D. Fla.), asserting a claim identical to the proposed counterclaim here. TWU filed, and the Court granted, a motion to consolidate *Transport Workers Union*, No. 1:25-cv-20863, with the above-captioned action. *See* ECF Nos. 9, 11, *Transport Workers Union*, No. 1:25-cv-20863. TWU's complaint is available in this case, Docket No. 1:24-cv-24734, at ECF No. 31-1.

## ARGUMENT

Brightline Florida does not object to TWU's request to join this suit as an intervenor-defendant in support of the NMB's November 12 Order. However, TWU's request to enter this suit as a counterclaim-plaintiff is both procedurally improper and unnecessary.

Courts have "broad authority" to prohibit intervenors from "expanding the scope of the proceeding beyond the issues litigated by the original parties." *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). This is the "usual procedural rule"—"an intervenor is admitted to the proceedings as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding." *Id.* (quoting *Vinson v. Wash. Gas Light Co.*, 321 U.S. 489, 498 (1944)). Courts therefore routinely prohibit intervenors from expanding the issues in a case by asserting cross-claims, *see Van Hollen v. Fed. Election Comm'n*, 291 F.R.D. 11, 12–13 (D.D.C. 2013) (collecting cases), or counterclaims as intervenor-plaintiffs, *see Seminole Nation of Okla. v. Norton*, 206 F.R.D. 1, 6–8 (D.D.C. 2001).

This customary rule applies with even greater force in this judicial review action under the APA. When a party "seeks review of agency action under the APA, the district judge sits as an

4

appellate tribunal, and the entire case on review is a question of law." *BBX Cap. Corp. v. FDIC*, No. 17-cv-62317, 2018 WL 6531607, at *4 (S.D. Fla. Nov. 14, 2018) (cleaned up), *aff'd sub nom. BBX Cap. v. FDIC*, 956 F.3d 1304 (11th Cir. 2020); *accord Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). In an APA case, "the district court's role 'is limited to reviewing the administrative record'" under the APA's standard of review. *Rolling Meadow Ranch Groves, LLC v. U.S. Dep't of Agric.*, 682 F. Supp. 3d 1253, 1257 (S.D. Fla. 2023) (quoting *O.A. v. Trump*, 404 F. Supp. 3d 109, 125 (D.D.C. 2019)); 5 U.S.C. § 706. An APA case is thus the equivalent of a direct appeal of agency action in the federal courts of appeals under 28 U.S.C. § 2344, where intervenors "may only argue issues that have been raised by the principal parties; they simply lack standing to expand the scope of the case to matters not addressed by the petitioners in their request for review." *Nat'l Ass'n of Regul. Util. Comm'rs v. I.C.C.*, 41 F.3d 721, 729 (D.C. Cir. 1994).

TWU's counterclaim would impermissibly expand the scope of this proceeding to include factual and legal issues that were not raised before or decided by the NMB. Brightline Florida's APA challenge to the NMB's jurisdictional determination is confined to the administrative record, which consists of the parties' filings on the issue of RLA jurisdiction, the agency's November 12 Order, and documents relating to the agency's certification of the representation election results. TWU's counterclaim is not based on that administrative record, but instead concerns Brightline Florida's alleged actions that post-date the November 12 Order, specifically Brightline Florida's decision to seek judicial review of the November 12 Order while simultaneously engaging in collective bargaining with TWU. *See* ECF No. 28-1 at 16–17 ¶¶ 22–24. TWU's counterclaim requires the interpretation and application of 45 U.S.C. § 152, First, a provision of the RLA that was not at issue in the NMB proceeding or the November 12 Order. *Id.* ¶¶ 19–21. In fact, as TWU

5

freely admits, whether a carrier is meeting its obligation to "exert every reasonable effort" to bargain with employees and settle disputes, 45 U.S.C. § 152, First, *"is outside of the NMB's authority,"* TWU Mot. at 6 (emphasis added). Resolution of TWU's counterclaim would thus require the Court (or a jury) to go beyond the administrative record and consider new questions of fact, thereby enlarging the issues in this case and "compel[ling] an alteration of the nature of the proceeding." *Johnson*, 263 F.3d at 1269; *cf. Seminole Nation of Okla.*, 206 F.R.D. at 8 (rejecting "attempts to expand the scope of this litigation" and only addressing a motion to intervene "in the narrow framework of the single APA claim currently before the Court"). That is improper.

TWU's counterclaim will also unnecessarily burden and delay the underlying proceeding. To start, the counterclaim is identical to, and thus duplicative of, TWU's claim filed in *Transport Workers Union*, Docket No. 1:25-cv-20863, which has now been consolidated with this action. *See* ECF No. 32. Allowing TWU to pursue full-blown litigation on its counterclaim in connection with the dispute between Brightline Florida and the NBM will "greatly expand[ ] the scope and burden [ ] the case" and cause "delays" in resolution of the APA claim, *Johnson*, 263 F.3d at 1269–70, which can be resolved by dispositive motions on the official agency record, *see St. Johns Riverkeeper, Inc. v. U.S. Army Corps of Eng'rs*, 462 F. Supp. 3d 1256, 1270 n.6 (M.D. Fla. 2020). For this same reason, the Court should exercise its broad authority to manage its own dockets to maintain Brightline Florida's APA challenge and TWU's RLA claim from *Transport Workers Union*, Docket No. 1:25-cv-20863 on separate procedural tracks now that the cases have been consolidated so as to avoid hindering prompt resolution of the APA challenge to the NMB's jurisdictional determination. *See Johnson*, 263 F.3d at 1269 (a district court may prohibit an intervenor from "expand[ing] the scope of a proceeding beyond the issues litigated by the original parties" especially when doing so would "alter pre-trial deadlines" and result in taking "discovery on an

6

issue not litigated by the original parties"). Brightline Florida intends to submit a proposed schedule addressing these issues as soon as practicable and in consultation with the counterparties.

## CONCLUSION

For these reasons, the Court permits TWU to intervene as a defendant to defend the NMB's November 12 Order, but prohibits TWU from filing and pursuing its proposed counterclaim against Brightline Florida.

## COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

Counsel for TWU filed the Motion to Intervene before the undersigned were able to confer with Brightline Florida and respond.  Counsel for Brightline Florida reached out to Counsel for TWU prior to filing this Memorandum In Partial Opposition in an effort to narrow the scope of the Motion to Intervene.  Counsel for Brightline Florida is authorized to represent that Counsel for TWU takes no position on Brightline Florida's opposition to TWU's proposed counterclaim at this time.

March 14, 2025                               Respectfully submitted,

                                             /s/ Lawrence D. Silverman
                                             Lawrence D. Silverman (Fla. Bar No. 7160)
                                             Sidley Austin LLP
                                             1001 Brickell Bay Drive, Suite 900
                                             Miami, FL 33131
                                             (305) 391-5100
                                             (305) 391-5101 (facsimile)
                                             lawrence.silverman@sidley.com

                                             Terence M. Hynes
                                             Raymond A. Atkins
                                             Ellen Crisham Pellegrini
                                             Sidley Austin LLP
                                             1501 K Street NW
                                             Washington, DC 20005
                                             (202) 736-8000
                                             (202) 736-8711 (facsimile)
                                             thynes@sidley.com
                                             ratkins@sidley.com
                                             epellegrini@sidley.com


                                             *Counsel for Brightline Trains Florida LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 14th day of March 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document was served, by the Court's electronic filing system, to all counsel of record.

                                         /s/ Lawrence D. Silverman
                                         Lawrence D. Silverman (Fla. Bar No. 7160)