IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:24-cv-24734-GAYLES

| | |
|---|---|
| **BRIGHTLINE TRAINS FLORIDA LLC,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| **NATIONAL MEDIATION BOARD,** | ) ) |
| Defendant. | ) ) ) |

**TRANSPORT WORKERS UNION OF AMERICA'S REPLY TO BRIGHTLINE TRAINS FLORIDA'S PARTIAL OPPOSITION TO TWU'S MOTION TO INTERVENE AND MEMORANDUM OF LAW IN SUPPORT**

Brightline Trains Florida, LLC ("Brightline FL," "Brightline Florida," or "Company") has partially opposed the motion of the Transport Workers Union of America, AFL-CIO ("TWU" or "Union") to intervene as a defendant in the above-captioned case as a matter of right under FRCP 24(a) or, in the alternative, permissively under FRCP 24(b). ECF No. 34. Brightline Florida does not oppose TWU's intervention but opposes TWU's assertion of its counterclaim. The Company argues that the counterclaim would improperly expand the instant case by bringing into the litigation issues that were not raised before, or decided by, the National Mediation Board ("NMB") in certifying TWU as the representative for collective bargaining of the Company's On-Board Service Employees. Brightline Florida notes that the counterclaim is identical to the complaint filed by TWU in *Transport Workers Union of America, AFL-CIO v. Brightline Trains Florida, LLC,* No. 1:25-cv-20863, which has now been consolidated with the above-captioned case. ECF

1

No. 32. Brightline contends that TWU's complaint should proceed on a separate procedural track so as not to encumber or delay the handling of the instant case.

TWU appreciates that Brightline FL does not oppose the Union's intervention. TWU also has no desire to delay or hamper processing of the instant case. But TWU rejects Brightline FL's description of TWU's complaint and proposed counterclaim, as well as the Company's characterization of the impact of litigating the issue raised by TWU in its complaint and proposed counterclaim along with the issue raised by Brightline FL in its complaint. TWU submits that its filing of a proposed counterclaim is consistent with the requirement of Fed. R. Civ. P. 24 (c) that a proposed intervenor submit a pleading along with its motion to intervene. TWU is also ready to work with the parties and the Court to develop a schedule for efficient handling of the litigation.

> 1. **Brightline FL Has Not Correctly Described The Issue Raised By TWU's Complaint And Proposed Counterclaim, Which Are Directly Related to and Intertwined with the Issues in the Company's Complaint.**

Brightline FL asserts that the "proposed counterclaim presents the question whether Brightline FL may lawfully maintain this suit while it engages in collective bargaining with TWU," that the facts underlying the proposed counterclaim post-date the NMB's orders, that the proposed counterclaim involves a provision of the RLA not addressed by the NMB that the NMB did not interpret or apply, and that inclusion of TWU's proposed counterclaim would improperly expand the scope of this litigation. ECF No. 34, Partial Opposition Brief at 2. Brightline FL further asserts that resolution of the proposed counterclaim would require a judge or a jury to go beyond the record at the NMB and consider new questions of fact (TWU did not request a jury trial and does not assert a right to one), and that the proposed counterclaim would "unnecessarily burden and delay the underlying proceeding." *Id*. at 6.

But the Company has not correctly described TWU's proposed counterclaim and complaint. TWU's proposed counterclaim and complaint do not challenge Brightline FL's conduct in bargaining. Rather, TWU asserts that the Company cannot comply with the Railway Labor Act ("RLA") Section 2 First (45 U.S.C. §152 First) duty to exert every reasonable effort to make an agreement with TWU when the Company denies that it is even covered by the RLA. *See* proposed counterclaim ¶¶ 22-24, and complaint in Case No. 1:25-cv-20863 ¶¶ 22-24. TWU does not seek to inject into this case facts that post-date the NMB's decision other than Brightline FL's challenge to the NMB's decisions and TWU's invocation of RLA bargaining as the certified representative of Brightline FL's On-Board Service Employees, which, TWU contends, triggered Brightline FL's duty under RLA Section 2 First. Resolution of TWU's proposed counterclaim and complaint will not require examination of the parties' positions in bargaining or conduct of bargaining. Accordingly, the issue in TWU's proposed counterclaim and complaint is directly related to the issue in Brightline Florida's complaint—whether Brightline FL is covered by the RLA and must therefore comply with the mandates of the RLA.

