# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Miami Division

| | |
|---|---|
| BRIGHTLINE TRAINS FLORIDA LLC, | |
| Plaintiff, | Case No. 1:24-CV-24734-DPG |
| v. | |
| NATIONAL MEDIATION BOARD, | |
| Defendant. | |
| TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO, | |
| Plaintiff, | Case No. 1:25-cv-20863 (administratively closed and consolidated with 1:24-CV-24734) |
| v. | |
| BRIGHTLINE TRAINS FLORIDA LLC, | Oral Argument Requested |
| Defendant. | |

## BRIGHTLINE TRAINS FLORIDA LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR FOR STAY

Under Federal Rule of Civil Procedure 12, Brightline Trains Florida LLC ("Brightline Florida") respectfully moves to dismiss the claim of Transport Workers Union of America, AFL-CIO ("TWU") against Brightline Florida for the reasons set forth in the attached memorandum of law. Alternatively, Brightline Florida respectfully requests that the Court stay TWU's case against Brightline Florida pending resolution of Brightline Florida's challenge to the National Mediation Board's jurisdictional determination.

March 25, 2025

Respectfully submitted,

 /s/ Lawrence D. Silverman
Lawrence D. Silverman (Fla. Bar No. 7160)
Sidley Austin LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
(305) 391-5100
lawrence.silverman@sidley.com

Terence M. Hynes
Raymond A. Atkins
Ellen Crisham Pellegrini
Sidley Austin LLP
1501 K Street NW
Washington, DC 20005
(202) 736-8000
thynes@sidley.com

*Counsel for Brightline Trains Florida LLC*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Miami Division

| | |
|---|---|
| BRIGHTLINE TRAINS FLORIDA LLC, | |
| Plaintiff, | Case No. 1:24-CV-24734-DPG |
| v. | |
| NATIONAL MEDIATION BOARD, | |
| Defendant. | |
| TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO, | |
| Plaintiff, | Case No. 1:25-cv-20863 (administratively closed and consolidated with 1:24-CV-24734) |
| v. | |
| BRIGHTLINE TRAINS FLORIDA LLC, | Oral Argument Requested |
| Defendant. | |

## BRIGHTLINE TRAINS FLORIDA LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR FOR STAY

March 25, 2025

Respectfully submitted,

Terence M. Hynes
Raymond A. Atkins
Ellen Crisham Pellegrini
Sidley Austin LLP
1501 K Street NW
Washington, DC 20005
(202) 736-8000
(202) 736-8711 (facsimile)
thynes@sidley.com
ratkins@sidley.com
epellegrini@sidley.com

 /s/ Lawrence D. Silverman
Lawrence D. Silverman (Fla. Bar No. 7160)
Sidley Austin LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
(305) 391-5100
(305) 391-5101 (facsimile)
lawrence.silverman@sidley.com

*Counsel for Plaintiff Brightline Trains Florida LLC*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

REQUEST FOR HEARING ................................................................................................. i

INTRODUCTION ................................................................................................................ 1

BACKGROUND .................................................................................................................. 3

    A.    Legal Framework ................................................................................................ 3

        1.    Railway Labor Act ................................................................................ 3

        2.    Administrative Procedure Act ............................................................... 4

    B.    Factual Background ............................................................................................ 4

LEGAL STANDARD ........................................................................................................... 5

ARGUMENT ........................................................................................................................ 6

I.    TWU's complaint fails to state a claim ....................................................................... 6

    A.    Brightline Florida's decision to pursue judicial review of the NMB's jurisdictional determination is not a violation of the RLA as a matter of law. ....................................................................................................................... 6

        1.    TWU's claim is unsupported by the RLA's text and precedent. ................ 7

        2.    The First Amendment bars TWU's claim. ................................................ 12

    B.    TWU has not alleged facts that plausibly establish that Brightline Florida is not bargaining in good faith. ...................................................................... 14

II.    The Court should stay TWU's claim pending resolution of Brightline Florida's APA challenge to the NMB's jurisdiction. ................................................................ 15

CONCLUSION ................................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Sch. of Magnetic Healing v. McAnnulty,*
187 U.S. 94 (1902) ................................................................................................11

*Animal Legal Def. Fund v. U.S. Dep't of Agric.,*
789 F.3d 1206 (11th Cir. 2015) ...........................................................................11

*Ass'n of Flight Attendants, AFL-CIO v. Horizon Air Indus., Inc.,*
976 F.2d 541 (9th Cir. 1992) ............................................................................8, 14

*BBX Cap. Corp. v. FDIC,*
No. 17-cv-62317, 2018 WL 6531607 (S.D. Fla. Nov. 14, 2018),
*aff'd sub nom. BBX Cap. v. FDIC*, 956 F.3d 1304 (11th Cir. 2020) .......................16

*Bill Johnson's Rests., Inc. v. N.L.R.B.,*
461 U.S. 731 (1983)........................................................................................12, 13

*Brasil v. Sec'y, Dep't of Homeland Sec.,*
28 F.4th 1189 (11th Cir. 2022) .......................................................................10, 11

