**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 1:24-cv-24734-DPG**

| | |
|---|---|
| **BRIGHTLINE TRAINS FLORIDA LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| **v.** | ) |
| | ) |
| **NATIONAL MEDIATION BOARD,** | ) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| **TRANSPORT WORKERS UNION OF AMERICA,** | ) |
| | ) |
| Intervenor. | ) |

**RESPONSE OF TRANSPORT WORKERS UNION OF AMERICA
TO BRIGHTLINE TRAINS FLORIDA'S MOTION FOR CLARIFICATION**

Transport Workers Union of America, AFL-CIO ("TWU" or "Union") submits that there is no need for a "clarification" from the Court regarding scheduling in the above-captioned case as requested by Brightline Trains Florida, LLC ("Brightline FL" or "Company"). In the current motion, the Company again seeks to stay handling of TWU's counterclaim supposedly for the goal of reducing complexity and duplication of filings; but ultimately this is just another effort to at least delay and possibly prevent prosecution of TWU's counterclaim after the Company was unsuccessful in doing so in its response to TWU's motion to intervene. Furthermore, this case can be effectively and efficiently handled with TWU's counterclaim as part of the litigation. TWU has repeatedly said that it does not intend to litigate the same issue twice, that it will cooperate with

- 1 -

the other parties and the Court in adopting an efficient briefing schedule, and the Union has agreed to the summary judgment motion and briefing schedule proposed by Brightline FL and the National Mediation Board ("NMB"), so long as TWU's claim, which raises the same issue as is involved in Brightline FL's complaint, is litigated at the same time as Brightline FL's claim against the NMB.

While the Company asserts that TWU's counterclaim and its complaint in *Transport Workers Union of America, AFL-CIO v. Brightline Trains Florida, LLC,* No. 1:25-cv-20863 are identical, it contends that the two cases are in different postures because the Company has already moved to dismiss TWU's complaint. The Company has expressed concern that contemporaneous handling of its complaint and TWU's counterclaim will somehow delay or complicate the handling of its complaint, and that briefing on its complaint and the counterclaim will result in duplication of work and "expenditure of judicial resources," so the Company requests that TWU's claim be handled as a standalone case, not as a counterclaim, with briefing on the Company's claim to precede briefing on TWU's claim.

TWU filed a counterclaim in the instant case because of concern that since the Union's claim that the Company's denial of Railway Labor Act ("RLA") coverage violates the RLA implicates the same issue as Brightline FL's complaint which challenges the NMB's determination that Brightline FL is covered by the RLA, TWU's counterclaim would be considered a compulsory counterclaim. TWU feared that failure to assert the Union's claim in this case as an intervenor could be treated as failure to raise a compulsory counterclaim and therefore forfeit if not asserted.[1] But TWU also filed its own complaint because it was not a given that its motion to intervene in

---

[1] TWU initially filed its answer and counterclaim on February 28, 2025 with the Union's motion to intervene as of right. Given the changes regarding the docketing and judicial assignment for TWU's complaint, and that the counterclaim was not separately docketed in the above-captioned case, TWU re-filed its answer and counterclaim on April 2, 2025.

the instant case would be granted. Again, TWU has repeatedly said, it never intended to litigate the same claim in two cases. But TWU believes that its claim is properly litigated as a counterclaim in the instant case. TWU has advised Brightline FL and the NMB that the Union would be willing to dismiss its complaint pursuant to Fed. R. Civ. P. 41(a)(1)(a)(i) if it can litigate its claim as a counterclaim in the instant case, subject to a ruling by the Court on Brightline FL's motion to dismiss. Attached to this response is an exchange of emails among counsel for the parties in which counsel for TWU expressed a willingness to work with the other parties and the Court to handle this litigation efficiently and effectively and offered the Union's suggestions on how to do so (consistent with the positions described in this response to Brightline FL's motion)(Exhibit 1).

TWU further submits that Brightline FL has assumed an unwarranted level of complexity and inefficiency in the handling of TWU's counterclaim along with the Company's complaint, and it has ignored TWU's proposals to efficiently handle this litigation. TWU believes that the issues raised in the Company's motion to dismiss TWU's complaint can be fully handled in briefing on the Company's anticipated motion to dismiss TWU's counterclaim as agreed and Ordered (again, Brightline FL has described the two as identical). TWU's brief in opposition to the Company's motion to dismiss TWU's complaint is due April 15, 2025; and Brightline FL's reply is due April 29, 2025. There is no reason to expect that either party would have anything different to say with regard to a motion to dismiss the counterclaim and there should be no reason for additional briefing (or additional oppositions and replies). Nor should briefing on the motion to dismiss affect the intended motions for summary judgment and supporting briefs; as briefing on the motion to dismiss should be complete by the end of April, about two months before the proposed due date for the motions for summary judgment in *Brightline FL v NMB*. TWU believes that all issues can be handled in cross motions for summary judgment on the schedule proposed by Brightline FL and the NMB. (Additionally, TWU has not opposed Brightline FL's request to

exceed the normal page limit for briefs, so Brightline FL would not be prejudiced if it felt the need to exceed the normal page limits in responding to the briefs of both the NMB and TWU—even though the legal issues will be essentially the same.)

TWU has engaged with the Company and the NMB in filing joint scheduling reports, and to the extent it takes issue with what the Company has proposed, the Union has done so consistent with this response.

For the foregoing reasons, TWU respectfully submits that there is no need for the clarifying order requested by Brightline FL.

Respectfully submitted,

*/s/ Mark H. Richard*
Mark H. Richard
Florida Bar No. 305979
Christina S. Gornail
Florida Bar No. 085922
PHILLIPS, RICHARD & RIND, P.A.
9360 S.W. 72nd Street, Suite 283
Miami, FL  33173
Telephone: (305) 412-8322
Facsimile: (305) 412-8299
Email: mrichard@phillipsrichard.com
Email: cgornail@phillipsrichard.com

Richard S. Edelman *
Aaron S. Edelman *
MOONEY, GREEN, SAINDON, MURPHY & WELCH
1620 Eye Street, N.W.,  Suite 700
Washington, D.C.  20006
Telephone: (202) 783-0010
Facsimile: (202) 783-6088
Email: redelman@mooneygreen.com
Email: aedelman@mooneygreen.com
*Attorneys for TWU*

*Admitted Pro Hac Vice

- 4 -

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on April 7, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on Ellen Crisham Pellegrini, Esq. epellegrini@sidley.com, Raymond Atkins, Esq., ratkins@sidley.com, Terence Hynes, Esq. Thynes@sidley.com, Lawrence Silverman, Esq. Lawrence.silverman@sidley.com, Counsel for Plaintiff and Anthony Erickson-Pogorzelski, Esq. Anthony.porgorzelski@usdoj.gov, Counsel for Defendants and other parties of record via Electronic Filing generated by CM/ECF.

*/s/ Mark H. Richard*
Mark H. Richard