# Rich Edelman

| | |
|---|---|
| **From:** | Rich Edelman |
| **Sent:** | Wednesday, April 2, 2025 1:38 PM |
| **To:** | 'Crisham Pellegrini, Ellen'; Erickson-Pogorzelski, Anthony (USAFLS) |
| **Cc:** | Laudone, Stephen S.; Aaron Edelman; Christina S. Gornail |
| **Subject:** | RE: Brightline v. NMB, 1:24-CV-24734 |

Ellen- The Union believes that it has properly filed a counterclaim. Indeed, as I have stated, we believe it would likely be considered a compulsory counterclaim that could be held to be forfeited if not asserted. We filed a separate complaint because there was the possibility our motion to intervene as of right might not have been granted. As described in my earlier email, we are willing to dismiss the complaint if the counterclaim goes forward, subject to a ruling on Brightline FL's MTD. So, we do not agree to dismiss our complaint. We don't see the scheduling issues as that complicated. Brightline FL's MTD can be fully briefed on the current schedule; I assume nothing will change in Brightline FL's motion and brief if it is directed to the counterclaim rather than the complaint. The schedule for summary judgment briefing that the parties have agreed to would have SJ motions filed in about 3 months so we all have plenty of time to work on those. Again, we'll all make the same arguments about the NMB's decision regardless of whether Brightline FL's MTD is granted or denied. And as I have said, the gravamen of TWU's complaint is not about Brightline FL's conduct at the bargaining table, but about its denial of RLA coverage, which the union asserts is inimical to the Section 2 First duty to exert every reasonable effort to make an agreement and bargain in good faith under the RLA. So the parties' arguments on the merits in support of their summary judgment motions will not change by inclusion or exclusion of the counterclaim. So I think that the SJ motions can all be filed in accordance with the schedule the parties have already discussed. Rich

Richard S. Edelman
Mooney, Green, Saindon, Murphy & Welch, P.C.
1620 Eye Street, NW, Suite 700
Washington, DC 20006
(202) 783-0010
Redelman@Mooneygreen.com

**CONFIDENTIAL AND PRIVILEGED**

NOTE:  This transmission is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, and it is intended to be delivered only to the named addressee(s).  The information contained in this e-mail and any attachments thereto is intended only for the personal and confidential use of the recipient(s) named above.  This message may contain privileged attorney-client communications and/or work product.  If you are not the intended recipient of this transmission, you are hereby notified that you have received the document in error and that any review, dissemination, copying, distribution or other use of this transmission is strictly prohibited.  If you have received this transmission in error, please notify us immediately and delete the original message.

EXHIBIT 1

**From:** Crisham Pellegrini, Ellen <epellegrini@sidley.com>
**Sent:** Wednesday, April 2, 2025 12:05 PM
**To:** Rich Edelman <redelman@mooneygreen.com>; Erickson-Pogorzelski, Anthony (USAFLS) <Anthony.Pogorzelski@usdoj.gov>
**Cc:** Laudone, Stephen S. <slaudone@sidley.com>; Aaron Edelman <aedelman@mooneygreen.com>; Christina S. Gornail <cgornail@phillipsrichard.com>
**Subject:** RE: Brightline v. NMB, 1:24-CV-24734

Rich,

Now that both cases are in front of Judge Gayles, would TWU consider withdrawing or dismissing its counterclaim? TWU has the opportunity to pursue its claim in front of Judge Gayles in case 25-cv-20863, which is already further along than the 24:cv:24734 case. If the cases are kept separate, but both in front of Judge Gayles, then the parties can keep with the briefing schedule that is already in place for the MTD in 25-cv-20863 and can schedule summary judgment briefs based off of the timing of a decision on the MTD. If instead both claims continue under 24-cv-24734, then we will need to start over and agree to a new MTD briefing schedule and summary judgment briefing schedule specific to TWU's counterclaim (which cannot occur until after a decision on the MTD), and which will thus necessarily need to be separate and apart from the briefing schedule already agreed to with NMB yesterday any way.

