UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Miami Division**

| | |
|---|---|
| BRIGHTLINE TRAINS FLORIDA LLC,<br><br>                        Plaintiff,<br><br>v.<br><br>NATIONAL MEDIATION BOARD,<br><br>                        Defendant,<br><br>and<br><br>TRANSPORT WORKERS UNION OF AMERICA,<br><br>                        Intervenor. | Case No. 1:24-CV-24734-DPG |

**THE PARTIES' JOINT RESPONSE TO THE COURT'S
ORDER REQUIRING SCHEDULING REPORT**

Plaintiff Brightline Trains Florida LLC ("Brightline Trains"), Defendant National Mediation Board ("NMB"), and Intervenor Transport Workers Union of America ("TWU") (collectively, "the Parties") hereby jointly file their response to the Court's order at the telephonic status conference on March 28, 2025, requiring the Parties to file a scheduling report and state as follows:

**SCHEDULING PROPOSAL AS TO BRIGHTLINE FLORIDA'S CLAIM
UNDER THE ADMINISTRATIVE PROCEDURE ACT**

1. Brightline Florida asserts a claim under the Administrative Procedure Act challenging the NMB's jurisdictional determination that Brightline Florida is subject to the Railway Labor Act. *See* ECF No. 1, Compl. ¶¶ 48–61.

2. The Parties respectfully submit that, since the case is filed under 5 U.S.C. § 706 seeking administrative review of an agency decision, it is exempt from the requirements of Local

Rule 16.1 regarding the filing of a scheduling report. *See* Fed. R. Civ. P. 26(a)(1)(B)(i) (providing that "an action for review on an administrative record" is "exempt from initial disclosure"); Local Rule 16.1(b)(1) (requiring the filing of a joint scheduling report "[e]xcept in categories of proceedings exempted from initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(B)").

3. Nonetheless, in light of the Court's order, the Parties have conferred regarding matters contemplated by Local Rule 16.1(b)(2) and submit the following:

> A. The Parties do not believe settlement is possible in this matter because the case concerns review of an agency decision.
>
> B. The Parties do not anticipate the appearance of additional parties.
>
> C. The Parties anticipate that Brightline Florida's APA claim can be resolved on cross-motions for summary judgment based on the administrative record without discovery or trial. The Parties therefore respectfully propose the following schedule:
>
>> 1. The NMB will certify and file the Administrative Record within 7 days of the Court's entry of a scheduling order, but no later than April 14, 2025.
>>
>> 2. The Parties shall resolve any disputes over the accuracy or completeness of the Administrative Record within 14 days of the filing of the Administrative Record.
>>
>> 3. The Parties' simultaneous cross-motions for summary judgment are due 60 days after the expiration of the deadline to file challenges to the accuracy or completeness of the Administrative Record if no challenge is filed, or if a challenge is filed, 60 days after the Court

      resolves any such challenge and the Administrative Record is deemed complete.

    4. The Parties' briefs in opposition to summary judgment are due 30 days following the filing of motions for summary judgment.

    5. The Parties' reply briefs in support of summary judgment are due 14 days after the filing of briefs in opposition to summary judgment.

  D. There are no proposals for the formulation and simplification of issues at this time.

  E. The Parties do not anticipate amending the pleadings.

  F. Admissions of fact and authentication of records should be unnecessary in a record review case such as this.

  G. Proof and cumulative evidence should not be at issue in this record review case.

  H. There are no suggestions on the advisability of referring matters to the Magistrate Judge.

  I. The Parties submit that there is no need for trial in this proceeding because reviews of agency decisions under § 706 are generally decided on cross-motions for summary judgment.

  J. The Parties do not request any additional dates.

  K. No additional issues.

  L. No other information.

4. Brightline Florida respectfully requests leave to file a single, 40-page brief in opposition to the NMB's and TWU's motions for summary judgment, rather than two, 20-page briefs.

The NMB and TWU do not oppose this request.

5.  Brightline Florida also respectfully requests leave to file a 20-page reply brief in response to the NMB's and TWU's briefs in opposition to Brightline Florida's motion for summary judgment. The NMB and TWU do not oppose this request.

### SCHEDULING PROPOSAL AS TO TWU'S COUNTERCLAIM UNDER THE RAILWAY LABOR ACT

6.  TWU asserts a counterclaim alleging that Brightline Florida is in violation of the Railway Labor Act, 45 U.S.C. § 151 *et seq.* *See* ECF No. 46.

7.  TWU and Brightline Florida have conferred regarding matters contemplated by Local Rule 16.1(b)(2) and submit the following:

   A.  The Parties do not believe settlement is possible in this matter because the case concerns a pure question of law.

   B.  The Parties do not anticipate the appearance of additional parties.

   C.  The Parties' proposed schedules for dispositive motions are set forth below in paragraphs 8 and 9 and in the accompanying proposed order. The Parties do not anticipate the need to join other parties, amend pleadings, or conduct discovery.

   D.  There are no proposals for the formulation and simplification of issues at this time.

   E.  The Parties do not anticipate amending the pleadings.

   F.  Admissions of fact and authentication of records should be unnecessary in a case such as this involving a pure question of law.

