UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-24734-GAYLES/GOODMAN

**BRIGHTLINE TRAINS FLORIDA LLC,**

    Plaintiff,

v.

**NATIONAL MEDIATION BOARD,**

    Defendant,

and

**TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO,**

    Intervenor.

_____/

**SCHEDULING ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE**

**THIS CAUSE** is not set for trial. A **Telephonic Status Conference** will be held at **10:00 a.m. on Wednesday, June 18, 2025**. The parties shall adhere to the following schedule:

| # | Item | Date |
|---|------|------|
| 1. | The NMB will certify and file the Administrative Record by | **4/14/2025** |
| 2. | Brightline Florida shall file its motion to dismiss TWU's counterclaim by | **4/23/2025** |
| 3. | The Parties shall resolve any disputes over the accuracy or completeness of the Administrative Record by | **4/28/2025** |
| 4. | TWU shall file its opposition to Brightline Florida's motion to dismiss by | **5/7/2025** |
| 5. | Brightline Florida shall file its reply in support of its motion to dismiss by | **5/14/2025** |
| 6. | The Parties' simultaneous cross-motions for summary judgment are due by | **7/30/2025** |

| | | |
|---|---|---|
| 7. | The Parties' briefs in opposition to summary judgment are due by[1] | **8/29/2025** |
| 8. | The Parties' reply briefs in support of summary judgment are due by | **9/12/2025** |

**Motions.** Every motion filed in this case shall be accompanied by **one proposed original order granting** the motion. Each party shall be limited to filing one (1) motion in limine. Unless otherwise specified by the Court, every motion shall be double spaced in 12-point Times New Roman typeface. **Multiple Plaintiffs or Defendants shall file joint motions with co-parties unless there are clear conflicts of position**.

**Referral to Magistrate Judge.** Pursuant to 28 U.S.C. § 636, all discovery matters are referred to **Chief Magistrate Judge Jonathan Goodman to take all appropriate action. Furthermore, pursuant to 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Judge Goodman.**

**Status Conferences and Calendar Call.** The parties shall attend any status conference held in this matter and the calendar call by telephone. Counsel shall enter their appearances telephonically using the following dial-in information: **Dial-in Number 305-990-2559**; **Phone Conference ID 374 050 271#**. Please dial in at least ten minutes before the status conference begins and wait until your case is called.

**Mediation.** The parties shall select a mediator pursuant to Local Rule 16.2 and shall schedule a time, date, and place for mediation. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. Within **seven (7) days** of mediation, the parties are required to file a mediation

---

[1] The Court grants Brightline request for leave to file (1) a single 40-page brief in opposition to the National Mediation Board's and Transport Workers Union of America's forthcoming motions for summary judgment and (2) a 20-page reply in support of its own forthcoming motion for summary judgment.

report with the Court.

**Discovery.** The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. The Court must approve all stipulations that would interfere with the schedule deadlines. *See* Fed. R. Civ. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court. Strict compliance with the Local Rules is expected, particularly with regard to motion practice. *See* S.D. Fla. L.R. 7.1.

**Discovery Disputes.  No written discovery motions, including motions to compel, for protective order, or related motions for sanctions shall be filed unless the Magistrate Judge requests them.**

**Deposition Designations.  Parties seeking to use deposition testimony at trial shall provide the Court with a full deposition transcript. The designations shall be color coded, with each party highlighting the deposition testimony it intends to use in a specific color. Objections to designations shall be included in the margins of the transcript.**

**Electronic Submission of Exhibits.** Pursuant to Local Rule 5.3(b)(2) regarding electronic submission of exhibits, counsel must file in the CM/ECF system electronic versions of documentary exhibits <u>within ten (10) days of the conclusion of the hearing or trial</u> in which they were introduced.[2] At the time of filing the electronic exhibits, an attorney for each party shall also complete and file the attached **Certification of Compliance re Admitted Evidence**. Electronically filed exhibits are subject to CM/ECF Administrative Procedures, Section 6, Redaction of Personal Information, Privacy Policy, and Inappropriate Materials. Failure to file the electronic

---

[2] This requirement excludes contraband and audio/video recordings. The filing party will file with the Clerk a CD, DVD, or other electronic medium containing a copy of any exhibit that is an audio or video recording.

exhibits and Certification of Compliance by the date enumerated above may result in the imposition of sanctions. Any original exhibits that have been returned to, or retained by, the filing party after electronic filing shall be kept for safe keeping until the conclusion of any appeals. Upon order of the Court, the filing party must return the original exhibits to the Clerk of Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, this **Friday, April 11, 2025.**

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Goodman
All Counsel of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:24-cv-24734-GAYLES/GOODMAN

**BRIGHTLINE TRAINS FLORIDA LLC,**

    **Plaintiff,**

v.

**NATIONAL MEDIATION BOARD, ,**

    **Defendant.**

_____/

**CERTIFICATE OF COMPLIANCE RE ADMITTED EVIDENCE**

I, _____, as counsel for

_____, hereby certify the following:

*Check the applicable sections:*

☐ **ALL EXHIBITS E-FILED.** All documentary exhibits and photographs of nondocumentary physical exhibits to be admitted into evidence have been electronically filed in CM/ECF.

☐ **EXHIBITS NOT E-FILED.** Some documentary exhibits and/or physical exhibits to be admitted into evidence cannot be electronically filed in CM/ECF. This includes and contraband. The following identifies those exhibit numbers that have been retained by the Clerk, and separately identifies those proposed exhibit numbers retained by this filing party. (**Attach a list.**)

☐ **AUDIO/VIDEO EXHIBITS.** The following audio and/or video exhibits are to be entered into evidence during these proceedings. The filing party has conventionally filed with the Clerk of Court a CD or DVD containing the audio or video exhibit. (**Attach a list.**)

Any original exhibits that have been returned to or retained by the filing party after electronic filing shall be kept for safe keeping until the conclusion of any appeals. Upon order of the Court, the filing party agrees to return the original exhibits to the Clerk of Court.

This Certificate shall be filed by the date provided in the Court's Scheduling Order. Failure to timely comply with the Electronic Submission of Exhibits requirements provided in the Scheduling Order or with the requirements of Administrative Order 2016-70 governing the Electronic Submission of Exhibits may result in the imposition of sanctions.

Signature: _____ Date: _____