UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Miami Division**

| | |
|---|---|
| BRIGHTLINE TRAINS FLORIDA LLC,<br><br>         Plaintiff,<br><br>v.<br><br>NATIONAL MEDIATION BOARD,<br><br>         Defendant,<br><br>and<br><br>TRANSPORT WORKERS UNION OF AMERICA,<br><br>         Intervenor. | Case No. 1:24-CV-24734-DPG |

**BRIGHTLINE TRAINS FLORIDA LLC'S REPLY
IN SUPPORT OF MOTION FOR CLARIFICATION**

Brightline Trains Florida LLC's ("Brightline Florida's") consistent position has been that its claim under the Administrative Procedure Act ("APA") that the National Mediation Board acted in excess of its jurisdictional authority is fundamentally different than Transport Workers Union of America, AFL-CIO's ("TWU's") cause of action against Brightline Florida—brought as both a counterclaim and a standalone claim—alleging that Brightline Florida violated the Railway Labor Act ("RLA"). Following argument by the Parties during the March 28, 2025 status conference, the Court vacated the order consolidating Brightline Florida's APA case with TWU's standalone RLA cause of action. However, the Court issued a second order that granted TWU's motion to intervene and appeared to permit TWU to file its attached counterclaim. The result of these two

orders is that TWU is now pursuing two identical claims in two distinct proceedings against Brightline Florida.  This situation is what prompted Brightline Florida's motion for clarification seeking guidance from this Court as to the status of TWU's two identical claims and the scheduling of same.  In opposing Brightline Florida's request for clarification, TWU mischaracterizes Brightline Florida's concerns and incorrectly asserts that Brightline Florida's and TWU's respective claims are identical such that they should be decided together.

## ARGUMENT

The Court rightly decided that the order consolidating the above-captioned case and *Transport Workers Union of Am., AFL-CIO v. Brightline Trains Florida, LLC*, No. 1:25-cv-20863 (S.D. Fla.) should be vacated.  ECF No. 45.  As Brightline Florida explained during the status conference on March 28, 2025, and as it raised when opposing TWU's request to file a counterclaim in the above-captioned case, *see* ECF No. 34 at 4–7, the cases should not have been consolidated because, with regard to Brightline Florida's APA claim, the Court sits in an appellate posture in reviewing agency action on a closed administrative record, while TWU's claim (and counterclaim) raises new issues never presented to (or addressed by) the agency below.  ECF No. 50, Tr. 5:1–21 (Mar. 28, 2025); *see id.* at 7:18–24 (counsel for the Government corroborating Brightline Florida's position that the issues underlying TWU's cause of action were "not presented to the agency and will not be part of the administrative record," "will not be part of the APA challenge," and "will be a separate issue").[1]

Clarification from the Court, however, is warranted because the practical consequence of the Court's orders is that Brightline Florida is now defending identical claims in two separate

---

[1] Brightline Florida did not oppose TWU's intervention in Brightline Florida's APA challenge for the express purpose of defending the NMB's jurisdictional determination based solely on the administrative record.  ECF No. 34 at 4.

proceedings on two separate schedules. As explained in the motion for clarification, the presence of identical claims risks confusion and the unnecessary duplication and expenditure of the Court's and the Parties' resources. ECF No. 47 ¶ 8. Currently, TWU's two causes of action are in different postures and on different schedules. *Compare* ECF No. 54 *with* ECF No. 21, *Transport Workers Union*, No. 1:25-cv-20863. Pursuant to the Court's Scheduling Order in the above-captioned case, the Parties will be filing cross-motions for summary judgment approximately one month later than the cross-motions for summary judgment scheduled to be filed in *Transport Workers Union*, No. 1:25-cv-20863. *Compare* ECF No. 54 ¶ 6 (July 30, 2025) *with* ECF No. 21 ¶ 3, *Transport Workers Union*, No. 1:25-cv-20863 (June 27, 2025). Plus, TWU will have an unfair advantage in that it will file its opposition to Brightline Florida's motion to dismiss TWU's counterclaim in the above-captioned case approximately one week after receiving Brightline Florida's reply to TWU's opposition to Brightline Florida's motion to dismiss TWU's claim in *Transport Workers Union*, No. 1:25-cv-20863. *Compare* ECF No. 54 ¶ 4 (May 7, 2025) *with* ECF No. 21 ¶ 2, *Transport Workers Union*, No. 1:25-cv-20863 (April 29, 2025). If both cases are allowed to proceed, the Parties will brief, and the Court will decide, motions to dismiss, and potentially motions for summary judgment if TWU's cause of action survives Rule 12 scrutiny, in both cases.

TWU dismisses Brightline Florida's concerns on two flawed grounds. *First*, TWU asserts that Brightline Florida's motion for clarification is "just another effort to at least delay and possibly prevent prosecution of TWU's counterclaim." ECF No. 48, Opp. at 1. To start, Brightline Florida is not delaying the prosecution of TWU's RLA cause of action—Brightline Florida has moved to dismiss TWU's claim in *Transport Workers Union*, No. 1:25-cv-20863, and TWU's RLA action will move forward there in the ordinary course. Rather, what Brightline Florida is

trying to avoid is the unnecessary expenditure of time and resources by all Parties, and the confusion that is likely to arise if TWU's two identical claims continue to proceed on different schedules.

