### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

**Miami Division**

| |
|---|
| BRIGHTLINE TRAINS FLORIDA LLC, |
| Plaintiff, |
| v. |
| NATIONAL MEDIATION BOARD, |
| Defendant, |
| and |
| TRANSPORT WORKERS UNION OF AMERICA, |
| Intervenor. |

Case No. 1:24-CV-24734-DPG

### BRIGHTLINE TRAINS FLORIDA LLC'S MOTION TO DISMISS
### FOR FAILURE TO STATE A CLAIM OR FOR STAY

Under Federal Rule of Civil Procedure 12, Brightline Trains Florida LLC ("Brightline Florida") respectfully moves to dismiss the counterclaim of Transport Workers Union of America, AFL-CIO ("TWU") against Brightline Florida for the reasons set forth in the attached memorandum of law. Alternatively, Brightline Florida respectfully requests that the Court stay TWU's counterclaim against Brightline Florida pending resolution of Brightline Florida's challenge to the National Mediation Board's jurisdictional determination.

April 23, 2025                           Respectfully submitted,

Terence M. Hynes                          /s/ Lawrence D. Silverman
Raymond A. Atkins                        Lawrence D. Silverman (Fla. Bar No. 7160)
Ellen Crisham Pellegrini                 Sidley Austin LLP
Sidley Austin LLP                        1001 Brickell Bay Drive, Suite 900
1501 K Street NW                         Miami, FL 33131
Washington, DC 20005                     (305) 391-5100
(202) 736-8000                           (305) 391-5101 (facsimile)
(202) 736-8711 (facsimile)               lawrence.silverman@sidley.com
thynes@sidley.com
ratkins@sidley.com
epellegrini@sidley.com

*Counsel for Plaintiff Brightline Trains Florida LLC*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Miami Division

| | |
|---|---|
| BRIGHTLINE TRAINS FLORIDA LLC, | |
| Plaintiff, | Case No. 1:24-CV-24734-DPG |
| v. | |
| NATIONAL MEDIATION BOARD, | |
| Defendant, | |
| and | |
| TRANSPORT WORKERS UNION OF AMERICA, | |
| Intervenor. | |

## BRIGHTLINE TRAINS FLORIDA LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR FOR STAY

April 23, 2025

Terence M. Hynes
Raymond A. Atkins
Ellen Crisham Pellegrini
Sidley Austin LLP
1501 K Street NW
Washington, DC 20005
(202) 736-8000
(202) 736-8711 (facsimile)
thynes@sidley.com
ratkins@sidley.com
epellegrini@sidley.com

Respectfully submitted,

/s/ Lawrence D. Silverman
Lawrence D. Silverman (Fla. Bar No. 7160)
Sidley Austin LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
(305) 391-5100
(305) 391-5101 (facsimile)
lawrence.silverman@sidley.com

*Counsel for Plaintiff Brightline Trains Florida LLC*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

REQUEST FOR HEARING ................................................................................................. i

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 3

    A.    Legal Framework ................................................................................................. 3

        1.    Railway Labor Act ................................................................................. 3

        2.    Administrative Procedure Act.................................................................. 4

    B.    Factual Background ................................................................................. 4

LEGAL STANDARD.......................................................................................................... 6

ARGUMENT ...................................................................................................................... 6

I.    TWU's counterclaim fails to state a claim.......................................................... 7

    A.    Brightline Florida's decision to pursue judicial review of the NMB's jurisdictional determination is not a violation of the RLA as a matter of law.................................................................................................................. 7

    B.    TWU has not alleged facts that plausibly establish that Brightline Florida is not bargaining in good faith. .......................................................... 12

    C.    The First Amendment bars TWU's counterclaim.................................... 15

II.    The Court should stay TWU's counterclaim pending resolution of Brightline Florida's APA challenge to the NMB's jurisdiction........................................ 17

CONCLUSION.................................................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Sch. of Magnetic Healing v. McAnnulty*,
187 U.S. 94 (1902)......................................................................................................12

*Animal Legal Def. Fund v. U.S. Dep't of Agric.*,
789 F.3d 1206 (11th Cir. 2015) ................................................................................11

*Ass'n of Flight Attendants, AFL-CIO v. Horizon Air Indus., Inc.*,
976 F.2d 541 (9th Cir. 1992) ................................................................................9, 13

*BBX Cap. Corp. v. FDIC*,
No. 17-cv-62317, 2018 WL 6531607 (S.D. Fla. Nov. 14, 2018),
*aff'd sub nom. BBX Cap. v. FDIC*, 956 F.3d 1304 (11th Cir. 2020) ......................19

*Bill Johnson's Rests., Inc. v. N.L.R.B.*,
461 U.S. 731 (1983)........................................................................................15, 16, 17

*Brasil v. Sec'y, Dep't of Homeland Sec.*,
28 F.4th 1189 (11th Cir. 2022) ................................................................................11

*Chi. & N.W. Ry. v. United Transp. Union*,
402 U.S. 570 (1971).................................................................................10, 14, 15, 17

*Clinton v. Jones*,
520 U.S. 681 (1997)....................................................................................................18

*Dart v. United States*,
848 F.2d 217 (D.C. Cir. 1988) ..................................................................................12

*Delpro Co. v. Bhd. Ry. Carmen of U. S. &Canada*,
519 F. Supp. 842 (D. Del. 1981)..........................................................9, 10, 17, 19

*Delpro Co. v. Bhd. Ry. Carmen of U. S. & Canada, AFL-CIO*,
676 F.2d 960 (3d Cir. 1982)................................................................................10, 11

*Detroit & Toledo Shore Line R.R. Co. v. United Transp. Union*,
396 U.S. 142 (1969)......................................................................................................3

*Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Const. Trades Council*,
485 U.S. 568 (1988)....................................................................................................15

*FC Summers Walk, LLC v. Town of Davidson*,
No. 3:09-cv-266, 2010 WL 323769 (W.D.N.C. Jan. 20, 2010)..............................12

*Friedman v. Collection LLC*,
No. 18-cv-20348, 2019 WL 13237812 (S.D. Fla. July 23, 2019) ..........................................19

