UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

| | |
|---|---|
| BRIGHTLINE TRAINS FLORIDA LLC,<br><br>         Plaintiff,<br><br>  v.<br><br>NATIONAL MEDIATION BOARD,<br><br>         Defendant,<br><br>  and<br><br>TRANSPORT WORKERS UNION OF AMERICA,<br><br>         Intervenor. | Case No. 1:24-CV-24734-DPG |

**BRIGHTLINE TRAINS FLORIDA LLC'S REPLY
IN SUPPORT OF MOTION TO DISMISS**

## INTRODUCTION

Transport Workers Union of America, AFL-CIO's ("TWU's") counterclaim advances a cause of action against Brightline Trains Florida LLC ("Brightline Florida") that has no basis in fact or in law. TWU argues that Brightline Florida's exercise of its statutory and First Amendment rights to seek review of the NMB's determination that Brightline Florida is subject to the Railway Labor Act ("RLA") "renders it impossible," as a matter of law, for Brightline Florida to comply with its obligation under the RLA to exert every reasonable effort to make and maintain agreements. But nothing in the text of the RLA, nor the caselaw interpreting it, supports TWU's novel claim. TWU's scant factual allegations likewise offer no support. TWU's position would foreclose a company such as Brightline Florida from seeking review of an agency action regarding statutory jurisdiction without violating the statute—a statute that this Court may ultimately determine never applied to the company in the first place. The Court should reject TWU's draconian reading of the RLA, and grant Brightline Florida's motion to dismiss.

## ARGUMENT

**I.    The Court Should Dismiss TWU's Counterclaim.**

**A.    TWU's counterclaim fails to state a plausible claim for relief.**

The "touchstone of complaint sufficiency is not possibility but rather plausibility." *Hoesterey v. EMC Mortg. Corp.*, No. 08-cv-80665, 2008 WL 11411383, at *2 (S.D. Fla. Nov. 13, 2008). "'[A] facially plausible claim must allege facts that are more than merely *possible*,' and . . . factual allegations that are 'merely consistent with a defendant's liability' will not be considered facially plausible." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is "plausible" only if "the plaintiff pleads factual content that allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1383

(11th Cir. 2024) (emphasis added) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Newbauer*, 26 F.4th at 934 (citations omitted). TWU's counterclaim has utterly failed to meet this standard.

A carrier subject to the RLA is required "to exert every reasonable effort to make and maintain agreements concerning rates of pay, rules, and working conditions." 45 U.S.C. § 152, First. TWU acknowledges that the way "courts must assess whether a party has 'engaged in reasonable efforts' or has 'merely gone through the motions'" is by assessing "the quality of negotiations." ECF No. 62, Opp. at 5 (quoting *Ass'n of Flight Attendants, AFL-CIO v. Horizon Air Indus., Inc.*, 976 F.2d 541, 545 (9th Cir. 1992)). In other words, "some inquiry into the substance of the negotiations is inescapable" when evaluating a party's compliance with RLA § 152, First. *Ass'n of Flight Attendants*, 976 F.2d at 545. The purpose of this inquiry is to determine whether proposals in collective bargaining "were of such a nature as to indicate an intention not to reach an agreement at all." *Id.*

In its counterclaim, TWU alleges just two facts regarding the collective bargaining process—(1) that TWU served Brightline Florida with a "Section 6" notice to *initiate* negotiations over rates of pay, rules, and working conditions and (2) that Brightline Florida "responded to TWU's Section 6 Notice by inquiring about potential dates to meet." ECF No. 46, Counterclaim ¶¶ 16–17; *see id.* ¶ 22 (admitting that Brightline Florida "agreed to meet with TWU and the bargaining committee of the Company's On-Board Service Employees"). The counterclaim alleges no other *facts* regarding the actual bargaining process or Brightline Florida's efforts to reach an agreement with TWU. See ECF No. 58, Br. at 13. In fact, TWU's counterclaim is silent as to

2

whether any negotiations have taken place, whether TWU has presented any proposals to Brightline Florida, or whether (and how) Brightline Florida responded to those proposals.