TWU contends that Brightline FL is covered by the RLA, so the Company's position that it is not covered by the RLA renders it impossible for the Company to exert every reasonable effort to make an agreement as required by RLA Section 2 First; and the Company is in violation of Section 2 First. Brightline FL itself has argued that Section 2 First "would not apply to Brightline Florida if it prevails on its complaint in this case." ECF No. 34, Partial Opposition at 2. Accordingly, the causes of action of the Brightline FL and TWU are not only directly related, they are intertwined.

Indeed, TWU's cause of action would likely be considered a compulsory counterclaim to Brightline FL's complaint. Fed. R. Civ. P. 13(a) provides:

3

> (1) In General. A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
>
>> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>>
>> (B) does not require adding another party over whom the court cannot acquire jurisdiction.
>
> (2) Exceptions. The pleader need not state the claim if:
>> (A) when the action was commenced, the claim was the subject of another pending action; or
>>
>> (B) the opposing party sued on its claim by attachment or other process that did not establish personal jurisdiction over the pleader on that claim, and the pleader does not assert any counterclaim under this rule.

"The Eleventh Circuit employs the 'logical relationship' test to determine whether a counterclaim meets Rule 13(a)'s requirement." *Garcia v. Nachon Enters., Inc.*, Case No. 15-23416-CIV-GAYLES, 2016 BL 84358, at *2 (S.D. Fla. Mar. 18, 2016). "Under this test, a counterclaim is compulsory when (1) the same aggregate of operative facts serves as the basis for both claims; or (2) the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant." *Id*. (citing *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1381 (11th Cir. 1991)). The "logical relationship test is a loose standard which permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits" and the "hallmark of this approach is its flexibility." *Miami Herald Publishing Co. v. Ferre*, 636 F. Supp. 970, 973 (S.D. Fla. 1985).

In *John Alden Life Ins. Co. v. Cavendes*, 591 F. Supp. 362, (S.D. Fla. 1984), this Court observed that "[i]n the seminal case on compulsory counterclaims . . . the Supreme Court defined the term 'transaction' as used in the Rule," explaining that it "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their

logical relationship . . .That they are not precisely identical, or that the counterclaim embraces additional allegations. . . does not matter" because to "hold otherwise would be to rob this branch of the rule of all serviceable meaning, since the facts relied upon by the plaintiff rarely, if ever, are in all particulars the same as those constituting the defendant's counterclaim." *Id*. at 366 (citing *Moore v. New York Cotton Exchange*, 270 U.S. 593 (1926)).[1]

Applying these standards, and in light of the overlap of the issues involved, TWU's counterclaim should be allowed.

### 2. The Decisions Cited By Brightline FL Are Extreme And Easily Distinguishable.

While Brightline FL has characterized the decisions it has cited as supporting a routinely applied standard that supports barring TWU's proposed counterclaim, the Company has cherry picked a few cases that involved extreme situations of intervenors delaying cases or seeking to bring wildly complex unrelated issues into an ongoing lawsuit. The cases Brightline FL has cited are easily distinguishable from this case—where RLA status as a "carrier" and NMB jurisdiction is inherently intertwined with the Company's obligation to comply with its bargaining obligations under the RLA.

In *Johnson v. Board of Regents of the University of Georgia*, 263 F.3d 1234, 1268-69 (11th Cir. 2001), "with discovery underway and the parties proceeding toward summary judgment motions" the intervenors "moved for a 'special case management scheduling order' or alternatively

---

[1] The Rule 13(a)(2) exceptions do not appear to apply here. In *Union Paving Co. v. Downer Corp.*, 276 F.2d 468 (9th Cir. 1960), which is cited in the Advisory Committee Notes to Rule 13, the Ninth Circuit Court of Appeals stated: "The purpose of this exception is seemingly to prevent one party from compelling another to try his cause of action in a court not of the latter's choosing when the same cause of action is already the subject of pending litigation in another forum, one which was probably chosen by the owner of the cause of action concerned." *Id*. at 470. Stated simply, "[t]he exception enables a party to escape the waiver rule if he has already begun his action in another forum of his own choosing." *Id*.