*Chi. & N.W. Ry. Co. v. United Transp. Union,*
402 U.S. 570 (1971).........................................................................................10, 15

*Clinton v. Jones,*
520 U.S. 681 (1997)..............................................................................................15

*Dart v. United States,*
848 F.2d 217 (D.C. Cir. 1988) ..............................................................................11

*Delpro Co. v. Bhd. Ry. Carmen of U. S. &Canada,*
519 F. Supp. 842 (D. Del. 1981)...........................................................9, 10, 14, 16

*Delpro Co. v. Bhd. Ry. Carmen of U. S. & Canada, AFL-CIO,*
676 F.2d 960 (3d Cir. 1982)...............................................................................9, 10

*Detroit & Toledo Shore Line R.R. Co. v. United Transp. Union,*
396 U.S. 142 (1969)................................................................................................3

*Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Const. Trades Council,*
485 U.S. 568 (1988)..............................................................................................12

*FC Summers Walk, LLC v. Town of Davidson,*
No. 3:09-cv-266, 2010 WL 323769 (W.D.N.C. Jan. 20, 2010)..............................11

ii

*Hornady v. Outokumpu Stainless USA, LLC*,
   118 F.4th 1367 (11th Cir. 2024) ..............................................................................6

*Int'l Ass'n of Machinists & Aerospace Workers v. Transportes Aereos*
   *Mercantiles Pan Americandos, S.A.*,
   924 F.2d 1005 (11th Cir. 1991) ..........................................................................13, 15

*Int'l Longshoremen's Ass'n, AFL-CIO v. N.C. Ports Auth.*,
   463 F.2d 1 (4th Cir. 1972) ..............................................................................4, 10, 14

*Johnson & Hardin Co. v. N.L.R.B.*,
   49 F.3d 237 (6th Cir. 1995) ..................................................................................12

*Loper Bright Enters. v. Raimondo*,
   603 U.S. 369 (2024).............................................................................................4, 11

*Murphy Oil USA, Inc. v. N.L.R.B.*,
   808 F.3d 1013 (5th Cir. 2015),
   *aff'd sub nom. Epic Sys. Corp. v. Lewis*, 584 U.S. 497 (2018)...............................12

*In re Nw. Airlines Corp.*,
   483 F.3d 160 (2d Cir. 2007)....................................................................................8

*Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*,
   221 F.3d 1262 (11th Cir. 2000) ............................................................................15

*Pegram v. Herdrich*,
   530 U.S. 211 (2000).................................................................................................9

*Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*,
   508 U.S. 49 (1993)................................................................................................13

*Smith v. Miami-Dade Cnty.*,
   621 F. App'x 955 (11th Cir. 2015) ......................................................................13

*St. Johns Riverkeeper, Inc. v. U.S. Army Corps of Eng'rs*,
   462 F. Supp. 3d 1256 (M.D. Fla. 2020).................................................................16

*United Indus. Workers v. Bd. of Trustees of Galveston Wharves*,
   400 F.2d 320 (5th Cir. 1968) ..................................................................................8

*United Transp. Union v. Del. & Hudson Ry.*,
   977 F. Supp. 570 (N.D.N.Y. 1997).......................................................................14

*Veritas v. Cable News Network, Inc.*,
   121 F.4th 1267 (11th Cir. 2024) ............................................................................5

*Virginian Ry. v. Sys. Fed'n No. 40,*
    300 U.S. 515 (1937) .................................................................................................15

*Werteks Closed Joint Stock Co. v. Vitacost.com, Inc.,*
    No. 16-cv-60695, 2016 WL 5076169 (S.D. Fla. Sept. 20, 2016) ............................15

**Statutes and Rules**

5 U.S.C. § 701(a)(1) ..................................................................................................11

5 U.S.C. § 702 ............................................................................................................4

5 U.S.C. § 704 ............................................................................................................4

5 U.S.C. § 706(2)(C) ...............................................................................................4, 14

45 U.S.C. § 151a .........................................................................................................7

45 U.S.C. § 152, First ........................................................................................ *passim*

45 U.S.C. § 152, Ninth ................................................................................................3

49 U.S.C. § 22905(b) .................................................................................................14

Fed. R. Civ. P. 12(b)(6) ...............................................................................................5

**Other Authorities**

*Comprehensive Standard Dictionary* (1925) ..............................................................7

*Concise Oxford Dictionary of Current Language* (1929) ...........................................7

*New Century Dictionary* (1927) .................................................................................7

*Winston Simplified Dictionary* (1924) ........................................................................7

**REQUEST FOR HEARING**

Pursuant to Local Rule 7.1(b), Brightline Trains Florida LLC requests oral argument on this motion.  Transport Workers Union of America, AFL-CIO's claim implicates important First Amendment rights and a novel interpretation of a federal statute.  Thus, oral argument would assist the Court.  Brightline Trains Florida LLC estimates that thirty minutes of oral argument is necessary to accommodate affirmative and rebuttal presentations.