Please let us know your thoughts,

Ellen


**ELLEN CRISHAM PELLEGRINI**

**SIDLEY AUSTIN LLP**
+1 202 736 8196
epellegrini@sidley.com

---

> **From:** Rich Edelman <redelman@mooneygreen.com>
> **Sent:** Wednesday, April 2, 2025 10:16 AM
> **To:** Crisham Pellegrini, Ellen <epellegrini@sidley.com>; Erickson-Pogorzelski, Anthony (USAFLS) <Anthony.Pogorzelski@usdoj.gov>
> **Cc:** Laudone, Stephen S. <slaudone@sidley.com>; Aaron Edelman <aedelman@mooneygreen.com>; Christina S. Gornail <cgornail@phillipsrichard.com>
> **Subject:** RE: Brightline v. NMB, 1:24-CV-24734
>
> Ellen- My notes show that Judge Gayles directed briefing schedules in the two cases and I am prepared to do that. I recognize that doing so is complicated by the vacation of the consolidation order by Judge Martinez. It makes sense to ask if Judge Gayles still wants a scheduling order for TWU's case. But I don't see why there is reason to ask whether the scheduling order in Brightline FL's case should involve TWU's counterclaim, since the Court granted TWU's motion to intervene, without any limitations. So TWU would not join a motion that includes that inquiry.

I have been thinking of how to make this all more orderly. As I have said, it was never our intent to litigate the same issue before two different judges. I propose the following:

TWU's counterclaim would proceed subject to a ruling on Brightline FL's motion to dismiss,

Brightline FL will re-file its motion to dismiss as a motion to dismiss the counterclaim (or file a separate motion in the Brightline case leaving the other in place for now)

TWU and Brightline FL will file their briefs on the motion to dismiss on the current schedule

TWU will dismiss its complaint before Judge Martinez pursuant to FRCP 41(a)(1)(A)(i) – since it will have its chance to pursue its claim as a counterclaim -subject to a ruling on the motion to dismiss

The proposed briefing schedule we talked about yesterday will be submitted to Judge Gayles, if the MTD is granted, there will just be SJ motions on Brightline FL's complaint, if the MTD is denied, then the SJ motions will be on both the complaint and the counterclaim

The other alternative is to request another conference with Judge Gayles.

I will be traveling today for bargaining tomorrow and Friday (leaving today at 1:30). If you want to talk by phone I can arrange that (my cell is 202-841-8796)

Rich

Richard S. Edelman
Mooney, Green, Saindon, Murphy & Welch, P.C.
1620 Eye Street, NW, Suite 700
Washington, DC 20006
(202) 783-0010
Redelman@Mooneygreen.com

**CONFIDENTIAL AND PRIVILEGED**

NOTE:  This transmission is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, and it is intended to be delivered only to the named addressee(s).  The information contained in this e-mail and any attachments thereto is intended only for the personal and confidential use of the recipient(s) named above.  This message may contain privileged attorney-client communications and/or work product.  If you are not the intended recipient of this transmission, you

are hereby notified that you have received the document in error and that any review, dissemination, copying, distribution or other use of this transmission is strictly prohibited.  If you have received this transmission in error, please notify us immediately and delete the original message.

**From:** Crisham Pellegrini, Ellen <epellegrini@sidley.com>
**Sent:** Tuesday, April 1, 2025 9:52 PM
**To:** Erickson-Pogorzelski, Anthony (USAFLS) <Anthony.Pogorzelski@usdoj.gov>; Rich Edelman <redelman@mooneygreen.com>
**Cc:** Laudone, Stephen S. <slaudone@sidley.com>
**Subject:** RE: Brightline v. NMB, 1:24-CV-24734

Anthony and Rich,

Thank you for the call today. We were looking back at our notes from Friday's status conference and during that call the Court asked the parties to put together scheduling orders for both cases. In light of that comment and the recent Court orders, we think it makes sense to file a motion with the Court seeking clarification as to whether (1) the scheduling order for the APA claim should involve TWU's counterclaim and (2) whether the Court wants a scheduling order for TWU's complaint even though it is now in front of Judge Martinez.

Please let us know if you consent to us filing this clarification motion as a joint motion from all of the parties.  We would circulate a draft of the motion in the morning for your review before filing.

Regards,
Ellen

**From:** Erickson-Pogorzelski, Anthony (USAFLS) <Anthony.Pogorzelski@usdoj.gov>
**Date:** Friday, Mar 28, 2025 at 11:45 AM
**To:** Crisham Pellegrini, Ellen <epellegrini@sidley.com>, Rich Edelman <redelman@mooneygreen.com>, Aaron Edelman <aedelman@mooneygreen.com>, cgornail@phillipsrichard.com <cgornail@phillipsrichard.com>, mrichard@phillipsrichard.com <mrichard@phillipsrichard.com>
**Cc:** Hynes, Terence M. <thynes@sidley.com>, Laudone, Stephen S. <slaudone@sidley.com>, Silverman, Lawrence D. <lawrence.silverman@sidley.com>
**Subject:** RE: Brightline v. NMB, 1:24-CV-24734

That works for me.