   G.  Proof and cumulative evidence should not be at issue in this case.

4

      H.     There are no suggestions on the advisability of referring matters to the Magistrate Judge.

      I.     The Parties submit that there is no need for a trial in this proceeding because TWU's claim turns on a pure question of law under the Railway Labor Act that can be resolved on cross-motions for summary judgment in the event the Court denies Brightline Florida's forthcoming motion to dismiss for failure to state a claim.

      J.     The Parties do not request any additional dates.

      K.     No additional issues.

      L.     No other information.

8. Brightline Florida respectfully proposes the following schedule for TWU's counterclaim:

      A.     Brightline Florida shall file its motion to dismiss TWU's counterclaim on or before April 23, 2025, 21 days from service of TWU's counterclaim on April 2, 2025, pursuant to Federal Rule of Civil Procedure 12(a)(1)(B).

      B.     TWU shall file its opposition to Brightline Florida's motion to dismiss on or before May 7, 2025.

      C.     Brightline Florida shall file its reply in support of its motion to dismiss on or before May 14, 2025.

      D.     The Parties' cross-motions for summary judgment are due 45 days after the Court issues a decision on Brightline Florida's motion to dismiss TWU's counterclaim.

    E.    The Parties' briefs in opposition to summary judgment are due 30 days following the filing of motions for summary judgment.

    F.    The Parties' reply briefs in support of summary judgment are due 14 days following the filing of briefs in opposition to summary judgment.

9.    TWU respectfully proposes the following schedule for its counterclaim:

    A.    Brightline Florida shall re-file its motion to dismiss TWU's complaint as a motion to dismiss TWU's counterclaim on or before April 11, 2025 pursuant to Federal Rule of Civil Procedure 12(a)(1)(B).

    B.    TWU shall file its opposition to Brightline Florida's motion to dismiss on or before April 15, 2025.

    C.    Brightline Florida shall file its reply in support of its motion to dismiss on or before April 29, 2025.

    D.    The Parties' cross-motions for summary judgment, opposition, and reply briefs are due on the same dates as the motions for summary judgment, oppositions, and reply briefs proposed in paragraph 3.C.

    E.    Within 5 days of entry of an Order consistent with the schedule proposed in this paragraph 9, TWU will dismiss its complaint in Civil Action 1:25-cv-20863-DPG in accordance with Fed. R. Civ. P. 41(a)(1)(A)(i).

10.    The Parties also respectfully request that Brightline Florida's motion to dismiss filed on March 25, 2025, at ECF No. 39, be transferred to *Transport Workers Union of Am., AFL-CIO v. Brightline Trains Florida, LLC*, No. 1:25-cv-20863 (S.D. Fla.), now that *Transport Workers Union* and the above-captioned case are no longer consolidated. *See* ECF No. 45.

11.    The Parties respectfully request that, because TWU's counterclaim rests on a pure

question of law such that no discovery or trial is necessary in this matter, the Court exempt the Parties from the disclosure requirements of Federal Rule of Civil Procedure 26.

12. The Parties respectfully request that, because TWU's counterclaim rests on a pure question of law such that settlement is not possible in this matter, the Court exempt the Parties from the mediation requirements of Local Rule 16.2.

## CONCLUSION

WHEREFORE, the Parties respectfully request that the Court adopt the proposed schedule set forth above. A proposed scheduling order is attached.

April 7, 2025

**Anthony Erickson-Pogorzelski**[1]
Anthony Erickson-Pogorzelski
 (Fla. Bar No. 619884)
Assistant U.S. Attorney
99 N.E. 4th Street, 3rd Floor
Miami, FL 33132
(305) 961-9296
anthony.pogorzelski@usdoj.gov

*Counsel for National Mediation Board*


**Mark H. Richard**[2]
Mark H. Richard (Florida Bar No. 305979)
Christina S. Gornail (Florida Bar No. 085922)
Phillips, Richard & Rind, P.A.
9360 S.W. 72nd Street, Suite 283
Miami, FL 33173
(305) 412-8322
(305) 412-8299 (facsimile)
mrichard@phillipsrichard.com
cgornail@phillipsrichard.com

Richard S. Edelman
Aaron S. Edelman
Mooney, Green, Saindon, Murphy & Welch
1620 Eye Street, N.W., Suite 700
Washington, D.C. 20006
(202) 783-0010
(202) 783-6088 (facsimile)
redelman@mooneygreen.com
aedelman@mooneygreen.com

*Counsel for Transport Workers Union of America*

Respectfully submitted,

**Lawrence D. Silverman**
Lawrence D. Silverman (Fla. Bar No. 7160)
Sidley Austin LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
(305) 391-5100
(305) 391-5101 (facsimile)
lawrence.silverman@sidley.com

Terence M. Hynes
Raymond A. Atkins
Ellen Crisham Pellegrini
Sidley Austin LLP
1501 K Street NW
Washington, DC 20005
(202) 736-8000
(202) 736-8711 (facsimile)
thynes@sidley.com
ratkins@sidley.com
epellegrini@sidley.com

*Counsel for Brightline Trains Florida LLC*

---

[1] Filed with written consent to file with electronic signature.

[2] Filed with written consent to file with electronic signature.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 7th day of April 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document was served, by the Court's electronic filing system, to all counsel of record.

      **Lawrence D. Silverman**
Lawrence D. Silverman (Fla. Bar No. 7160)