*Second*, TWU suggests that Brightline Florida is overcomplicating the issues by refusing to acquiesce to TWU's proffered solution for scheduling this case. TWU bases its position on the faulty premise that TWU's RLA counterclaim "raises the same issue as is involved in Brightline FL's complaint" and should therefore be decided at the same time and in the same case as the APA claim. ECF No. 48, Opp. at 2, 3.[2] TWU's characterization is obviously incorrect. If TWU's cause of action raised the same issues presented in Brightline Florida's APA claim then there would be no reason for TWU to pursue its RLA claim or counterclaim at all.

Brightline Florida's complaint alleges that the NMB's jurisdictional determination is in excess of the agency's statutory jurisdiction because Brightline Florida is not a "carrier" under the RLA as a matter of law. ECF No. 1, Compl. ¶ 60. Brightline thus seeks an order declaring the NMB's November 12 Order unlawful and unenforceable and a declaration that Brightline Florida is not subject to the RLA. *Id.* ¶¶ 61, 67. In contrast, TWU's cause of action necessarily requires the existence of RLA jurisdiction. According to TWU's counterclaim, Brightline Florida is violating a specific provision of the RLA by simply exercising its right to challenge the NMB's incorrect jurisdictional determination in this proceeding. ECF No. 46, Counterclaim ¶¶ 22–23. Not only were no arguments presented to the NMB regarding this specific RLA provision that

---

[2] TWU falsely claims that Brightline Florida has "ignored TWU's proposals to efficiently handle this litigation." *Id.* at 3. As TWU's exhibit shows, *see* ECF No. 48-1, Brightline Florida engaged in multiple discussions with TWU trying to reach a mutually agreeable schedule forward. However, in the end, Brightline Florida and TWU have a fundamental disagreement as to the appropriate way to resolve TWU's RLA claim vis-à-vis Brightline Florida's APA claim. An impasse is not the same as a refusal to engage.

4

TWU invokes, and thus there is nothing in the administrative record about this provision or TWU's argument concerning same, but the relief TWU seeks is incompatible with Brightline Florida's APA claim. TWU seeks a declaration that Brightline Florida is in violation of the RLA by challenging the NMB's jurisdiction and an order enjoining Brightline Florida from "refusing to exert every reasonable effort to make an agreement with TWU." *Id.* at 17 ¶¶ A–B. TWU clarified during the status conference on March 28, 2025, and repeated during an email exchange with Brightline Florida's counsel, that it is "not arguing that Brightline Florida's conduct in bargaining violates the [RLA]." ECF No. 50, Tr. 8:9–10 (Mar. 28, 2025); *see* ECF No. 48-1 at 1 ("And as I have said, the gravamen of TWU's complaint is not about Brightline FL's conduct at the bargaining table, but about its denial of RLA coverage."). Therefore, the only conduct TWU could seek to enjoin is Bright Florida's prosecution of its APA claim in this proceeding. Far from being identical, TWU's RLA claim and counterclaim are fundamentally incompatible with Brightline Florida's APA claim. As a result, the Parties' arguments on summary judgment as to the APA and RLA claims will be fundamentally different.

It is undisputed that the Parties disagree on how, and whether, TWU's duplicative claims should proceed. As a result of the above, Brightline Florida seeks clarification from this Court as to the status of TWU's two identical claims and the scheduling of same. *Omega Psi Phi Fraternity, Inc. v. Edden*, No. 11-80465, 2012 WL 13134335, at *1 (S.D. Fla. Mar. 23, 2012) ("There is no reason for two cases involving the same parties and the same claims to be pending in the same court simultaneously."). Brightline Florida respectfully suggests that TWU's standalone claim in *Transport Workers Union*, No. 1:25-cv-20863, should proceed while the identical counterclaim in the above-captioned proceeding should be disallowed. ECF No. 47 ¶ 9. That approach would also enable a more expeditious resolution of Brightline Florida's APA claim as the Parties would not

5

have to wait to brief that claim until Brightline Florida's motion to dismiss TWU's counterclaim is resolved.

## CONCLUSION

For all of these reasons, Brightline Florida seeks clarification as to which of TWU's identical causes of action will proceed.

April 14, 2025                                                                 Respectfully submitted,

                                                                          /s/ Lawrence D. Silverman
Lawrence D. Silverman (Fla. Bar No. 7160)
Sidley Austin LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
(305) 391-5100
(305) 391-5101 (facsimile)
lawrence.silverman@sidley.com

Terence M. Hynes
Raymond A. Atkins
Ellen Crisham Pellegrini
Sidley Austin LLP
1501 K Street NW
Washington, DC 20005
(202) 736-8000
(202) 736-8711 (facsimile)
thynes@sidley.com
ratkins@sidley.com
epellegrini@sidley.com

*Counsel for Brightline Trains Florida LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 14th day of April 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document was served, by the Court's electronic filing system, to all counsel of record.

      /s/ Lawrence D. Silverman
Lawrence D. Silverman (Fla. Bar No. 7160)