*Gillick v. Willey*,
No. 4:19-cv-3095, 2020 WL 5017291 (E.D. Mo. Aug. 25, 2020) ..........................................18

*Hart v. Charter Commc'ns, Inc.*,
No. 17-cv-556, 2019 WL 7940684 (C.D. Cal. Aug. 1, 2019) ................................................18

*Herrera v. Command Sec. Corp.*,
837 F.3d 979 (9th Cir. 2016) .................................................................................................13

*Hornady v. Outokumpu Stainless USA, LLC*,
118 F.4th 1367 (11th Cir. 2024) ......................................................................................6, 13

*Ingram v. Kubik*,
30 F.4th 1241 (11th Cir. 2022) ..............................................................................................14

*Int'l Ass'n of Machinists & Aerospace Workers v. Transportes Aereos
Mercantiles Pan Americandos, S.A.*,
924 F.2d 1005 (11th Cir. 1991) ........................................................................................13, 17

*Int'l Longshoremen's Ass'n, AFL-CIO v. N.C. Ports Auth.*,
463 F.2d 1 (4th Cir. 1972) .............................................................................................4, 11, 17

*Johnson & Hardin Co. v. N.L.R.B.*,
49 F.3d 237 (6th Cir. 1995) ....................................................................................................16

*Loper Bright Enters. v. Raimondo*,
603 U.S. 369 (2024)...........................................................................................................4, 12

*In re Lynch*,
No. 22-12584, 2023 WL 6231067 (11th Cir. Sept. 26, 2023) ...............................................18

*Marti v. Iberostar Hoteles y Apartamentos S.L.*,
54 F.4th 641 (11th Cir. 2022) ................................................................................................20

*Murphy Oil USA, Inc. v. N.L.R.B.*,
808 F.3d 1013 (5th Cir. 2015),
*aff'd sub nom. Epic Sys. Corp. v. Lewis*, 584 U.S. 497 (2018)...............................................16

*Newbauer v. Carnival Corp.*,
26 F.4th 931 (11th Cir. 2022) ...........................................................................................6, 14

*In re Nw. Airlines Corp.*,
483 F.3d 160 (2d Cir. 2007).................................................................................................8, 9

*O'Boyle v. Town of Gulf Stream*,
No. 19-cv-80196, 2020 WL 3067660 (S.D. Fla. Mar. 30, 2020) ...........................................19

*Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*,
221 F.3d 1262 (11th Cir. 2000) ...........................................................................................18

*Pegram v. Herdrich*,
530 U.S. 211 (2000) ...............................................................................................................9

*Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*,
508 U.S. 49 (1993) ...............................................................................................................16

*Ry. Lab. Execs. Ass'n v. Bos. & Me. Corp.*,
664 F. Supp. 605 (D. Me. 1987) ...........................................................................................14

*Smith v. Miami-Dade Cnty.*,
621 F. App'x 955 (11th Cir. 2015) .......................................................................................16

*St. Johns Riverkeeper, Inc. v. U.S. Army Corps of Eng'rs*,
462 F. Supp. 3d 1256 (M.D. Fla. 2020) ...............................................................................20

*United Indus. Workers v. Bd. of Trustees of Galveston Wharves*,
400 F.2d 320 (5th Cir. 1968) .................................................................................................8

*United Transp. Union v. Del. & Hudson Ry.*,
977 F. Supp. 570 (N.D.N.Y. 1997) ......................................................................................13

*Veritas v. Cable News Network, Inc.*,
121 F.4th 1267 (11th Cir. 2024) ............................................................................................6

*Virginian Ry. v. Sys. Fed'n No. 40*,
300 U.S. 515 (1937) ..........................................................................................................8, 14

*Werteks Closed Joint Stock Co. v. Vitacost.com, Inc.*,
No. 16-cv-60695, 2016 WL 5076169 (S.D. Fla. Sept. 20, 2016) ..........................................18

*Young v. Grand Canyon Univ., Inc.*,
57 F.4th 861 (11th Cir. 2023) ................................................................................................6

**Statutes and Rules**

5 U.S.C. § 701(a)(1)............................................................................................................12

5 U.S.C. § 702 ......................................................................................................................4

5 U.S.C. § 704 ......................................................................................................................4

5 U.S.C. § 706(2)(C).......................................................................................................4, 17

45 U.S.C. § 151, First ...........................................................................................................3

45 U.S.C. § 152, First ....................................................................................... *passim*

45 U.S.C. § 152, Ninth ........................................................................................3

49 U.S.C. § 22905(b) .........................................................................................17

Fed. R. Civ. P. 12(b)(6)........................................................................................6

**REQUEST FOR HEARING**

Pursuant to Local Rule 7.1(b), Brightline Trains Florida LLC requests oral argument on this motion.  Transport Workers Union of America, AFL-CIO's counterclaim implicates important First Amendment rights and a novel interpretation of a federal statute.  Thus, oral argument would assist the Court.  Brightline Trains Florida LLC estimates that thirty minutes of oral argument is necessary to accommodate affirmative and rebuttal presentations.

## INTRODUCTION

The Railway Labor Act ("RLA") governs labor relations in the railroad and airline industries. The National Mediation Board ("NMB") is an independent federal agency that is assigned certain enumerated functions under the RLA, including investigating and resolving disputes regarding the representation of a covered railroad's employees for purposes of collective bargaining. If the NMB determines that a railroad is a "carrier" and is subject to RLA jurisdiction, an election by secret ballot is conducted, and, depending on the results of the election, the NMB certifies the labor organization selected by the employees as the authorized representative of those employees. Per the RLA, carriers and their employees must then exert every reasonable effort to make and maintain agreements concerning employee compensation, work rules, and working conditions.

In November 2024, the NMB determined that Brightline Trains Florida LLC ("Brightline Florida" or the "Company") was a "carrier" subject to the RLA and asserted jurisdiction over the Company for the purpose of resolving an employee representation dispute. Brightline Florida promptly sought judicial review of the NMB's jurisdictional determination under the Administrative Procedure Act ("APA").