The scope of review at the motion to dismiss stage is "limited to the four corners of the complaint." *Sebastian v. Ortiz*, 918 F.3d 1301, 1307 (11th Cir. 2019). Therefore, taking as true only those allegations set forth in TWU's counterclaim, TWU has utterly failed to establish a sufficient factual basis upon which the Court could possibly infer that Brightline Florida is merely "going through the motions" in the bargaining process in violation of the RLA. ECF No. 62, Opp. at 6. To the contrary, TWU has repeatedly and unequivocally acknowledged that it "do[es] not challenge Brightline [Florida's] conduct in bargaining." ECF No. 36 at 3; *see also* ECF 48-1 at 1 ("[A]s I have said, the gravamen of TWU's complaint is not about Brightline [Florida]'s conduct at the bargaining table, but about its denial of RLA coverage[.]"); ECF No. 50, Tr. 13:12–14 ("[T]he allegations [in TWU's counterclaim] are not regarding Brightline's conduct at the bargaining table. It's about their position that they are not covered by the [RLA]."); *id.* at 8:9–10 ("[W]e are not arguing that Brightline Florida's conduct in bargaining violates the Act."). Far from demonstrating that Brightline Florida "has failed to exert every reasonable effort in bargaining," TWU's admissions establish that Brightline Florida has in fact responded to requests made by TWU to meet and that there has been nothing objectionable in Brightline Florida's conduct in bargaining to date.

Thus, all that remains is TWU's baseless assertion that as long as Brightline Florida's APA suit challenging the National Mediation Board's ("NMB's") jurisdictional determination is pending, Brightline Florida "cannot complete negotiations with TWU for an RLA collective bargaining agreement." ECF No. 46, Counterclaim ¶ 23. TWU does not allege that Brightline Florida has refused to participate in negotiations, nor has it alleged that Brightline Florida has failed to engage

3

with TWU in a reasonable manner. No, instead, all that TWU asserts is that the pendency of Brightline Florida's challenge to the NMB's jurisdictional decision makes it "impossible" for Brightline Florida to comply with the RLA's duty to exert every reasonable effort to make an agreement in any *future* negotiations. *Id.* And, according to TWU, that barebones assertion is sufficient to survive Rule 12 scrutiny because (according to TWU) the "threshold for allegations necessary to support" its RLA claim "is low." ECF No. 62, Opp. at 6, 8.[1] TWU has walked back slightly its assertion in the companion case that "[t]he threshold for allegations necessary to support a Section 2 First claim . . . simply requires that a party *allege* that the other party has failed to exert every reasonable effort in bargaining." ECF No. 23 at 7, *Transp. Workers Union of America, AFL-CIO v. Brightline Trains Florida LLC ("TWU")*, No. 1:25-cv-20863 (emphasis added). Instead, TWU now contends that the requirement is just for a party to "*show* that the other party has failed to exert every reasonable effort in bargaining," ECF No. 62, Opp. at 6 (emphasis added) (substituting "show" for "allege"). Not only has TWU once again gotten the pleading requirement wrong, it has failed to meet even the low burden it has set for itself. TWU has not *shown* anything about Brightline Florida's bargaining, let alone the quality of that bargaining, because TWU has not even alleged in its counterclaim that any bargaining has yet occurred between the two parties. TWU's allegations are nothing more than conclusory statements about hypothetical future conduct, which courts must "ignor[e]," *Ingram v. Kubik*, 30 F.4th 1241, 1255 (11th Cir. 2022), when unsupported by "a sufficient factual basis" in a pleading, *Newbauer*, 26 F.4th at 936.

---

[1] TWU's sole authority for this proposition is *Air Line Pilots Association International v. Transamerica Airlines, Inc.*, 817 F.2d 510, 512 (9th Cir. 1987), which applied now defunct "no set of facts" pleading standard. *See* ECF No. 62, Opp. at 6–7; *cf. Twombly*, 550 U.S. at 561, 563 (The "no set of facts" standard "has earned its retirement[.]").

In addition, even if TWU is correct that "treating with" and "bargaining in good faith" are different obligations with different governing standards under the RLA, *see* ECF No. 62, Opp. at 10–11, this distinction only underscores the deficiencies in TWU's counterclaim. TWU's own cited authorities confirm that finding an employer has failed to bargain in good faith requires "consider[ation of] the substance of negotiations 'to determine whether they were of such a nature as to indicate an intention not to reach an agreement at all' and were merely 'go[ing] through the motions with a desire not to reach an agreement.'" *Herrera v. Command Sec. Corp.*, 837 F.3d 979, 992 (9th Cir. 2016) (some alterations in original) (quoting *Ass'n of Flight Attendants*, 976 F.2d at 544–45, 547). But TWU's counterclaim is utterly devoid of allegations concerning the existence of any negotiations, let alone the character of Brightline Florida's negotiations. Nor has TWU alleged that Brightline Florida refused to participate in negotiations—as was the case in *Delpro* discussed *infra*—due to its belief that the NMB's jurisdictional determination was erroneous. TWU's counterclaim instead amounts to nothing more than unsupported conjecture regarding the future course of negotiations wrapped in a recitation of the statutory language. Based on the record, TWU's counterclaim is, at best, premature because there are no *facts* concerning bargaining on which relief could be granted. The "plausibility standard" requires "more than a sheer possibility" of unlawful conduct and a court "does not have to assume the[ ] truth" of conclusory allegations. *Newbauer*, 26 F.4th at 936 (citation omitted).