5

a three month extension of discovery . . . to alter pre-trial deadlines and take additional discovery on an issue not litigated by the original parties" in a motion that "was vigorously opposed by both the Plaintiffs and the Defendants."

The Rule 13(a)(2) exceptions do not appear to apply here. In *Union Paving Co. v. Downer Corp.*, 276 F.2d 468 (9th Cir. 1960), which is cited in the Advisory Committee Notes to Rule 13, the Ninth Circuit Court of Appeals stated: "The purpose of this exception is seemingly to prevent one party from compelling another to try his cause of action in a court not of the latter's choosing when the same cause of action is already the subject of pending litigation in another forum, one which was probably chosen by the owner of the cause of action concerned." *Id*. at 470. Stated simply, "[t]he exception enables a party to escape the waiver rule if he has already begun his action in another forum of his own choosing." *Id.*

*Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 491 & 498 (1944), involved the World Word II era Director of Economic Stabilization attempting to intervene in a rate regulation case under the Emergency Price Control Act of 1942 where a significant element of the court's analysis focused on how it was "not clear that this language [in the statute] confers a right of intervention."

In *Van Hollen v. Fed. Election Commission*, 291 F.R.D. 11, 13 (D.D.C. 2013), "the intervenor-defendant [moved], after the entry of summary judgment in this case and after the appeal, to supplement its pleading to make reference to events that transpired not only after the entry of judgment but after the appeal, and to raise claims whose adjudication depends upon an entirely different administrative record than the one already before the Court" in order to "fil[e] new cross-claims against the defendant."

The "sole issue presented" in *Seminole Nation of Oklahoma v. Norton*, 206 F.R.D. 1, 7 (D.D.C. 2001), was the role of the Bureau of Indian Affairs in amending the Seminole Constitution,

and the proposed intervenors sought "to file an ambitious and wide-ranging ten-count complaint . . . . against both the federal government and the Seminole Nation" that included allegations of violations of federal law and the Seminole Constitution, additional review of agency action by the Department of Interior, violations of the equal protection clause, "breach of trust," and "waste and surcharge."

In *N.A. of Regulatory Util. Commissioners v. Interstate Commerce Commission*, 41 F.3d 721, 730 (D.C. Cir. 1994) "none of the arguments presented by [the intervenors] in any way affect[ed] the petitioners' claims or the [defendant's] responses; they [were] wholly removed from the case petitioners presented." In fact, the intervenors were other regulated entities that could have filed their own petitions for review of the agency action but had "now missed the deadline for mounting an independent facial challenge against the [agency's] regulations" and sought to shoehorn their own entirely unrelated APA challenge into the lawsuit. *Id*.

The decisions cited by Brightline FL do not represent any kind of routinely applied standard, nor are the situations presented by the proposed interventions and counterclaims in those cases remotely comparable to the situation presented by TWU's proposed counterclaim and complaint. Instead, the decisions cited by Brightline Florida represent extreme outlier cases of intervenors, intentionally or unintentionally, seeking to cause substantial delays by bringing entirely unrelated matters into the main litigation. Those cases are easily distinguished from the case here where Brightline Florida contests its coverage under the RLA and TWU's interest is in ensuring that an RLA-covered carrier is properly bound by the Act and complies with its obligation as a carrier under that Act to exert every reasonable effort to make an agreement with TWU. As the court in *Delpro Co. v. National Mediation Board of the U.S.*, 509 F. Supp. 468, 476 (D. Del. 1981) concluded, the "core of the present controversy" in ruling on the company's challenge to its

falling under RLA and NMB jurisdiction was "whether [the company] must negotiate with the [union]; without the [union] in this lawsuit the dispute over whether [the company] is a carrier subject to the jurisdiction of the NMB will not be finally resolved." The core of the controversy is the same in this case.