## INTRODUCTION

The Railway Labor Act governs labor relations in the railroad and airline industries.  The National Mediation Board ("NMB") is an independent federal agency that is assigned certain enumerated functions under the RLA, including investigating and resolving disputes regarding the representation of a covered railroad's employees for purposes of collective bargaining.  If the NMB determines that a railroad is subject to RLA jurisdiction, an election by secret ballot is conducted, and, depending on the results of the election, the NMB certifies the labor organization selected by the employees as the designated and authorized representative of those employees.  Per the RLA, carriers and their employees must then exert every reasonable effort to make and maintain agreements concerning employee compensation, work rules, and working conditions.

In November 2024, the NMB determined that Brightline Trains Florida LLC ("Brightline Florida" or the "Company") was a "carrier" subject to the RLA and asserted jurisdiction over Brightline Florida for the purpose of resolving an employee representation dispute.  Brightline Florida promptly sought judicial review in this Court of the NMB's jurisdictional determination under the Administrative Procedure Act.

While Brightline Florida's APA suit was pending, and pursuant to an NMB directive and the requirements of the RLA, Brightline Florida helped facilitate an election of its On Board Service Employees.  Based on the results of that election, the NMB certified Transport Workers Union of America, AFL-CIO ("TWU") as the official representative of these Brightline Florida employees for purposes of collective bargaining.  TWU then served a notice to Brightline Florida of its intent to negotiate with the Company over the rates of pay, rules, and working conditions of Brightline Florida's On Board Service Employees.  As TWU acknowledges, Brightline Florida agreed to meet with TWU and the bargaining committee of the Company's On Board Service Employees.

TWU now sues Brightline Florida, alleging that it "violated the RLA which requires carriers and their employees to exert every reasonable effort to make and maintain agreements," simply by exercising its statutory right to challenge the NMB's determination of its own jurisdiction. But nothing in the statutory text or precedent supports such an extreme reading, which would effectively bar a carrier from ever seeking judicial review of whether the RLA applies to it in the first place. Contrary to TWU's novel view, the NMB's jurisdictional determinations are reviewable under the APA. Moreover, the First Amendment bars any interpretation of the RLA that would foreclose Brightline Florida's right to seek redress in the courts by filing a claim with a reasonable basis in fact or law. And, in any event, Brightline Florida's views about whether it is subject to the RLA are not indicative of whether it is nevertheless complying with the statute during the pendency of its APA challenge. TWU has failed to allege sufficient facts to establish a plausible violation of the RLA's duty to exert every reasonable effort to make and maintain agreements. Indeed, TWU freely admits that Brightline Florida has agreed to engage in collective bargaining *notwithstanding* its pending challenge to the NMB's jurisdictional determination, and does not take issue with Brightline Florida's conduct in such bargaining.

The Court should dismiss TWU's complaint for failure to state a claim. Alternatively, the Court should stay TWU's claim pending resolution of Brightline Florida's APA claim challenging the NMB's jurisdictional determination. Brightline Florida is not challenging TWU's status as an intervenor-defendant with respect to the APA claim. Thus, TWU will have the opportunity to present its case in favor of the NMB's jurisdictional determination. Plus, if Brightline Florida's jurisdictional challenge prevails, then the RLA does not apply to the Company and TWU's claim

is moot.  In order for the Court to determine whether Brightline Florida violated its obligations

under the RLA, it must first determine that Brightline Florida is subject to the RLA.[1]

**BACKGROUND**

**A.**      **Legal Framework**

**1.**      **Railway Labor Act**

The RLA was originally enacted in 1926 "to encourage collective bargaining by railroads

and their employees in order to prevent, if possible, wasteful strikes and interruptions of interstate

commerce." *Detroit & Toledo Shore Line R.R. v. United Transp. Union*, 396 U.S. 142, 148 (1969).

The statute, which was later amended to govern the airline industry as well, provides the proce-

dures that carriers and employees must use for the "negotiation, mediation, voluntary arbitration,

and conciliation" of labor disputes.  *Id.* at 148–49.  The RLA imposes a "duty" on all carriers and

employees subject to the statute "to exert every reasonable effort to make and maintain agreements

concerning rates of pay, rules, and working conditions, and to settle all disputes, whether arising

out of the application of such agreements or otherwise."  45 U.S.C. § 152, First.  The purpose of

this duty is to "avoid any interruption to commerce or to the operation of any carrier growing out

of any dispute between the carrier and the employees thereof."  *Id.*

The RLA assigns certain enumerated functions to the NMB.  In the event of a "dispute . . .

among a carrier's employees as to who are the representatives of such employees designated and

authorized" under the RLA, the NMB must "investigate such dispute," including by secret ballot,

and certify the representatives of the carrier's employees.  *Id.* § 152, Ninth.  The carrier must then

"treat with the representative so certified as the representative of the craft or class" of employee.

---

[1] Brightline Florida's arguments for dismissing or staying TWU's Complaint apply equally to
TWU's proposed counterclaim attached to its Motion to Intervene at ECF Nos. 28, Case No. 1:24-
cv-24734, if the Court allows the counterclaim to be filed.

*Id.*  The NMB's jurisdiction is thus limited to representation disputes involving a "carrier" and its "employees" as those terms are defined in the RLA.  If an entity is not a "carrier" covered by the RLA, then the NMB "obviously has no jurisdiction."  *Int'l Longshoremen's Ass'n, AFL-CIO v. N.C. Ports Auth.*, 463 F.2d 1, 3 (4th Cir. 1972).