**From:** Crisham Pellegrini, Ellen <epellegrini@sidley.com>
**Sent:** Friday, March 28, 2025 11:41 AM
**To:** Erickson-Pogorzelski, Anthony (USAFLS) <Anthony.Pogorzelski@usdoj.gov>; Rich Edelman <redelman@mooneygreen.com>; Aaron Edelman <aedelman@mooneygreen.com>; cgornail@phillipsrichard.com; mrichard@phillipsrichard.com

**Cc:** Hynes, Terence M. <thynes@sidley.com>; Laudone, Stephen S. <slaudone@sidley.com>; Silverman, Lawrence D. <lawrence.silverman@sidley.com>
**Subject:** [EXTERNAL] RE: Brightline v. NMB, 1:24-CV-24734

Anthony and Rich,

Would 4/1 at 3.30 work for both of you?

Thanks,
Ellen

**ELLEN CRISHAM PELLEGRINI**

**SIDLEY AUSTIN LLP**
+1 202 736 8196
epellegrini@sidley.com

> **From:** Erickson-Pogorzelski, Anthony (USAFLS) <Anthony.Pogorzelski@usdoj.gov>
> **Sent:** Friday, March 28, 2025 11:36 AM
> **To:** Rich Edelman <redelman@mooneygreen.com>; Crisham Pellegrini, Ellen <epellegrini@sidley.com>; Aaron Edelman <aedelman@mooneygreen.com>; cgornail@phillipsrichard.com; mrichard@phillipsrichard.com
> **Cc:** Hynes, Terence M. <thynes@sidley.com>; Laudone, Stephen S. <slaudone@sidley.com>; Silverman, Lawrence D. <lawrence.silverman@sidley.com>
> **Subject:** RE: Brightline v. NMB, 1:24-CV-24734
>
> Tuesday 4/1 works best for me. I am available any time that day.
>
> I attached the sample scheduling report I filed in a previous APA review case and that I sent to Brightline as a proposed go-by.
>
>
> Anthony Erickson-Pogorzelski
> Senior Trial Attorney, Civil Division
> U.S. Attorney's Office, SDFL
> 99 N.E. 4th Street, Suite 300
> Miami, Florida 33132
> (305) 961-9296 (office phone)
> (786) 360-9764 (cell phone)

> **From:** Rich Edelman <redelman@mooneygreen.com>
> **Sent:** Friday, March 28, 2025 11:02 AM
> **To:** Crisham Pellegrini, Ellen <epellegrini@sidley.com>; Erickson-Pogorzelski, Anthony (USAFLS) <Anthony.Pogorzelski@usdoj.gov>; Aaron Edelman <aedelman@mooneygreen.com>; cgornail@phillipsrichard.com; mrichard@phillipsrichard.com
> **Cc:** Hynes, Terence M. <thynes@sidley.com>; Laudone, Stephen S. <slaudone@sidley.com>; Silverman, Lawrence D. <lawrence.silverman@sidley.com>
> **Subject:** [EXTERNAL] RE: Brightline v. NMB, 1:24-CV-24734

Given the court's order that we submit a proposed case schedule within 10 days, I suggest we arrange to talk next week. I will be traveling 4/2-4/4. I am available 3/31 9:30-10:30, 12:30-1:30 and 3:30- 6:00. On 4/1 I am available all day <u>except</u> 10:00-11:00. If need be I could do 4/2 before 11:00. The prior email chain regarding the schedule discussed by Brightline FL and the NMB referred an attachment that I assume was a template proposed scheduling order, I would appreciate if that is sent to us for our review.

With regard to our response to Brightline FL's motion to dismiss, we'd like an extension through 4/15. Any objection?

Rich

Richard S. Edelman
Mooney, Green, Saindon, Murphy & Welch, P.C.
1620 Eye Street, NW, Suite 700
Washington, DC 20006
(202) 783-0010
[Redelman@Mooneygreen.com](mailto:Redelman@Mooneygreen.com)

**CONFIDENTIAL AND PRIVILEGED**

NOTE:  This transmission is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, and it is intended to be delivered only to the named addressee(s).  The information contained in this e-mail and any attachments thereto is intended only for the personal and confidential use of the recipient(s) named above.  This message may contain privileged attorney-client communications and/or work product.  If you are not the intended recipient of this transmission, you are hereby notified that you have received the document in error and that any review, dissemination, copying, distribution or other use of this transmission is strictly prohibited.  If you have received this transmission in error, please notify us immediately and delete the original message.