While Brightline Florida's APA suit was pending, and pursuant to an NMB directive and the requirements of the RLA, Brightline Florida helped facilitate an election of its On Board Service Employees. Based on the results of that election, the NMB certified Transport Workers Union of America, AFL-CIO ("TWU") as the authorized representative of these Brightline Florida employees for purposes of collective bargaining. TWU then served a notice to Brightline Florida of its intent to negotiate with the Company over the rates of pay, rules, and working conditions of Brightline Florida's On Board Service Employees. As TWU acknowledges, following receipt of that notice, Brightline Florida agreed to meet with TWU and the bargaining committee of the Company's On Board Service Employees.

Despite "not challeng[ing] Brightline [Florida's] conduct in bargaining," TWU now sues Brightline Florida, alleging that it "violated the RLA which requires carriers and their employees to exert every reasonable effort to make and maintain agreements." According to TWU, Brightline Florida is violating the RLA simply because the Company is exercising its statutory right to challenge the NMB's determination of its own jurisdiction. Nothing in the statutory text or precedent supports such an extreme reading, which would effectively bar a railroad from ever seeking judicial review of whether the RLA applies to it in the first place. Contrary to TWU's novel view, the NMB's jurisdictional determinations are reviewable under the APA and such reviews on their face do not automatically trigger a violation of the Railway Labor Act. Moreover, the First Amendment bars any interpretation of the RLA that would foreclose Brightline Florida's right to seek redress in the courts by filing a claim with a reasonable basis in fact or law. In any event, Brightline Florida's position that it is not subject to the RLA is not dispositive of whether it is complying with its obligation to bargain with TWU during the pendency of its APA challenge. TWU has failed to allege facts sufficient to establish a plausible violation of the RLA's duty to exert every reasonable effort to make and maintain agreements. To the contrary, TWU freely admits that Brightline Florida has agreed to engage in collective bargaining *notwithstanding* its pending challenge to the NMB's jurisdictional determination, and TWU asserts that it does not take issue with Brightline Florida's conduct in such bargaining.

The Court should dismiss TWU's counterclaim for failure to state a claim. Alternatively, the Court should stay TWU's counterclaim pending resolution of Brightline Florida's APA claim challenging the NMB's jurisdictional determination. The Court cannot determine if Brightline Florida violated a provision of the RLA unless and until it determines that Brightline Florida is in fact subject to the RLA. Thus, Brightline Florida's APA claim should logically proceed first.

TWU is an intervenor in the underlying APA case, and therefore will have the opportunity to present its case in favor of the NMB's jurisdictional determination.  If Brightline Florida's jurisdictional challenge prevails, then the RLA does not apply to the Company and TWU's counterclaim is moot.

## BACKGROUND

**A.      Legal Framework**

**1.      Railway Labor Act**

The RLA was originally enacted in 1926 "to encourage collective bargaining by railroads and their employees in order to prevent, if possible, wasteful strikes and interruptions of interstate commerce."  *Detroit & Toledo Shore Line R.R. v. United Transp. Union*, 396 U.S. 142, 148 (1969).  The RLA does not apply to all railroads; rather, for purposes of this case, it applies to "any railroad subject to the jurisdiction of the Surface Transportation Board."  45 U.S.C. § 151, First.  The statute, which was later amended to govern the airline industry as well, provides the procedures that covered railroads ("carriers") and their employees must use for the "negotiation, mediation, voluntary arbitration, and conciliation" of labor disputes.  *Detroit & Toledo Shore Line R.R.,* 396 U.S. at 148–49.  The RLA imposes a "duty" on all carriers and employees subject to the statute "to exert every reasonable effort to make and maintain agreements concerning rates of pay, rules, and working conditions, and to settle all disputes, whether arising out of the application of such agreements or otherwise."  45 U.S.C. § 152, First.  The purpose of this duty is to "avoid any interruption to commerce or to the operation of any carrier growing out of any dispute between the carrier and the employees thereof."  *Id.*

The RLA assigns certain enumerated functions to the NMB.  In the event of a "dispute . . . among a carrier's employees as to who are the representatives of such employees," the NMB must "investigate such dispute," including holding a secret ballot, and certify the representatives of the

carrier's employees.  *Id.* § 152, Ninth.  The carrier must then "treat with the representative so certified as the representative of the craft or class" of employee.  *Id.*  The NMB's jurisdiction, however, is limited to representation disputes involving a "carrier" and its "employees" as those terms are defined in the RLA.  If a railroad is not a "carrier" covered by the RLA, then the NMB "obviously has no jurisdiction."  *Int'l Longshoremen's Ass'n, AFL-CIO v. N.C. Ports Auth.*, 463 F.2d 1, 3 (4th Cir. 1972).

### 2.    Administrative Procedure Act

The APA provides that a person adversely affected by final agency action may seek judicial review of that action in the district courts.  5 U.S.C. §§ 702, 704.  "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action."  *Id.* § 706; *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 391 (2024).  Courts are required to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."  5 U.S.C. § 706(2)(C).

### B.    Factual Background

In August 2024, TWU, a labor union, filed an application with the NMB alleging the existence of a representation dispute involving the On Board Service Employees of Brightline Florida—a railroad that provides intercity passenger rail service between Miami and Orlando, Florida.  ECF No. 46, Counterclaim ¶¶ 2, 6, 9.  TWU asked the NMB to authorize an election by Brightline Florida's On Board Service Employees to determine whether TWU is their collective bargaining representative.  *Id.* ¶ 9.  Brightline Florida disputed the NMB's jurisdiction on the basis that Brightline Florida is not a "carrier" under the RLA.  *See id.* ¶ 10.

In November 2024, the NMB determined that Brightline Florida *is* a carrier subject to the RLA and authorized an election. *Id.* ¶ 12. On December 4, 2024, Brightline Florida brought this action seeking (i) an order setting aside the NMB's jurisdictional determination under the APA and (ii) a judgment declaring that Brightline Florida is not subject to the RLA. *See* ECF No. 1, Compl.; ECF No. 46, Counterclaim ¶ 13.