**B. TWU's RLA counterclaim fails as a matter of law and contravenes Brightline Florida's right to access the courts.**

Even if TWU's allegation that Brightline Florida's APA claim on its own gives rise to a violation of the RLA was sufficiently plausible as a factual matter—and it is not—TWU's counterclaim would still fail to state a claim as a matter of law. TWU's theory of liability has no basis in the statute, which requires a carrier subject to the RLA to use "reasonable effort" when making

5

and maintaining agreements with its employees, 45 U.S.C. § 152, First. The statute does **not** mandate that a railroad must forfeit its statutory and appellate rights in order to satisfy its RLA obligations, *see* ECF No. 58, Br. at 8–9. To permit TWU's counterclaim to move forward, the Court would have to find that bringing an APA challenge to the NMB's jurisdiction renders a party's negotiations, including any future negotiations, "in bad faith" regardless of any facts regarding the actual quality of the negotiations. *Air Line Pilots Ass'n Int'l v. Spirit Airlines, Inc.*, No. 08-CV-13785, 2009 WL 1803236, at *7 (E.D. Mich. June 18, 2009). Such an interpretation would be patently unreasonable, and would result in an automatic finding that a railroad violated a statute that a court may later find the railroad was never subject to in the first place. Brightline Florida is aware of no case, and TWU identifies none, that holds a railroad violates the RLA's obligation to exert every reasonable effort to make an agreement with its employees simply by challenging the NMB's jurisdictional determination. *See* ECF No. 58, Br. at 9–10.

TWU's counterclaim would also subject Brightline Florida to unlawful agency action without recourse to judicial review in violation of the First Amendment, the APA, and the *McAnnulty* doctrine. *See* ECF No. 58, Br. at 11–12, 15–17. Despite TWU's protestations to the contrary, Supreme Court caselaw is clear that federal laws may not bar prosecution of a claim, "regardless of the plaintiff's motive, unless the suit lacks a reasonable basis in fact or law." *Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 748 (1983). "[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." *Id.* at 741 (citing *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972)). It makes no difference whether Congress grants authority to enforce a statute's obligations to an agency (*e.g.*, National Labor Relations Act) or to the courts (*e.g.*, RLA). Because Brightline Florida's APA claim has a

6

reasonable basis in law, *see* ECF No. 58, Br. at 16–17—a point TWU never disputes—Brightline Florida has a First Amendment right to maintain that suit.

The two cases TWU relies on as support for why its counterclaim does not run afoul of the First Amendment are easily distinguishable from the present situation because neither involves a union's claim that the employer was violating the RLA based solely on the fact that the employer had brought an APA challenge. In *Delpro Company v. Brotherhood Railway Carmen of the United States and Canada*, the union sought preliminary (and later permanent) injunctive relief "to compel Delpro to *commence labor negotiations* and to provide the [union] with information needed for purposes of collective bargaining" in compliance with RLA's duty to treat with the union. 519 F. Supp. 842, 845 (D. Del. 1981) (emphasis added), *aff'd*, 676 F.2d 960 (3d Cir. 1982). And the union in *International Longshoremen's Association, AFL-CIO v. North Carolina State Ports Authority* sought a preliminary injunction requiring the railroad "*to enter into* good faith *negotiations*" in compliance with the RLA's duty to exert every reasonable effort in bargaining. 463 F.2d 1, 2 (4th Cir. 1972) (emphasis added). Here, TWU has not alleged that Brightline Florida refused to commence or enter into labor negotiations, declined to provide information needed to facilitate collective bargaining, or otherwise acted in bad faith. Rather, TWU has taken the extreme position that a railroad's decision to access the courts *is the source of the RLA violation itself*. That view is both unsupported by *Delpro* and *International Longshoremen's Association* and in direct conflict with Brightline Florida's First Amendment rights.

Finally, TWU says that Brightline Florida's First Amendment concern is unfounded because TWU is not seeking to prevent Brightline Florida from having its APA claim adjudicated by this Court. ECF No. 62, Opp. at 13–14. That view is simply not consistent with the relief sought in the counterclaim. *See* ECF No. 58, Br. at 7–8. But even accepting TWU's disavowal of its

7

request for injunctive relief, the counterclaim still seeks a declaratory judgment that Brightline Florida's choice to exercise its right to judicial review was unlawful. ECF No. 46, Counterclaim at 11 ("the Company has disputed and challenged the NMB's decision . . ., so it has therefore violated RLA Section 2 First (45 U.S.C. § 152 First)"). TWU's requested relief thus runs afoul of the First Amendment.