### 3. The Union's Proposed Counterclaim And Complaint And Brightline's Complaint Should Be Resolved Concurrently.

As stated above, TWU does not intend to delay the handling of this litigation and is prepared to work with the other parties and the Court on a case management schedule that will provide for efficient and timely resolution of the issues. And inclusion of TWU's claims in the instant case will not dramatically change the scope of this case, the facts in dispute, or the legal issues to be briefed by the parties and decided by the Court. Brightline Florida makes much of the fact that its complaint is one for Administrative Procedure Act review of an agency decision on the record before the agency, whereas TWU's proposed counterclaim and complaint are under the RLA and are brought against Brightline FL. ECF No. 34, Partial Opposition at 5. But Brightline Florida has not explained how that difference would actually delay or encumber resolution of its complaint as a practical matter, since the underlying issue in both cases concerns whether the Company is covered by the RLA and thus must comply with the requirements of the RLA. TWU's principal concern is that since resolution of its claim will certainly be affected by resolution of Brightline Florida's claim, both claims should be handled together. Brightline Florida asserts that TWU will suffer no prejudice by denial of TWU's request to file its counterclaim or to handle its complaint concurrently with the Company's complaint, but, as Brightline Florida has acknowledged, the resolution of its complaint will very likely affect resolution of TWU's claim. And, given the direct relationship between Brightline Florida's claim and TWU's claim, and the general rule that failure to raise a compulsory counterclaim in the first suit results in a waiver of

8

that claim, TWU risked inability to litigate its claim if it did not file a counterclaim in its answer along with its motion to intervene. *Varona v. LTA Logistics, Inc.*, Case No. 14-Civ-24094-COOKE/TORRES, 2016 BL 99971, at *2 (S.D. Fla. Mar. 30, 2016); *Stone Tech. (HK) Co. v. GlobalGeeks, Inc.*, No. 20-cv-23251-BLOOM/Louis, 2021 BL 8077, at *4 (S.D. Fla. Jan. 11, 2021). TWU therefore submits that it should be allowed to litigate its claim along with the litigation over Brightline Florida's claim.

Concurrent handling of the claims of the Company and the Union might be done by allowing TWU's counterclaim, or by fully consolidating the handling of TWU's complaint with the handling of Brightline Florida's complaint with the issues briefed concurrently. Again, TWU is prepared to work cooperatively to ensure effective and efficient resolution of the claims of both the Company and the Union.

## **CONCLUSION**

Based on the foregoing, TWU respectfully requests that this Court allow TWU to proceed with pursuing its proposed counterclaim against Brightline FL, or fully consolidate the handling of TWU's complaint with the handling of Brightline FL's complaint.

Dated: March 21, 2025

        Respectfully submitted,

        /s/ *Mark H. Richard*
        Mark H. Richard
        Florida Bar No. 305979
        Christina S. Gornail
        Florida Bar No. 085922
        PHILLIPS, RICHARD & RIND, P.A.
        9360 S.W. 72nd Street, Suite 283
        Miami, FL  33173
        Telephone: (305) 412-8322
        Facsimile: (305) 412-8299
        Email: mrichard@phillipsrichard.com
        Email: cgornail@phillipsrichard.com

        Richard S. Edelman *
        Aaron S. Edelman *
        MOONEY, GREEN, SAINDON, MURPHY & WELCH
        1620 Eye Street, N.W.,  Suite 700
        Washington, D.C.  20006
        Telephone: (202) 783-0010
        Facsimile: (202) 783-6088
        Email: redelman@mooneygreen.com
        Email: aedelman@mooneygreen.com

        *Attorneys for TWU*

        * Admitted Pro Hac Vice

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 21, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on Ellen Crisham Pellegrini, Esq. epellegrini@sidley.com, Raymond Atkins, Esq., ratkins@sidley.com, Terence Hynes, Esq. Thynes@sidley.com, Lawrence Silverman, Esq. Lawrence.silverman@sidley.com, Counsel for Plaintiff and Anthony Erickson-Pogorzelski, Esq. Anthony.porgorzelski@usdoj.gov, Counsel for Defendants and other parties of record via Electronic Filing generated by CM/ECF.

                                              */s/ Mark H. Richard*
                                              Mark H. Richard