### 2.      Administrative Procedure Act

The APA allows a person adversely affected by final agency action to seek judicial review of that action in the district courts.  5 U.S.C. §§ 702, 704.  "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action."  *Id.* § 706; *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 391 (2024).  Courts are required to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(C).

### B.      Factual Background

In August 2024, TWU, a labor union, filed an application with the NMB alleging the existence of a representation dispute involving the On Board Service Employees of Brightline Florida—a railroad that provides intercity passenger rail service between Miami and Orlando, Florida.  ECF No. 31-1, Compl. ¶¶ 2, 6, 9.[2]  TWU asked the NMB to authorize an election by Brightline Florida's On Board Service Employees to determine whether TWU is their collective bargaining representative.  *Id.* ¶ 9.  Brightline Florida disputed the NMB's jurisdiction on the basis that Brightline Florida is not a "carrier" under the RLA.  *See id.* ¶ 10.

---

[2] References to TWU's complaint refer to ECF No. 31-1 in Case No. 1:24-cv-24734, unless otherwise noted.

In November 2024, the NMB determined that Brightline Florida *is* a carrier subject to the RLA and authorized an election.  ECF No. 31-1, Compl. ¶ 12.  On December 4, 2024, Brightline Florida brought this action in Docket No. 1:24-cv-24734, seeking (i) an order setting aside the NMB's jurisdictional determination under the APA and (ii) a judgment declaring that Brightline Florida is not subject to the RLA.  *See* ECF No. 1, Compl.; ECF No. 31-1, Compl. ¶ 13.

While Brightline Florida's complaint was pending, an election was held.  In January 2025, after the employee election was completed, the NMB "issued a certification that TWU is the collective bargaining representative under the RLA of Brightline [Florida's] On-Board Service Employees."  ECF No. 31-1, Compl. ¶¶ 14–15.  TWU then served Brightline Florida with a "Section 6" notice, to initiate negotiations over rates, pay, rules, and working conditions.  *Id.* ¶ 16.  Brightline Florida "responded to TWU's Section 6 Notice by inquiring about potential dates to meet."  *Id.* ¶ 17; *see id.* ¶ 22 (admitting that "Brightline [Florida] has agreed to meet with TWU and the bargaining committee of the Company's On-Board Service Employees").

TWU filed a complaint in Docket No. 1:25-cv-20863, which was consolidated with the above-captioned action, alleging that Brightline Florida violated its duty "to exert every reasonable effort to make and maintain agreements" under the RLA, 45 U.S.C. § 152, First.  TWU directly attacks Brightline Florida's decision to seek judicial review in this Court under the APA. *See Id.* ¶¶ 22–24.  TWU also moved to intervene in Docket No. 1:24-cv-24734, to defend NMB's jurisdictional determination and to assert a counterclaim against Brightline Florida that is identical to the claim filed in 1:25-cv-20863.  ECF No. 28, TWU Mot.  TWU's opposed motion to intervene remains pending.

## LEGAL STANDARD

To avoid dismissal under Rule 12(b)(6), a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Veritas v. Cable News*

*Network, Inc.*, 121 F.4th 1267, 1274 (11th Cir. 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is "plausible" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1383 (11th Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678).

## ARGUMENT

TWU's complaint depends on the extraordinary notion that a railroad's exercise of its statutory right to seek judicial review of the NMB's jurisdictional determination *by itself* violates the RLA's directive "to exert every reasonable effort" to reach a collective bargaining agreement. That legal theory is meritless. It is antithetical to the language of the statute and caselaw applying this duty, and it would violate Brightline Florida's First Amendment rights to seek redress in the courts. In any event, TWU's complaint does not plausibly allege any failure by Brightline Florida to bargain reasonably, and TWU has expressly disclaimed any reading of its complaint to the contrary. Alternatively, the Court should stay TWU's claim pending resolution of Brightline Florida's challenge to the NMB's determination that it is subject to the RLA.

## I.     TWU's complaint fails to state a claim.

### A.     Brightline Florida's decision to pursue judicial review of the NMB's jurisdictional determination is not a violation of the RLA as a matter of law.

The complaint asserts that Brightline Florida has violated the RLA, 45 U.S.C. § 152, First, by failing to "exert every reasonable effort to make and maintain agreements and bargain in good faith." ECF No. 31-1, Compl. at 1. The sole basis for this claim is that Brightline Florida "has disputed and challenged the NMB's [jurisdictional] decision," thus denying that it is subject to the RLA in the first place. *Id.* TWU makes this claim even as it admits that Brightline Florida is in fact actively engaged in collective bargaining with TWU. In essence, TWU claims that merely

seeking judicial review of NMB's jurisdictional determination—review which was sought by Brightline Florida before the employee representation election even took place—*per se* violates the RLA.  TWU's complaint essentially places Brightline Florida in a "Catch-22": Brightline Florida can either (1) forfeit its statutory right under the APA to challenge the NMB's jurisdiction and remain in compliance with the RLA or (2) pursue its APA challenge and violate the RLA's duty to exert all reasonable efforts to make an agreement.  TWU demands that Brightline Florida be enjoined from pursuing its APA claim in this Court.  *Id.* at 7 ¶ B.  Nothing in the RLA or case law supports that result, and TWU's novel view runs afoul of the First Amendment.