> **From:** Crisham Pellegrini, Ellen <epellegrini@sidley.com>
> **Sent:** Wednesday, March 26, 2025 10:23 AM
> **To:** Rich Edelman <redelman@mooneygreen.com>; Erickson-Pogorzelski, Anthony (USAFLS) <Anthony.Pogorzelski@usdoj.gov>; Aaron Edelman <aedelman@mooneygreen.com>; cgornail@phillipsrichard.com; mrichard@phillipsrichard.com
> **Cc:** Hynes, Terence M. <thynes@sidley.com>; Laudone, Stephen S. <slaudone@sidley.com>; Silverman, Lawrence D. <lawrence.silverman@sidley.com>
> **Subject:** RE: Brightline v. NMB, 1:24-CV-24734
>
> We will inform the Court that 10.00 works for everyone.
>
> Thanks,
> Ellen

**ELLEN CRISHAM PELLEGRINI**

**SIDLEY AUSTIN LLP**
+1 202 736 8196
epellegrini@sidley.com

---

**From:** Rich Edelman <redelman@mooneygreen.com>
**Sent:** Wednesday, March 26, 2025 10:14 AM
**To:** Crisham Pellegrini, Ellen <epellegrini@sidley.com>; Erickson-Pogorzelski, Anthony (USAFLS) <Anthony.Pogorzelski@usdoj.gov>; Aaron Edelman <aedelman@mooneygreen.com>; cgornail@phillipsrichard.com; mrichard@phillipsrichard.com
**Cc:** Hynes, Terence M. <thynes@sidley.com>; Laudone, Stephen S. <slaudone@sidley.com>; Silverman, Lawrence D. <lawrence.silverman@sidley.com>
**Subject:** Re: Brightline v. NMB, 1:24-CV-24734

I've rescheduled my other 10:00 call, so I can be on a call with the Court Friday at 10:00.

It is not a matter of inconvenience. Putting aside TWU's complaint that has been consolidated with Brightline FL's case, TWU as an intervenor in Brightline FL's case should have been involved in case scheduling discussions. While the Court has not yet ruled on TWU's motion, neither Brightline FL nor the government opposed TWU's intervention, so I think, at a minimum, simple courtesy and a civil approach to civil litigation would have been enough for the other parties to Involve TWU in case scheduling discussions regarding when TWU will be responsible for filing motions and briefs.

In any event, we will review the proposed schedule and be prepared to discuss it.

Rich

Richard S. Edelman

Mooney, Green, Saindon, Murphy & Welch, P.C.

1620 Eye Street, NW, Suite 700

Washington, DC 20006

(202) 783-0010

Redelman@Mooneygreen.com


**CONFIDENTIAL AND PRIVILEGED**


NOTE:  This transmission is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, and it is intended to be delivered only to the named addressee(s).  The information contained in this e-mail and any attachments thereto is intended only for the personal and confidential use of the recipient(s) named above.  This message may contain privileged attorney-client communications and/or work product.  If you are not the intended recipient of this transmission, you are hereby notified that you have received the document in error and that any review, dissemination, copying, distribution or other use of this

transmission is strictly prohibited.  If you have received this transmission in error, please notify us immediately and delete the original message.

---

**From:** Crisham Pellegrini, Ellen <epellegrini@sidley.com>
**Sent:** Wednesday, March 26, 2025 9:49:43 AM
**To:** Erickson-Pogorzelski, Anthony (USAFLS) <Anthony.Pogorzelski@usdoj.gov>; Rich Edelman <redelman@mooneygreen.com>; Aaron Edelman <aedelman@mooneygreen.com>; cgornail@phillipsrichard.com <cgornail@phillipsrichard.com>; mrichard@phillipsrichard.com <mrichard@phillipsrichard.com>
**Cc:** Hynes, Terence M. <thynes@sidley.com>; Laudone, Stephen S. <slaudone@sidley.com>; Silverman, Lawrence D. <lawrence.silverman@sidley.com>
**Subject:** RE: Brightline v. NMB, 1:24-CV-24734

You don't often get email from epellegrini@sidley.com. Learn why this is important

Rich,

We would also like to offer our condolences on your mother's passing.

As Anthony mentioned below, our scheduling discussion was solely with regard to Brightline Florida's APA claim.  We likewise apologize for any inconvenience, and are hopeful that the Court can provide guidance during the status conference on how the Court would like each of the two claims to proceed.