While Brightline Florida's complaint was pending, a representation election was held. In January 2025, after the employee election was completed and the votes were tallied, the NMB "issued a certification that TWU is the collective bargaining representative under the RLA of Brightline [Florida's] On-Board Service Employees." ECF No. 46, Counterclaim ¶¶ 14–15. TWU then served Brightline Florida with a "Section 6" notice to initiate negotiations "over rates of pay, rules, and working conditions." *Id.* ¶ 16. Brightline Florida "responded to TWU's Section 6 Notice by inquiring about potential dates to meet." *Id.* ¶ 17; *see id.* ¶ 22 (admitting that "Brightline [Florida] has agreed to meet with TWU and the bargaining committee of the Company's On-Board Service Employees").

On February 28, 2025, TWU filed two identical causes of action against Brightline Florida. In this case, TWU moved to intervene to defend the NMB's jurisdictional determination and sought permission to assert a counterclaim against Brightline Florida alleging that the Company violated its duty "to exert every reasonable effort to make and maintain agreements" under the RLA. 45 U.S.C. § 152, First; *see* ECF No. 28. TWU simultaneously filed a complaint alleging the same violation of the RLA in *Transport Workers Union of America, AFL-CIO v. Brightline Trains Florida, LLC*, Docket No. 1:25-cv-20863-DPG (S.D. Fla.). The Court granted TWU's motion to intervene in the above-captioned case, ECF No. 44, and TWU filed its answer and counterclaim on April 2, 2025, ECF No. 46. TWU's counterclaim "do[es] not challenge

Brightline [Florida's] conduct in bargaining," ECF No. 36 at 3; rather, it directly attacks Brightline Florida's decision to seek judicial review in this Court under the APA, *see* ECF No. 46 ¶¶ 22–24.

**LEGAL STANDARD**

To avoid dismissal under Rule 12(b)(6), a complaint must allege "*sufficient* factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Veritas v. Cable News Network, Inc.*, 121 F.4th 1267, 1274 (11th Cir. 2024) (emphasis added) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "'[A] facially plausible claim must allege facts that are more than merely *possible*,' and a plaintiff's factual allegations that are 'merely consistent with a defendant's liability' will not be considered facially plausible." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022) (quoting *Twombly*, 550 U.S. at 555). "In other words, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 867 (11th Cir. 2023) (quoting *Twombly*, 550 U.S. at 545). A claim is only "plausible" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1383 (11th Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and "if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Newbauer*, 26 F.4th at 934 (citations omitted). TWU's counterclaim fails to satisfy this well-established plausibility standard.

**ARGUMENT**

TWU's counterclaim depends on the preposterous notion that a railroad's exercise of its statutory right to seek judicial review of the NMB's jurisdictional determination *by itself* violates the RLA's directive "to exert every reasonable effort" to reach a collective bargaining agreement.

6

That legal theory is meritless.  It is antithetical to the language of the statute and caselaw applying this duty, and it would violate Brightline Florida's First Amendment right to seek redress in the courts.  In any event, TWU's counterclaim does not plausibly allege any failure by Brightline Florida to bargain reasonably, and TWU has expressly disclaimed any reading of its counterclaim to the contrary.  Alternatively, the Court should stay both TWU's counterclaim and resolution of Brightline Florida's motion to dismiss until after issuing a decision on Brightline Florida's challenge to the NMB's determination that Brightline Florida is subject to the RLA, as the outcome of that APA claim may moot TWU's counterclaim.

**I.      TWU's counterclaim fails to state a claim.**

> **A.      Brightline Florida's decision to pursue judicial review of the NMB's jurisdictional determination is not a violation of the RLA as a matter of law.**

The counterclaim asserts that Brightline Florida has violated the RLA, 45 U.S.C. § 152, First, by failing to "exert every reasonable effort to make and maintain agreements and bargain in good faith."  ECF No. 46, Counterclaim at 11.  The sole basis for this counterclaim is that Brightline Florida "has disputed and challenged the NMB's [jurisdictional] decision," thus denying that it is subject to the RLA in the first place.  *Id*.  TWU asserts this counterclaim even as it admits that Brightline Florida has agreed to meet with TWU and the bargaining committee of the Company's On Board Service Employees, *id.* ¶ 22, and it "do[es] not challenge Brightline [Florida's] conduct in bargaining," ECF No. 36 at 3.  In essence, TWU claims that a company merely *seeking* judicial review of an agency determination that the company is subject to the RLA—review which was sought before the employee representation election even took place—*per se* violates the RLA.  TWU's counterclaim essentially places Brightline Florida in a "Catch-22": Brightline Florida can either (1) forfeit its statutory right under the APA to challenge the NMB's jurisdiction and remain in compliance with the RLA or (2) pursue its APA challenge and violate the RLA's duty to exert

all reasonable efforts to make an agreement.  TWU demands that Brightline Florida be "EN-JOIN[ED] . . . from refusing to exert every reasonable effort to make an agreement with TWU." ECF No. 46, Counterclaim at 17 ¶ B.  TWU's clarification that its counterclaim does not challenge Brightline Florida's conduct in bargaining constitutes an admission that Brightline Florida has not "refused" to bargain with TWU.  Accordingly, the only conduct alleged in the counterclaim that TWU could seek to enjoin is Brightline Florida pursuing its APA claim in this Court.  *See* ECF No. 46, Counterclaim at ¶ 22.  Nothing in the RLA or case law supports that result.  The RLA requires a <u>covered</u> carrier "to exert every reasonable effort to make and maintain agreements concerning rates of pay, rules, and working conditions." 45 U.S.C. § 152, First.  It does not and cannot preclude a railroad or a union from asserting claims in court related to the NMB's jurisdictional determination under the statute.