## II.     A Stay of TWU's Claim Is Appropriate.

TWU argues that a stay is not warranted here because Brightline Florida has not satisfied the traditional four-factor test used in evaluating requests for injunctive relief. ECF No. 62, Opp. at 19. On this point, TWU again misrepresents this Court's decision in *Werteks Closed Joint Stock Co. v. Vitacost.com, Inc.*, No. 16-cv-60695, 2016 WL 5076169 (S.D. Fla. Sept. 20, 2016) (Gayles, J.). In *Werteks*, the Court noted that "*some* courts examine" the traditional four-factor test for injunctive relief in deciding whether to issue a stay. 2016 WL 5076169, at *3 (emphasis added). But, contrary to TWU's assertion, the Court in *Werteks* did not hold that a movant "must satisfy" the four factors in order to be granted a stay, nor did the Court rigidly apply those factors, ECF No. 62, Opp. at 19.

Brightline Florida is requesting a stay of TWU's counterclaim only until Brightline Florida's APA claim can be resolved by the Court. The Supreme Court has noted that a district court's authority to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998); *see CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (similar). Brightline Florida has been unable to identify any Supreme Court, Eleventh Circuit, or Southern District of Florida decision holding that the traditional preliminary injunction factors must be satisfied before a

8

court can issue such a routine housekeeping stay based on judicial economy and docket management. And TWU acknowledges that district courts in this circuit have taken different approaches. *See* ECF No. 62, Opp. at 19.

Here, a stay of TWU's claim is appropriate in order to avoid wasting the Court's or the parties' resources briefing TWU's RLA counterclaim. Most importantly, the Court must necessarily decide whether Brightline Florida is subject to the RLA before the Company can be found to have violated that statute. *See* ECF No. 58, Br. at 19. TWU wrongly asserts that "the facts and legal arguments" pertaining to Brightline Florida's APA claim and TWU's RLA counterclaim "will be essentially the same" such that no judicial or party resources will be wasted. ECF No. 62, Opp. at 20. As Brightline Florida has repeatedly explained throughout this proceeding, its APA claim focuses on whether the National Mediation Board correctly concluded Brightline Florida is an RLA "carrier" based on a closed administrative record. Resolution of TWU's counterclaim, on the other hand, will rely entirely on what factually occurred between the NMB's decision and the close of the administrative record and TWU's filing of its counterclaim, and the legal arguments will rest on completely different RLA provisions and case law. *See* ECF No. 55 at 4–5. As such, defending against TWU's counterclaim will require separate briefing and argument. That effort is entirely unnecessary because resolution of the APA claim may moot TWU's counterclaim. There is simply no need to expend resources evaluating the merits of TWU's RLA counterclaim until the threshold issue of the NMB's jurisdiction is resolved.

TWU also cannot (and does not) seriously argue that harm will flow to TWU from a stay, as TWU has already acknowledged that Brightline Florida has agreed to participate in collective bargaining. *See* ECF No. 62, Opp. at 20. Nor will a stay of the counterclaim impair TWU's

9

ability to participate in briefing on the APA claim challenging the NMB's jurisdictional determination as an intervenor. A stay will thus simplify the issues and potentially reduce the burden of litigation on the parties all without prejudicing TWU. *See O'Boyle v. Town of Gulf Stream*, No. 19-cv-80196, 2020 WL 3067660, at *2 (S.D. Fla. Mar. 30, 2020).

## CONCLUSION

The Court should dismiss TWU's counterclaim against Brightline Florida or, alternatively, stay the counterclaim pending resolution of Brightline Florida's APA challenge to the NMB's jurisdictional determination.

May 14, 2025

Terence M. Hynes
Raymond A. Atkins
Ellen Crisham Pellegrini
Sidley Austin LLP
1501 K Street NW
Washington, DC 20005
(202) 736-8000
(202) 736-8711 (facsimile)
thynes@sidley.com
ratkins@sidley.com
epellegrini@sidley.com

Respectfully submitted,

 /s/ Lawrence D. Silverman
Lawrence D. Silverman (Fla. Bar No. 7160)
Sidley Austin LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
(305) 391-5100
(305) 391-5101 (facsimile)
lawrence.silverman@sidley.com

*Counsel for Plaintiff Brightline Trains Florida LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 14th day of May 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document was served, by the Court's electronic filing system, to all counsel of record.

      /s/ Lawrence D. Silverman
    Lawrence D. Silverman (Fla. Bar No. 7160)