### 1.   TWU's claim is unsupported by the RLA's text and precedent.

The RLA requires a covered carrier "to exert every reasonable effort to make and maintain agreements concerning rates of pay, rules, and working conditions."  45 U.S.C. § 152, First.  It does not and cannot preclude a carrier or a union from asserting claims in court related to the NMB's jurisdiction under the statute.

By its plain terms, a carrier that is subject to the RLA must use "reasonable effort" when making and maintaining agreements with its employees.  The ordinary meaning of "reasonable" at the time of Section 152, First's enactment was "conformable to reason; sensible; rational; moderate; fair."  *The Comprehensive Standard Dictionary* 488 (1925); *see The Winston Simplified Dictionary* 413 (1924) ("moderate; fair"); *The New Century Dictionary* 1483–84 (1927) ("not extravagant or excessive in demands; not asking too much" and "not irrational or absurd"); *The Concise Oxford Dictionary of Current Language* 971 (1929) ("not greatly less or more than might be expected").  Thus, the statute's plain language requires carriers to act rationally and fairly when making and maintaining agreements with its employees so as not to frustrate the RLA's purposes of avoiding "interruption to interstate commerce," 45 U.S.C. § 151a.

Courts interpreting the RLA's duty to bargain have concluded it is not an unqualified obligation. The RLA "does not . . . compel agreement between the employer and employees." *United Indus. Workers v. Bd. of Trustees of Galveston Wharves*, 400 F.2d 320, 324 n.12 (5th Cir. 1968) (quoting *Virginian Ry. v. Sys. Fed'n No. 40*, 300 U.S. 515, 548 (1937)). Rather, it "command[s] those preliminary steps without which no agreement can be reached." *Id.* (quoting *Virginian Ry.*, 300 U.S. at 548); *In re Nw. Airlines Corp.*, 483 F.3d 160, 168 (2d Cir. 2007). The courts have defined those preliminary steps to include "requir[ing] the employer to meet and confer with the authorized representative of its employees, to listen to their complaints, to make reasonable effort to compose differences—in short, to enter into a negotiation for the settlement of labor disputes." *Id.* (quoting *Virginian Ry.*, 300 U.S. at 548); *In re Nw. Airlines Corp.*, 483 F.3d at 168. And courts "must resist finding violations of the RLA based solely on evidence of hard bargaining, inability to reach agreement, or intransigent positions." *Ass'n of Flight Attendants, AFL-CIO v. Horizon Air Indus., Inc.*, 976 F.2d 541, 545 (9th Cir. 1992). In other words, the RLA does not require carriers or employees to forfeit all rights, bargaining positions, and defenses to reach an agreement at all costs.

TWU's claim is fundamentally inconsistent with the plain text of the statute and the caselaw interpreting it. The sole basis for TWU's claim is its assertion that the exercise of the statutory right to seek judicial review of an NMB jurisdictional determination is itself a violation of the RLA's requirement to exert every reasonable effort to make and maintain agreement. ECF 31-1, Compl. ¶¶ 22–24. According to TWU, a railroad "cannot comply with" the RLA's "duty to exert every reasonable effort to make an agreement . . . when the Company denies that it is even

covered by the RLA.."  ECF 36, TWU Reply at 3.[3]  But nothing on the face of Section 152, First, imposes an obligation on parties to forfeit other statutory or appellate rights.  Such a reading of the statute is inherently unreasonable and irrational.  And, as essentially admitted by TWU, Brightline Florida's exercise of its rights under the APA has not impeded collective bargaining between the parties given that Brightline Florida *agreed to commence bargaining*.  ECF No. 31-1, Compl. ¶ 17.

TWU's claim imposes a heightened burden on a carrier's obligation to bargain in good faith that the RLA does not support.  Brightline Florida is aware of no case—and TWU identifies none in its complaint—that has interpreted Section 152, First, to preclude a party from seeking judicial review of the NMB's interpretation of its own jurisdiction.  Quite the opposite.  In *Delpro Co. v. Bhd. Ry. Carmen of U. S. & Canada*, 519 F. Supp. 842 (D. Del. 1981), a company commenced an APA action for review of the NMB's determination that the company was a carrier subject to the RLA.  *Id.* at 844.  When the company *refused* to even "commence labor negotiations" until its challenge to the NMB's jurisdictional determination was resolved, the union sued for an order requiring the company "to 'treat,' or bargain, with it as required by the Railway Labor Act."  *Id.* at 844–45.  The district court first addressed the company's complaint regarding the NMB's jurisdictional determination, and only *after* concluding that the company was subject to the RLA, did the court issue the injunction requested by the union requiring the company to bargain in good faith.  *Id.* at 846–49.  On appeal, the Third Circuit held that the NMB's statutory jurisdiction was reviewable and affirmed the district court's conclusion as to the company's carrier status.  *Delpro Co. v. Bhd. Ry. Carmen of U. S. & Canada, AFL-CIO*, 676 F.2d 960, 962–65 (3d Cir. 1982).