We are happy to request a rescheduling of the conference if you are unavailable or need more time.  Please just let us know.

Regards,
Ellen

**ELLEN CRISHAM PELLEGRINI**

**SIDLEY AUSTIN LLP**
+1 202 736 8196
epellegrini@sidley.com

---

**From:** Erickson-Pogorzelski, Anthony (USAFLS) <Anthony.Pogorzelski@usdoj.gov>
**Sent:** Wednesday, March 26, 2025 9:10 AM
**To:** Rich Edelman <redelman@mooneygreen.com>; Crisham Pellegrini, Ellen <epellegrini@sidley.com>; Aaron Edelman <aedelman@mooneygreen.com>; cgornail@phillipsrichard.com; mrichard@phillipsrichard.com
**Cc:** Hynes, Terence M. <thynes@sidley.com>; Laudone, Stephen S. <slaudone@sidley.com>; Silverman, Lawrence D. <lawrence.silverman@sidley.com>
**Subject:** RE: Brightline v. NMB, 1:24-CV-24734

Rich,

I am sorry to hear about the passing of your mother.  I would assume the court could offer alternate dates for the status conference if you need more time.

Regarding the scheduling discussions in this case, the Local Rules for Southern District of Florida do not have any rules that speak to scheduling an APA case. Rather, the Local Rules except an action for the review on an administrative record from the scheduling conference and report requirements. Fed. R. Civ. P. 26(a)(1)(B)(i) (providing that "an action for review on an administrative record" is "exempt from initial disclosure"); Local Rule 16.1(b)(1) (requiring the filing of a joint scheduling report "[e]xcept in categories of proceedings exempted from initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(B).").

Brightline reached out requesting a schedule that would apply to an APA case, i.e., production of the record and deadlines for cross motions. The scheduling discussion only applied to Brightline's APA claim, not the intervenor's claims. Apologies if the attempt to establish a schedule for the APA action caused any inconvenience to the intervenor.

Anthony Erickson-Pogorzelski
Senior Trial Attorney, Civil Division
U.S. Attorney's Office, SDFL
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
(305) 961-9296 (office phone)
(786) 360-9764 (cell phone)

---

**From:** Rich Edelman <redelman@mooneygreen.com>
**Sent:** Tuesday, March 25, 2025 9:10 PM
**To:** Crisham Pellegrini, Ellen <epellegrini@sidley.com>; Erickson-Pogorzelski, Anthony (USAFLS) <Anthony.Pogorzelski@usdoj.gov>; Aaron Edelman <aedelman@mooneygreen.com>; cgornail@phillipsrichard.com; mrichard@phillipsrichard.com
**Cc:** Hynes, Terence M. <thynes@sidley.com>; Laudone, Stephen S. <slaudone@sidley.com>; Silverman, Lawrence D. <lawrence.silverman@sidley.com>
**Subject:** [EXTERNAL] RE: Brightline v. NMB, 1:24-CV-24734

I apologize for the delay in responding, and for doing so at night. I have been driving all day, returning from New York where I have been since Thursday. My mother passed away on Friday, the funeral was yesterday, and I have been traveling most of today. Tomorrow, I have a number of things to deal with in the morning, so I am responding now.

I have another commitment Friday at 10:00 but I will do my best to move it and be available at 10:00eastern.

9

I must say I am concerned and disappointed that counsel for Brightline Florida and counsel for the government have been discussing a schedule for handling of this case since Tuesday March 18th and exchanged emails as to a proposed schedule on Thursday March 20th, not only without consulting counsel for TWU, but also without even informing counsel for TWU of the discussions after they occurred. TWU's case has been consolidated with Brightline Florida's case since March 4th. TWU timely and properly moved to intervene in Brightline Florida v. NMB. The government did not object to TWU's motion to intervene in Brightline Florida v. NMB. Brightline Florida did not object to the intervention; it only objected to the Union's counterclaim. Given all of that, it seems to me that the failure to consult with, or even inform, counsel for TWU of the discussions was at worst improper and at best discourteous. Nonetheless I will review the proposed schedule and be prepared to respond to it on Friday.

Richard Edelman

Richard S. Edelman
Mooney, Green, Saindon, Murphy & Welch, P.C.
1620 Eye Street, NW, Suite 700
Washington, DC 20006
(202) 783-0010
Redelman@Mooneygreen.com

**CONFIDENTIAL AND PRIVILEGED**

NOTE:  This transmission is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, and it is intended to be delivered only to the named addressee(s).  The information contained in this e-mail and any attachments thereto is intended only for the personal and confidential use of the recipient(s) named above.  This message may contain privileged attorney-client communications and/or work product.  If you are not the intended recipient of this transmission, you are hereby notified that you have received the document in error and that any review, dissemination, copying, distribution or other use of this transmission is strictly prohibited.  If you have received this transmission in error, please notify us immediately and delete the original message.