By its plain terms, a carrier that is subject to the RLA must use "reasonable effort" when making and maintaining agreements with its employees.  Courts interpreting the RLA's duty to bargain have concluded it is not an unqualified obligation.  The RLA "does not . . . compel agreement between the employer and employees." *United Indus. Workers v. Bd. of Trustees of Galveston Wharves*, 400 F.2d 320, 324 n.12 (5th Cir. 1968) (quoting *Virginian Ry. v. Sys. Fed'n No. 40*, 300 U.S. 515, 548 (1937)).  Rather, it "command[s] those preliminary steps without which no agreement can be reached." *Id.* (quoting *Virginian Ry.*, 300 U.S. at 548); *In re Nw. Airlines Corp.*, 483 F.3d 160, 168 (2d Cir. 2007).  The courts have defined those preliminary steps to include "requir[ing] the employer to meet and confer with the authorized representative of its employees, to listen to their complaints, to make reasonable effort to compose differences—in short, to enter into a negotiation for the settlement of labor disputes." *Id.* (quoting *Virginian Ry.*, 300 U.S. at 548); *In re Nw. Airlines Corp.*, 483 F.3d at 168.  And courts "must resist finding violations of the

RLA based solely on evidence of hard bargaining, inability to reach agreement, or intransigent positions." *Ass'n of Flight Attendants, AFL-CIO v. Horizon Air Indus., Inc.*, 976 F.2d 541, 545 (9th Cir. 1992).  In other words, the RLA does not require carriers or employees to forfeit all rights, bargaining positions, and defenses and reach an agreement at all costs.

TWU's counterclaim is fundamentally inconsistent with the plain text of the statute and the caselaw interpreting it.  According to TWU, a railroad "cannot comply with" the RLA's "duty to exert every reasonable effort to make an agreement . . . when the Company denies that it is even covered by the RLA."  ECF No. 36 at 3; *see* ECF No. 46, Counterclaim at 17 ¶ A (seeking a declaration that Brightline Florida is in violation of the RLA "because Brightline [Florida] has denied and continues to deny that it . . . [is] covered by the RLA").[1]  But nothing on the face of Section 152, First, imposes an obligation on parties to forfeit other statutory or appellate rights. Such a reading of the statute is inherently unreasonable and irrational.  And, as TWU candidly admits, Brightline Florida's exercise of its rights under the APA has not impeded collective bargaining between the parties given that Brightline Florida *agreed to commence bargaining*.  ECF No. 46, Counterclaim ¶ 17.

TWU's counterclaim is premised on a heightened burden on a carrier's obligation to bargain in good faith that the RLA does not support.  Brightline Florida is aware of no case—and TWU identifies none in its counterclaim—that has interpreted Section 152, First, to preclude a party from seeking judicial review of the NMB's interpretation of its own jurisdiction.  Quite the opposite.  In *Delpro Co. v. Bhd. Ry. Carmen of U. S. & Canada*, 519 F. Supp. 842 (D. Del. 1981), cited in TWU's motion to intervene, a company commenced an APA action for review of the

---

[1] Courts "may use [a plaintiff's] brief to clarify allegations in her complaint whose meaning is unclear." *Pegram v. Herdrich*, 530 U.S. 211, 230 (2000).

NMB's determination that the company was a carrier subject to the RLA, and *refused* to even "commence labor negotiations" until its challenge to the NMB's jurisdictional determination was resolved. *Id.* at 844. The union sued for an order requiring the company "to 'treat,' or bargain, with it as required by the Railway Labor Act." *Id.* at 844–45. The district court first addressed the company's complaint regarding the NMB's jurisdictional determination, and only *after* concluding that the company was subject to the RLA, did the court issue the injunction requested by the union requiring the company to bargain in good faith. *Id.* at 846–49; *see Delpro Co. v. Bhd. Ry. Carmen of U. S. & Canada, AFL-CIO*, 676 F.2d 960, 962 (3d Cir. 1982) (noting that the district court enjoined the company to bargain with the union *three weeks after* ruling that the company was subject to the RLA). On appeal, the Third Circuit held that the NMB's statutory jurisdiction was reviewable and affirmed the district court's conclusion as to the company's carrier status. *Delpro*, 676 F.2d at 962–65. Thus, *Delpro* stands for the commonsense principle that an entity must be properly subject to the RLA before it can be found in violation of the obligations imposed by that statute.

TWU's counterclaim rests on a single case, *Chicago and North Western Railway Company v. United Transportation Union*, 402 U.S. 570 (1971), which stands for the unremarkable proposition that the RLA's duty to bargain is judicially enforceable. *Id.* at 577, 581. That case did not involve a railroad's effort to seek judicial review of an NMB determination; rather, the railroad sought an anti-strike injunction against the union, and the Supreme Court confirmed that such injunctions are permissible. *Id.* at 581–84. In so holding, the Court "intimate[d] no view" on what constitutes a violation of the duty to exert reasonable effort to make and maintain agreements. *Id.* at 574. Nothing in *Chicago and North Western* suggests that a party is forbidden from seeking judicial review of whether it is even subject to the RLA in the first place.

TWU's counterclaim also fails as a matter of law because it functionally insulates the NMB's interpretation of its statutory jurisdiction from judicial review in contravention of the APA and controlling caselaw.  According to TWU, the very act of pursuing an APA challenge results in a violation of the RLA's duty to exert reasonable effort to make and maintain agreements.  ECF No. 46, Counterclaim ¶¶ 22–23.  However, the APA guarantees aggrieved persons access to judicial review of final agency action unless (1) "a statute expressly 'preclude[s] judicial review'" or (2) "the 'agency action is committed to agency discretion by law.'"  *Brasil v. Sec'y, Dep't of Homeland Sec.*, 28 F.4th 1189, 1192 (11th Cir. 2022) (quoting 5 U.S.C. § 701(a)(1)–(2)).  Neither is true here, nor has TWU alleged such.