---

[3] Courts "may use [a plaintiff's] brief to clarify allegations in her complaint whose meaning is unclear." *Pegram v. Herdrich*, 530 U.S. 211, 230 (2000).

*Delpro* stands for the commonsense principle that an entity must be properly subject to a statute before it can be found in violation of the obligations imposed by that statute.

TWU's claim rests on a single case, *Chicago and North Western Railway Company v. United Transportation Union*, 402 U.S. 570 (1971), which stands for the unremarkable proposition that the RLA's duty to bargain is judicially enforceable. *Id.* at 577, 581. That case did not involve a carrier's effort to seek judicial review of an NMB determination; rather, the railroad sought an anti-strike injunction against the union, and the Supreme Court confirmed that such injunctions are permissible. *Id.* at 581–84. In so holding, the Court "intimate[d] no view" on what constitutes a violation of the duty to exert reasonable effort to make and maintain agreements. *Id.* at 574. Nothing in *Chicago and North Western* suggests that a party is forbidden from seeking judicial review of whether it is even subject to the RLA in the first place.

TWU's claim also fails as a matter of law because it functionally insulates the NMB's interpretation of its statutory jurisdiction from judicial review in contravention of the APA and controlling caselaw. According to TWU, the very act of bringing an APA challenge results in a violation of the RLA's duty to exert reasonable effort to make and maintain agreements. ECF No. 31-1, Compl. ¶¶ 22–23. However, the APA guarantees aggrieved persons access to judicial review of final agency action unless (1) "a statute expressly 'preclude[s] judicial review'" or (2) "the 'agency action is committed to agency discretion by law.'" *Brasil v. Sec'y, Dep't of Homeland Sec.*, 28 F.4th 1189, 1192 (11th Cir. 2022) (quoting 5 U.S.C. § 701(a)(1)–(2)). Neither is true here.

*Nothing* in the RLA evinces Congress's express intent to strip the federal judiciary of authority to review the agency's interpretations of its own jurisdiction. *See Delpro*, 676 F.2d at 962 (explaining that "a decision concerning the [NMB's] own statutory power to act at all should be subject to review absent some clear statutory prohibition"); *Int'l Longshoremen's Ass'n*, 463 F.2d

at 3 (clarifying that the RLA "does not 'preclude judicial review' or commit all action by the [NMB] to its discretion," and concluding that the NMB's finding that an entity is a "carrier" is "a jurisdictional issue" and thus "reviewable").  Nor is defining the outer bounds of an agency's statutory jurisdiction the kind of action Congress may "commit to agency discretion." *See Brasil*, 28 F.4th at 1192.  A statute only falls within this second category of unreviewable agency action under the APA if "the statute under which the agency acts 'is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion'—that is, where a court would have 'no law to apply.'" *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 789 F.3d 1206, 1214 (11th Cir. 2015) (quoting *Heckler v. Chaney*, 470 U.S. 821, 830–31 (1985)).  That test cannot be met in the context of interpreting the scope of an agency's statutory authority. *See Loper Bright*, 603 U.S. at 412 ("Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires.").

Moreover, the Supreme Court has long recognized that the courts "must have power in a proper proceeding to grant relief" when the executive branch acts *ultra vires*. *Am. Sch. of Magnetic Healing v. McAnnulty*, 187 U.S. 94, 110 (1902).  "Otherwise, the individual is left to the absolutely uncontrolled and arbitrary action of a public and administrative officer, whose action is unauthorized by any law, and is in violation of the rights of the individual." *Id.*  The APA's bar on judicial review in circumstances where another statute precludes judicial review, *see* 5 U.S.C. § 701(a)(1), "does not repeal the review of *ultra vires* actions that was recognized long before, in *McAnnulty*." *Dart v. United States*, 848 F.2d 217, 224 (D.C. Cir. 1988) (describing the legislative history accompanying the APA).  TWU's claim would subject Brightline Florida to unlawful agency action without recourse to judicial review. *See FC Summers Walk, LLC v. Town of Davidson*, No. 3:09-cv-266, 2010 WL 323769, at *5 (W.D.N.C. Jan. 20, 2010) ("Due process is violated when the

government acts *ultra vires*." (citing *Miller Bros. Co. v. State of Md.*, 347 U.S. 340, 342 (1954)).
TWU's claim is therefore not cognizable as a matter of law and should be dismissed.