**From:** Crisham Pellegrini, Ellen <epellegrini@sidley.com>
**Sent:** Tuesday, March 25, 2025 5:32 PM
**To:** Erickson-Pogorzelski, Anthony (USAFLS) <Anthony.Pogorzelski@usdoj.gov>; Rich Edelman <redelman@mooneygreen.com>; Aaron Edelman <aedelman@mooneygreen.com>; cgornail@phillipsrichard.com; mrichard@phillipsrichard.com
**Cc:** Hynes, Terence M. <thynes@sidley.com>; Laudone, Stephen S.

<slaudone@sidley.com>; Silverman, Lawrence D. <lawrence.silverman@sidley.com>
**Subject:** RE: Brightline v. NMB, 1:24-CV-24734

Some people who received this message don't often get email from epellegrini@sidley.com. Learn why this is important

Anthony,

To clarify, it was the Court that requested the status call. Our understanding is that the Court would like to discuss how consolidation of the two separate complaints and claims will impact scheduling. The Court also independently said it wanted to discuss TWU's motion to intervene.

We are in agreement on the proposed schedule for the APA claim that you attached, subject of course to feedback from the Court on Friday and from TWU if/when the Court grants its motion to intervene.

Thanks,
Ellen


**ELLEN CRISHAM PELLEGRINI**

**SIDLEY AUSTIN LLP**
+1 202 736 8196
epellegrini@sidley.com

**From:** Erickson-Pogorzelski, Anthony (USAFLS) <Anthony.Pogorzelski@usdoj.gov>
**Sent:** Tuesday, March 25, 2025 4:37 PM
**To:** Crisham Pellegrini, Ellen <epellegrini@sidley.com>; redelman@mooneygreen.com; aedelman@mooneygreen.com; cgornail@phillipsrichard.com; mrichard@phillipsrichard.com
**Cc:** Hynes, Terence M. <thynes@sidley.com>; Laudone, Stephen S. <slaudone@sidley.com>; Silverman, Lawrence D. <lawrence.silverman@sidley.com>
**Subject:** RE: Brightline v. NMB, 1:24-CV-24734

I am available on Friday at 10:00am.

That said, I am not clear on what the issue is. Per the attached email, I thought we agreed as to the proposed schedule and scheduling report in this case. While I appreciate that it deviates from the Court's proposed version and would therefore require a written explanation justifying the deviation, as this is an APA case, I do not see another workable option.

Are we still proceeding with our previously agreed upon proposed schedule and scheduling report?


Anthony Erickson-Pogorzelski
Senior Trial Attorney, Civil Division
U.S. Attorney's Office, SDFL
99 N.E. 4th Street, Suite 300
Miami, Florida 33132

11

(305) 961-9296 (office phone)
(786) 360-9764 (cell phone)

**From:** Crisham Pellegrini, Ellen <epellegrini@sidley.com>
**Sent:** Tuesday, March 25, 2025 4:22 PM
**To:** Erickson-Pogorzelski, Anthony (USAFLS) <Anthony.Pogorzelski@usdoj.gov>; redelman@mooneygreen.com; aedelman@mooneygreen.com; cgornail@phillipsrichard.com; mrichard@phillipsrichard.com
**Cc:** Hynes, Terence M. <thynes@sidley.com>; Laudone, Stephen S. <slaudone@sidley.com>; Silverman, Lawrence D. <lawrence.silverman@sidley.com>
**Subject:** [EXTERNAL] Brightline v. NMB, 1:24-CV-24734

Counsel,

We reached out to chambers today for some clarification on the Court's recent order directing the parties to submit a proposed scheduling report and order. The Court proposed a telephonic status conference for 10 am this Friday, March 28, 2025, to discuss scheduling matters and pending motions. The Court asked us to confer with you about your availability at that time, and requested a response today or tomorrow.

Please let me know your availability.

Thanks,
Ellen


**ELLEN CRISHAM PELLEGRINI**

**SIDLEY AUSTIN LLP**
1501 K Street, N.W.
Washington, DC 20005
+1 202 736 8196
epellegrini@sidley.com
www.sidley.com

SIDLEY

***************************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.
***************************************************************************************************