*Nothing* in the RLA evinces Congress's express intent to strip the federal judiciary of authority to review the NMB's interpretations of its own jurisdiction.  *See Delpro*, 676 F.2d at 962 (explaining that "a decision concerning the [NMB's] own statutory power to act at all should be subject to review absent some clear statutory prohibition"); *Int'l Longshoremen's Ass'n*, 463 F.2d at 3 (clarifying that the RLA "does not 'preclude judicial review' or commit all action by the [NMB] to its discretion," and concluding that the NMB's finding that an entity is a "carrier" is "a jurisdictional issue" and thus "reviewable").  Nor is defining the outer bounds of an agency's statutory jurisdiction the kind of action Congress may "commit[ ] to agency discretion."  *See Brasil*, 28 F.4th at 1192.  A statute only falls within this second category of unreviewable agency action under the APA if "the statute under which the agency acts 'is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion'—that is, where a court would have 'no law to apply.'"  *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 789 F.3d 1206, 1214 (11th Cir. 2015) (quoting *Heckler v. Chaney*, 470 U.S. 821, 830–31 (1985)).  That test cannot be met in the context of interpreting the scope of an agency's statutory authority.  *See Loper*

*Bright*, 603 U.S. at 412 ("Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires.").

Moreover, the Supreme Court has long recognized that the courts "must have power in a proper proceeding to grant relief" when the executive branch acts *ultra vires*. *Am. Sch. of Magnetic Healing v. McAnnulty*, 187 U.S. 94, 110 (1902). "Otherwise, the individual is left to the absolutely uncontrolled and arbitrary action of a public and administrative officer, whose action is unauthorized by any law, and is in violation of the rights of the individual." *Id.* The APA's bar on judicial review in circumstances where another statute precludes judicial review, *see* 5 U.S.C. § 701(a)(1), "does not repeal the review of *ultra vires* actions that was recognized long before, in *McAnnulty*." *Dart v. United States*, 848 F.2d 217, 224 (D.C. Cir. 1988) (describing the legislative history accompanying the APA). TWU's counterclaim would subject Brightline Florida to unlawful agency action without recourse to judicial review. *See FC Summers Walk, LLC v. Town of Davidson*, No. 3:09-cv-266, 2010 WL 323769, at *5 (W.D.N.C. Jan. 20, 2010) ("Due process is violated when the government acts *ultra vires*." (citing *Miller Bros. Co. v. State of Md.*, 347 U.S. 340, 342 (1954)). TWU's counterclaim is therefore not cognizable as a matter of law and should be dismissed.

### B.   TWU has not alleged facts that plausibly establish that Brightline Florida is not bargaining in good faith.

Even taking all factual allegations set forth in TWU's counterclaim as true, TWU has failed to <u>plausibly</u> allege a violation of Brightline Florida's purported duty to exert every reasonable effort to make and maintain agreements with its On Board Service Employees. A claim is "plausible" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hornady*, 118 F.4th at 1383 (quoting *Iqbal*, 556 U.S. at 678). TWU has alleged the following facts: TWU served Brightline Florida with a

"Section 6" notice to initiate negotiations over rates of pay, rules, and working conditions, ECF No. 46, Counterclaim ¶ 16–17, and Brightline Florida "responded to TWU's Section 6 Notice by inquiring about potential dates to meet," *id.* ¶ 17; *see id.* ¶ 22 (admitting that Brightline Florida "agreed to meet with TWU and the bargaining committee of the Company's On-Board Service Employees"). TWU has alleged no other facts related to Brightline Florida's efforts, reasonable or otherwise, to reach an agreement with TWU.

Notably absent from TWU's counterclaim is any suggestion that Brightline Florida has engaged in the type of conduct that courts have found to be violations of Section 152, First's duty to bargain in good faith. For instance, TWU does not allege that Brightline made unilateral changes in working conditions during collective bargaining negotiations. *See Int'l Ass'n of Machinists & Aerospace Workers v. Transportes Aereos Mercantiles Pan Americandos, S.A.*, 924 F.2d 1005, 1009–10 (11th Cir. 1991). TWU does not allege that Brightline Florida refused to bargain with it, engaged in "evasive and dilatory" scheduling tactics, issued "take it or leave it" comments and ultimatums, failed to "entertain proposals or to make counterproposals," or made "numerous derogatory statements . . . about the bargaining process during the negotiations." *See Horizon Air Indus., Inc.*, 976 F.2d at 548; *see United Transp. Union v. Del. & Hudson Ry.*, 977 F. Supp. 570, 576 (N.D.N.Y. 1997) (issuing ultimatums or "take-it-or-leave-it" style bargaining) (collecting cases). Moreover, TWU does not allege that Brightline has "[f]latly refus[ed] to participate" in mediation or other bargaining negotiations. *See Herrera v. Command Sec. Corp.*, 837 F.3d 979, 992 (9th Cir. 2016). Nor does TWU allege that Brightline has engaged in "sandbagging tactics" such as prematurely terminating bargaining conferences. *See Ry. Lab. Execs. Ass'n v. Bos. & Me. Corp.*, 664 F. Supp. 605, 611 (D. Me. 1987).

To the contrary, TWU concedes that Brightline Florida has cooperated with TWU's request to commence bargaining negotiations.  ECF No. 46, Counterclaim ¶¶ 16–17, 22.  Moreover, TWU has repeatedly made clear that its counterclaim "do[es] not challenge Brightline [Florida]'s conduct in bargaining."  ECF No. 36 at 3; *see also* ECF 48-1, Ex. 1 to TWU's Response to Brightline's Motion for Clarification, at 1 ("[A]s I have said, the gravamen of TWU's complaint is not about Brightline [Florida]'s conduct at the bargaining table, but about its denial of RLA coverage. . . ."); ECF No. 50, Tr. 13:12–14 ("[T]he allegations [in TWU's counterclaim] are not regarding Brightline's conduct at the bargaining table. It's about their position that they are not covered by the [RLA]."); *id.* at 8:9–10 ("[W]e are not arguing that Brightline Florida's conduct in bargaining violates the Act.").  All that remains then is TWU's assertion that Brightline Florida's legal position in this case means Brightline Florida "cannot complete negotiations with TWU" and renders it is "impossible" for the Company to exert every reasonable effort to make an agreement with TWU.  ECF No. 46, Counterclaim ¶ 23.  This is nothing more than a conclusory allegation about hypothetical future conduct, which courts must "ignor[e]," *Ingram v. Kubik*, 30 F.4th 1241, 1255 (11th Cir. 2022), when unsupported by "a sufficient factual basis" in a pleading, *Newbauer*, 26 F.4th at 936 (explaining that the "plausibility standard" requires "more than a sheer possibility" of unlawful conduct and stating that a court "does not have to assume the[ ] truth" of conclusory allegations).