## 2.    The First Amendment bars TWU's claim.

The Court should also reject TWU's interpretation of Section 152, First, to avoid violating
Brightline Florida's First Amendment rights.   An important rule of statutory construction is:
"where an otherwise acceptable construction of a statute would raise serious constitutional prob-
lems, the Court will construe the statute to avoid such problems unless such construction is plainly
contrary to the intent of Congress." *Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Const.
Trades Council*, 485 U.S. 568, 575 (1988).   "[T]he right of access to the courts is an aspect of the
First Amendment right to petition the Government for redress of grievances."   *Bill Johnson's
Rests., Inc. v. N.L.R.B.*, 461 U.S. 731, 741 (1983).   Consequently, courts are "sensitive to these
First Amendment values in construing" federal statutes, including labor laws.  *Id.*

In *Bill Johnson's Restaurants*, the Supreme Court considered whether a state-court suit by
the restaurant owners against certain employees for libel was an unfair labor practice under the
National Labor Relations Act ("NLRA").  *Id.* at 734–35.  The Court held that the National Labor
Relations Board "may not halt the prosecution of a state-court lawsuit, regardless of the plaintiff's
motive, unless the suit lacks a reasonable basis in fact or law."  *Id.* at 748.  In reaching this con-
clusion, the Court reasoned that the "right of access to a court is too important to be called an
unfair labor practice solely on the ground that what is sought in court is to enjoin employees from
exercising a protected right."  *Id.* at 741.  "A suit has a reasonable basis in law 'if there is any
realistic chance that the plaintiff's legal theory might be adopted.'"  *Johnson & Hardin Co. v.
N.L.R.B.*, 49 F.3d 237, 243 (6th Cir. 1995) (quoting *Bill Johnson's Rests.*, 461 U.S. at 745, 747);
*see Murphy Oil USA, Inc. v. N.L.R.B.*, 808 F.3d 1013, 1021 (5th Cir. 2015) (holding a "motion to

12

dismiss and compel arbitration did not constitute an unfair labor practice because it was not 'base-less'" in light of circuit precedent), *aff'd sub nom. Epic Sys. Corp. v. Lewis*, 584 U.S. 497 (2018).

These First Amendment principles permeate other areas of federal law.  For example, the Supreme Court has "construed the antitrust laws as not prohibiting the filing of a lawsuit, regardless of the plaintiff's anticompetitive intent or purpose in doing so, unless the suit was a 'mere sham' filed for harassment purposes." *Bill Johnson's Rests.*, 461 U.S. at 741 (citing *Cal. Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972)); *see Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 65 (1993) (affirming that a copyright action was not a violation of antitrust law because it was "'arguably warranted by existing law' or at the very least based on an objectively 'good faith argument for the extension, modification, or reversal of existing law'").  And in the context of the Americans With Disabilities Act, a "plaintiff must allege that the lawsuit or counterclaim was filed with a retaliatory motive and was lacking a reasonable basis in fact or law" for the lawsuit to be considered an adverse action in violation of the ADA.  *Smith v. Miami-Dade Cnty.*, 621 F. App'x 955, 960 (11th Cir. 2015) (unpublished) (citing *Bill Johnson's Rests.*, 461 U.S. at 748).  In short, federal laws will not be construed to limit a party's First Amendment access to the courts so long as there is a reasonable basis for the suit.

This Court should construe the RLA in conformity with the principles articulated in *Bill Johnson's Restaurants* and its progeny.  An analogy between the NLRA and the RLA is "appropriate in this instance because both the RLA and the NLRA require the same 'good faith' bargaining." *Int'l Ass'n of Machinists & Aerospace Workers v. Transportes Aereos Mercantiles Pan Americandos, S.A.*, 924 F.2d 1005, 1009–10 (11th Cir. 1991).  Brightline Florida has a First Amendment right of access to the courts for redress of grievances, and the APA affords Brightline Florida a cause of action in federal court to challenge the NMB's jurisdictional ruling on the basis

that the agency has exceeded its statutory authority, 5 U.S.C. § 706(2)(C), as a number of courts have held, *see*, *e.g.*, *Delpro*, 676 F.2d at 962–63; *Int'l Longshoremen's Ass'n*, 463 F.2d at 3. Brightline Florida's challenge to the NMB's jurisdiction has a reasonable basis in law because the agency committed errors of statutory interpretation in construing the RLA and 49 U.S.C. § 22905(b).  *See* ECF No. 1, Compl. ¶¶ 42–47, 53–58.  While TWU clearly disagrees with that assessment, it nowhere claims that Brightline Florida's judicial-review action lacks a reasonable basis in law.  In turn, TWU's legal theory must fail.

### B.  TWU has not alleged facts that plausibly establish that Brightline Florida is not bargaining in good faith.

Taking all factual allegations as true, TWU's complaint fails to allege a violation of Brightline Florida's purported duty to exert reasonable effort to make and maintain agreements with its On Board Service Employees.  Unlike the company in *Delpro* that refused to negotiate, 519 F. Supp. at 844–45, Brightline Florida has undisputedly engaged in collective bargaining with TWU during the pendency of Brightline Florida's APA suit challenging the NMB's jurisdiction.  The complaint acknowledges that Brightline Florida "responded to TWU's Section 6 Notice by inquiring about potential dates to meet" to begin the negotiating process and "agreed to meet with TWU and the bargaining committee of the Company's On-Board Service Employees."  ECF No. 31-1, Compl. ¶¶ 16–17, 22.