Based on TWU's own admissions, Brightline Florida is taking "those preliminary steps without which no agreement can be reached," *Virginian Ry.*, 300 U.S. at 548, and is therefore in compliance with the RLA's duty to exert reasonable effort to make and maintain agreements. TWU has failed to present any facts regarding "the quality of negotiations" with Brightline Florida that would support a plausible claim that Brightline Florida has violated the RLA.  *See Chi. &*

*N.W. Ry.*, 402 U.S. at 575.  Accordingly, TWU's counterclaim should be dismissed for failure to state a claim.

>    **C.**      **The First Amendment bars TWU's counterclaim.**

In any event, the Court must reject TWU's interpretation of Section 152, First, in order to avoid violating Brightline Florida's First Amendment rights.  Under TWU's novel theory, Brightline Florida is failing to exert every reasonable effort to make an agreement in violation of the RLA simply by maintaining its APA challenge.  ECF No. 46, Counterclaim ¶ 23.  TWU seeks a declaratory judgment adopting that interpretation of the statute and an order enjoining Brightline Florida "from refusing to exert every reasonable effort to make an agreement."  *Id.* at 17 ¶¶ A–B. As explained above, TWU's counterclaim thus necessarily seeks to prevent Brightline Florida from maintaining its APA claim in this Court.

An important rule of statutory construction is:  "where an otherwise acceptable construction of a statute would raise serious constitutional problems, the Court will construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress."  *Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Const. Trades Council*, 485 U.S. 568, 575 (1988).  "[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances."  *Bill Johnson's Rests., Inc. v. N.L.R.B.*, 461 U.S. 731, 741 (1983).  Consequently, courts are "sensitive to these First Amendment values in construing" all federal statutes, including labor laws.  *Id.*

In *Bill Johnson's Restaurants*, the Supreme Court considered whether a state-court suit by restaurant owners against certain employees for libel was an unfair labor practice under the National Labor Relations Act ("NLRA").  *Id.* at 734–35.  The Court held that the National Labor Relations Board "may not halt the prosecution of a state-court lawsuit, regardless of the plaintiff's

motive, unless the suit lacks a reasonable basis in fact or law." *Id.* at 748.  In reaching this conclusion, the Court reasoned that the "right of access to a court is too important to be called an unfair labor practice solely on the ground that what is sought in court is to enjoin employees from exercising a protected right." *Id.* at 741.  "A suit has a reasonable basis in law 'if there is any realistic chance that the plaintiff's legal theory might be adopted.'" *Johnson & Hardin Co. v. N.L.R.B.*, 49 F.3d 237, 243 (6th Cir. 1995) (quoting *Bill Johnson's Rests.*, 461 U.S. at 745, 747); *see Murphy Oil USA, Inc. v. N.L.R.B.*, 808 F.3d 1013, 1021 (5th Cir. 2015) (holding a "motion to dismiss and compel arbitration did not constitute an unfair labor practice because it was not 'baseless'" in light of circuit precedent), *aff'd sub nom. Epic Sys. Corp. v. Lewis*, 584 U.S. 497 (2018).

These First Amendment principles permeate other areas of federal law.  For example, the Supreme Court has "construed the antitrust laws as not prohibiting the filing of a lawsuit, regardless of the plaintiff's anticompetitive intent or purpose in doing so, unless the suit was a 'mere sham' filed for harassment purposes." *Bill Johnson's Rests.*, 461 U.S. at 741 (citing *Cal. Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972)); *see Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 65 (1993) (affirming that a copyright action was not a violation of antitrust law because it was "arguably 'warranted by existing law' or at the very least based on an objectively 'good faith argument for the extension, modification, or reversal of existing law'").  And in the context of the Americans With Disabilities Act ("ADA"), a "plaintiff must allege that the lawsuit or counterclaim was filed with a retaliatory motive and was lacking a reasonable basis in fact or law" for the lawsuit to be considered an adverse action in violation of the ADA.  *Smith v. Miami-Dade Cnty.*, 621 F. App'x 955, 960 (11th Cir. 2015) (unpublished) (citing *Bill Johnson's Rests.*, 461 U.S. at 748).  In short, federal laws will not be construed to limit a party's First Amendment access to the courts so long as there is a reasonable basis for the suit.

16

This Court should construe the RLA in conformity with the principles articulated in *Bill Johnson's Restaurants* and its progeny. An analogy between the NLRA and the RLA is "appropriate in this instance because both the RLA and the NLRA require the same 'good faith' bargaining" and that duty is "based on the same underlying policy." *Int'l Ass'n of Machinists & Aerospace Workers*, 924 F.2d at 1009–10 (citing *Chi. & N.W. Ry.*, 402 U.S. at 574–75). Just as the First Amendment "right of access to a court" informs the outer bounds of what constitutes an unfair labor practice in the NLRA context, so too must this "important" right constrain what conduct constitutes a failure to exert every reasonable effort to make and maintain agreements under the RLA. *Bill Johnson's Rests.*, 461 U.S. at 741. The First Amendment applies to federal statutes regardless of whether Congress grants enforcement authority for a statute's obligations to an agency or the courts.

Brightline Florida has a First Amendment right of access to the courts for redress of grievances, and the APA affords Brightline Florida a cause of action in federal court to challenge the NMB's jurisdictional ruling on the basis that the agency has exceeded its statutory authority, 5 U.S.C. § 706(2)(C). *See, e.g.*, *Delpro*, 676 F.2d at 962–63; *Int'l Longshoremen's Ass'n*, 463 F.2d at 3. Brightline Florida's challenge to the NMB's jurisdiction has a reasonable basis in law because the agency committed errors of statutory interpretation in construing the RLA and 49 U.S.C. § 22905(b). *See* ECF No. 1, Compl. ¶¶ 42–47, 53–58. While TWU clearly disagrees with that assessment, it nowhere claims that Brightline Florida's judicial-review action lacks a reasonable basis in law. In turn, TWU's legal theory must fail.