Absent from the complaint is any suggestion that Brightline Florida has engaged in the type of conduct that courts have found to be violations of Section 152, First's duty to bargain in good faith.  *See*, *e.g.*, *United Transp. Union v. Del. & Hudson Ry.*, 977 F. Supp. 570, 576 (N.D.N.Y. 1997) (issuing ultimatums or "take-it-or-leave-it" style bargaining) (collecting cases); *Horizon Air Indus., Inc.*, 976 F.2d at 548 (a party's "'evasive and dilatory' scheduling tactics, 'take it or leave it' comments and ultimatums, regressive proposals, refusal to entertain proposals or to

make counterproposals, rejection of agreed to proposals" and "'numerous derogatory statements . . . about the bargaining process during the negotiations"); *Int'l Ass'n of Machinists & Aerospace Workers, S.A.*, 924 F.2d at 1009–10 (unilaterally changing existing work conditions and terms of employment after negotiations begin).  To the contrary, TWU has made clear that its "complaint do[es] not challenge Brightline FL's conduct in bargaining."  ECF 36, TWU Reply at 3.

Based on TWU's own admission, Brightline Florida is taking "those preliminary steps without which no agreement can be reached," *Virginian Ry.*, 300 U.S. at 548, and is therefore in compliance with the RLA's duty to exert reasonable effort to make and maintain agreements.  Therefore, at this juncture, there is no record of "the quality of negotiations" for the Court to pass judgment on, *Chi. & N.W. Ry.*, 402 U.S. at 575, and TWU's claim should be dismissed for failure to state a claim.

## II.   The Court should stay TWU's claim pending resolution of Brightline Florida's APA challenge to the NMB's jurisdiction.

Alternatively, the Court should reserve judgment on this motion to dismiss and instead stay TWU's claim pending the Court's ruling on Brightline Florida's APA challenge to the NMB's jurisdictional determination.  A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000).  "Stays of proceedings can promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions."  *Werteks Closed Joint Stock Co. v. Vitacost.com, Inc.*, No. 16-cv-60695, 2016 WL 5076169, at *3 (S.D. Fla. Sept. 20, 2016) (Gayles, J.) (citing *Clinton*, 520 U.S. at 706).

A stay of TWU's claim is warranted here for two reasons.  *First*, a stay of TWU's claim will promote judicial economy because resolution of Brightline Florida's APA claim will moot

TWU's claim.  Brightline Florida's APA challenge goes to the threshold question of whether the NMB has jurisdiction over Brightline Florida under the RLA.  A judgment in Brightline Florida's favor on its APA claim necessarily means that it is not subject to the RLA's duty to exert reasonable effort to make and maintain agreements.  Plus, in order for the Court to determine whether Brightline Florida violated the RLA, it must first determine if the RLA applies to Brightline Florida in the first instance.  *Cf. Delpro*, 519 F. Supp. at 844–45.

*Second*, no harm will flow to TWU from a stay of its claim.  Brightline Florida has already expressed its willingness to engage in collective bargaining during the pendency of this case, as TWU freely admits.  Brightline Florida did not oppose TWU's intervention as an intervenor-defendant in *Brightline Trains*, No. 1:24-cv-24734, *see* ECF No. 34 at 4, which provides TWU the opportunity to vindicate its interests by defending the NMB's jurisdictional determination in that case.  And addressing the APA claim first will not meaningfully delay resolution of TWU's claim.  In an APA case, "the district judge sits as an appellate tribunal, and the entire case on review is a question of law."  *BBX Cap. Corp. v. FDIC*, No. 17-cv-62317, 2018 WL 6531607, at *4 (S.D. Fla. Nov. 14, 2018) (cleaned up), *aff'd sub nom. BBX Cap. v. FDIC*, 956 F.3d 1304 (11th Cir. 2020).  An APA challenge can therefore be resolved efficiently through summary judgment motions based on the official agency record.  *St. Johns Riverkeeper, Inc. v. U.S. Army Corps of Eng'rs*, 462 F. Supp. 3d 1256, 1270 n.6 (M.D. Fla. 2020).

The Court should therefore consider staying this proceeding as to TWU's claim against Brightline Florida pending resolution of the APA claim as to the NMB's jurisdiction.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss TWU's claim against Brightline Florida for failing to bargain in good faith.  Alternatively, the Court should stay further proceedings on TWU's claim pending resolution of the APA challenge to the NMB's jurisdictional determination.

March 25, 2025

Respectfully submitted,

 /s/ Lawrence D. Silverman
Lawrence D. Silverman (Fla. Bar No. 7160)
Sidley Austin LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
(305) 391-5100
(305) 391-5101 (facsimile)
lawrence.silverman@sidley.com

Terence M. Hynes
Raymond A. Atkins
Ellen Crisham Pellegrini
Sidley Austin LLP
1501 K Street NW
Washington, DC 20005
(202) 736-8000
(202) 736-8711 (facsimile)
thynes@sidley.com
ratkins@sidley.com
epellegrini@sidley.com

*Counsel for Brightline Trains Florida LLC*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this 25th day of March 2025, I electronically filed the

foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing

document was served, by the Court's electronic filing system, to all counsel of record.


 /s/ Lawrence D. Silverman
Lawrence D. Silverman (Fla. Bar No. 7160)