## II. The Court should stay TWU's counterclaim pending resolution of Brightline Florida's APA challenge to the NMB's jurisdiction.

Alternatively, the Court should reserve judgment on this motion to dismiss and instead stay TWU's counterclaim pending the Court's ruling on Brightline Florida's APA challenge to the

NMB's jurisdictional determination.  A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) ("A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court.").  "Stays of proceedings can promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions." *Werteks Closed Joint Stock Co. v. Vitacost.com, Inc.*, No. 16-cv-60695, 2016 WL 5076169, at *3 (S.D. Fla. Sept. 20, 2016) (Gayles, J.) (citing *Clinton*, 520 U.S. at 706).

"Where a court stays proceedings on its own docket, such action is under the court's inherent powers to regulate the administration of its own business." *In re Lynch*, No. 22-12584, 2023 WL 6231067, at *4 (11th Cir. Sept. 26, 2023) (per curiam) (nonprecedential).  "Unlike a stay of an order or judgment, a stay of proceedings does not require the court to interfere with the authority of another court or administrative agency," *Hart v. Charter Commc'ns, Inc.*, No. 17-cv-556, 2019 WL 7940684, at *4 (C.D. Cal. Aug. 1, 2019), and thus the traditional factors applicable to injunctive relief and stays of judgments or orders do not apply, *Gillick v. Willey*, No. 4:19-cv-3095, 2020 WL 5017291, at *2 (E.D. Mo. Aug. 25, 2020) (collecting cases); *see Werteks*, 2016 WL 5076169, at *3 (noting that "*some* courts examine" the traditional factors in deciding whether to issue a stay but not applying those factors in determining whether to stay the proceeding before the Court (emphasis added)).  Instead, district courts "may consider" other factors when evaluating a request for a stay of proceedings before them, "including prejudice to the non-moving party, whether the requested stay would simplify and clarify the issues, and whether the potential stay would reduce the burden of litigation on the parties." *O'Boyle v. Town of Gulf Stream*, No. 19-cv-80196, 2020

WL 3067660, at *2 (S.D. Fla. Mar. 30, 2020) (citation omitted); *see also Friedman v. Collection LLC*, No. 18-cv-20348, 2019 WL 13237812, at *1 (S.D. Fla. July 23, 2019) (citation omitted).

A stay of TWU's counterclaim is warranted here. *First*, a stay will promote judicial economy because resolution of TWU's counterclaim as to whether Brightline Florida violated the RLA relies entirely on the Court's decision as to whether Brightline Florida is in fact even subject to the RLA. If Brightline Florida receives a judgment in its favor on its APA claim, it necessarily means that it is not subject to the RLA's duty to exert every reasonable effort to make and maintain agreements and would moot TWU's counterclaim. On the other hand, if Brightline Florida were to lose its APA challenge, a decision can then be made as to whether TWU's counterclaim is still ripe and whether it should proceed. In order for the Court to determine whether Brightline Florida violated the RLA, it must first determine if the RLA applies to Brightline Florida in the first instance. *Cf. Delpro*, 519 F. Supp. at 844–45.

*Second*, no harm will flow to TWU from a stay of its counterclaim. Brightline Florida has already expressed its willingness to engage in collective bargaining during the pendency of this case, as TWU freely admits. Brightline Florida did not oppose TWU's intervention as an intervenor-defendant in this case, *see* ECF No. 34 at 4, which provides TWU the opportunity to vindicate its interests by defending the NMB's jurisdictional determination. And addressing the APA claim first will not meaningfully delay resolution of TWU's counterclaim. In an APA case, "the district judge sits as an appellate tribunal, and the entire case on review is a question of law." *BBX Cap. Corp. v. FDIC*, No. 17-cv-62317, 2018 WL 6531607, at *4 (S.D. Fla. Nov. 14, 2018) (cleaned up) (citation omitted), *aff'd sub nom. BBX Cap. v. FDIC*, 956 F.3d 1304 (11th Cir. 2020). An APA challenge can therefore be resolved efficiently through summary judgment motions based on the official agency record. *St. Johns Riverkeeper, Inc. v. U.S. Army Corps of Eng'rs*, 462 F. Supp. 3d

1256, 1270 n.6 (M.D. Fla. 2020).  Finally, any stay of TWU's counterclaim will be of reasonable duration—only for such time as the Court requires to rule on the parties' motions for summary judgment on the APA claim.  *See Marti v. Iberostar Hoteles y Apartamentos S.L.*, 54 F.4th 641, 649 (11th Cir. 2022) (explaining that appellate courts "will rarely interfere with stay orders" so long as "its force will be spent within reasonable limits" (citation omitted)).

The Court should therefore consider staying this proceeding as to TWU's counterclaim against Brightline Florida pending resolution of the APA claim as to the NMB's jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court should dismiss TWU's counterclaim against Bright-line Florida for failing to bargain in good faith.  Alternatively, the Court should stay further proceedings on TWU's counterclaim pending resolution of the APA challenge to the NMB's jurisdictional determination.

April 23, 2025                                                 Respectfully submitted,

                                                                       /s/ Lawrence D. Silverman
Terence M. Hynes                                       Lawrence D. Silverman (Fla. Bar No. 7160)
Raymond A. Atkins                                     Sidley Austin LLP
Ellen Crisham Pellegrini                            1001 Brickell Bay Drive, Suite 900
Sidley Austin LLP                                       Miami, FL 33131
1501 K Street NW                                       (305) 391-5100
Washington, DC 20005                             (305) 391-5101 (facsimile)
(202) 736-8000                                           lawrence.silverman@sidley.com
(202) 736-8711 (facsimile)
thynes@sidley.com
ratkins@sidley.com
epellegrini@sidley.com

*Counsel for Plaintiff Brightline Trains Florida LLC*

20

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 23rd day of April 2025, I electronically filed the

foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing

document was served, by the Court's electronic filing system, to all counsel of record.

 /s/ Lawrence D. Silverman

Lawrence D. Silverman (Fla. Bar No. 7160)